THIMESCH LAW OFFICE, PLC
TIMOTHY S. THIMESCH, ESQ., no. 148213
*tim@thimeschlaw.com*
4413 Black Walnut Ct.
Concord, CA 94521-4319
Tel: 925/588-0401
Fax: 888/210-8868

Attorneys for Plaintiff ROSS LONG

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSS LONG,<br><br>    Plaintiff,<br><br>v.<br><br>GOOD NITE INN ROHNERT PARK, INC.;<br>GOOD NITE INN MANAGEMENT, INC.;<br>CITY OF ROHNERT PARK; ACV GGB<br>PROPCO, LLC; GOLDEN GATE BELL,<br>LLC; GOLDEN GATE BELL<br>RESTAURANT HOLDINGS, LLC;<br>DIVERSIFIED RESTAURANT GROUP,<br>LLC; DONALD DAVIS; BEVERLY DAVIS;<br>CARY M. TOZER; DORIS V. TOZER; GHAI<br>MANAGEMENT SERVICES, INC.;<br>QUIKSERVE ENTERPRISES, INC.; and<br>DOES 9 through 35, Inclusive,<br><br>    Defendant.                          / | Case No. <u>19-cv-00079-RS</u><br>Civil Rights<br><br>Related Case: 4:18-CV-04604-RS<br><br>**FIRST AMENDED COMPLAINT FOR<br>INJUNCTIVE & DECLARATORY<br>RELIEF AND DAMAGES:** DENIAL OF<br>CIVIL RIGHTS OF A DISABLED PERSON<br>IN VIOLATION OF THE AMERICANS<br>WITH DISABILITIES ACT OF 1990, AND<br>CALIFORNIA'S DISABLED RIGHTS<br>STATUTES<br><br>[Intradistrict Assignment: San Francisco/<br>Oakland] |

Comes now plaintiff ROSS LONG and alleges:

1.    He appears on behalf of himself and all other similarly-situated persons with disabilities.

2.    He hereby complains of the following defendants:

    a.    GOOD NITE INN ROHNERT PARK, INC., a domestic company, aka Good-Nite Inn Rohnert Park, Inc. ("Good-Nite"), and doing business under that name;

    b.    GOOD NITE INN MANAGEMENT, INC., a domestic company ("Management Company");

    c.    ACV GGB PROPCO, LLC, a domestic entity ("ACV" or "TB Landlord");

First Amended Complaint for Equitable Relief and Damages:
Case No. 19-cv-00079-RS

d.   DIVERSIFIED RESTAURANT GROUP, LLC, a domestic entity, dba aka Taco Bell Franchise 30936 ("Diversified");

e.   CITY OF ROHNERT PARK ("City");

f.   BEVERLY DAVIS, or her successor, as a trustee of the Donald L. Davis and Beverly G. Davis 1997 Trust, substituted in place of formerly-named DOE 1;

g.   DONALD DAVIS, or his successor, as a trustee of the Donald L. Davis and Beverly G. Davis 1997 Trust, substituted in place of formerly-named DOE 2;

h.   CARY M. TOZER, or her successor, as a trustee of the Tozer Family Trust dated January 4, 1990, substituted in place of formerly-named DOE 3;

i.   DORIS V. TOZER, or her successor, as a trustee of the Tozer Family Trust dated January 4, 1990, substituted in place of formerly-named DOE 4;

j.   Hereafter, trustees BEVERLY DAVIS, DONALD DAVIS, CARY M. TOZER; DORIS V. TOZER; and remaining DOES and/or their successor trustees; will be referred to collectively as the Burger King Landlord or "BK Landlord;"

k.   GHAI MANAGEMENT SERVICES, INC., a domestic entity, which is substituted in place of formerly-named DOE 5 ("Ghai");

l.   QUIKSERVE ENTERPRISES, INC., a domestic entity, which is substituted in place of formerly-named DOE 6 ("Quikserve");

m.   Hereafter, Ghai and Quickserve, and remaining DOES and/or their successors will be referred to collectively as the Burger King Tenant or "BK Tenant;"

n.   GOLDEN GATE BELL, LLC, a domestic entity, which is substituted that entity as a named-defendant in place of DOE 7;

o.   GOLDEN GATE BELL RESTAURANT HOLDINGS, LLC, a domestic entity, which is substituted that entity as a named-defendant in place of DOE 8;

p.   Hereafter, Diversified, Golden Gate, and Golden Gate Holdings, and remaining DOES and/or their successors will be referred to collectively as the "TB Tenant;"

q.   Remaining DOES 9 through 35, Inclusive ("DOES").

3.   All facts herein are alleged to be true on the date of incident and through time of filing

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

First Amended Complaint for Equitable Relief and Damages:
Case No. 19-cv-00079-RS

— 2 —

1  this complaint.

2  4.   To assist court and counsel, plaintiff provides the following table of contents:

3  **TABLE OF CONTENTS**

I.    Introduction ................................................................................6
II.   Jurisdiction and Venue .................................................................8
III.  Parties & Facts ...........................................................................8
      A.  Long ...................................................................................8
      B.  Plaintiff's Counsel ..............................................................10
      C.  Defendants .........................................................................11
      D.  Website ..............................................................................16
      E.  The Property .......................................................................16
      F.  Construction Work ..............................................................17
      G.  Absence of Defenses ...........................................................19
      H.  Standing ............................................................................22
      I.  Damages ............................................................................24
      J.  Violations ..........................................................................25

          a.   Website ........................................................................25

          b.   Site Arrival Facilities ...................................................33

               i.    From Boundary ......................................................26
               ii.   Passenger Drop-Off and Loading Area ......................28
               iii.  Parking Facilities
                     (1)  Lot Entrance ...................................................28
                     (2)  Scoping – Number of Designated Disabled Accessible Spaces
                          (a)  Van Spaces ............................................29
                          (b)  Overall Number of Designated Spaces ........11
                          (c)  Equitable Disbursement .............................30
                     (3)  Configuration ...................................................12

          c.   Guestrooms

               i.    Scoping
                     (1)  Increase ........................................................33
                     (2)  Roll-In Showers .............................................34
                     (3)  Tubs .............................................................35
                     (4)  Communication Features ..................................35
                     (5)  Dispersion .....................................................36
                     (6)  Other Amenities .............................................37
                     (7)  Standard, Non-Mobility-Equipped Guestrooms ...............................38

               ii.   Common Conditions within the Existing Mobility Inventory

                     (1)  Entrance
                          (a)  Signage
                               (i)    ADA Signage ...................................39
                               (ii)   Evacuation .....................................39
                          (b)  Threshold
                               (i)    Height ...........................................40
                               (ii)   Stable, Firm & Slip Resistant.............41
                               (iii)  Peep Hole......................................42
                          (c)  Hardware

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

         (i)  Security Latch ...................................................................43
         (ii) Slide-Reader & Deadbolt Assembly.....................................43
            (A) Height ...................................................................43
            (B) Operation .............................................................44

(2) Windows
    (a) Drape Pulls
        (i)  Height ...........................................................................44
        (ii) Operation of Pulls .......................................................45
    (b) Window Hardware .................................................................46
    (c) Operation of Windows ..........................................................46

(3) Bedroom
    (a) Controls
        (i)  Lighting ........................................................................47
        (ii) HVAC ..........................................................................48
    (b) Furniture
        (i)  Desk
            (I)   Kneespace ......................................................49
            (II)  Charging Port .................................................50
        (ii) Bed
            (I)   Height ...........................................................51
            (II)  Clear Space.....................................................51
        (iii) Dresser.........................................................................52
        (iv) Mirror .........................................................................53

(4) Powder Room
    (a) Lavatory Counter
        (i)  Sink Landing .................................................................53
        (ii) Hair Dryer.....................................................................54
        (iii) Knee-Space ...................................................................55
        (iv) Insulation .....................................................................56
    (b) Storage
        (i)  Clothes Bar ...................................................................56
        (ii) Shelf ............................................................................57

(5) Bathroom
    (a) Door
        (i)  Landing ........................................................................58
        (ii) Hardware .....................................................................59
        (iii) Coat Hook.....................................................................59
    (b) Turning Space ......................................................................60
    (c) Toilet
        (i)  Grab Bars
            (I)   Length of Rear Grab Bar ...................................61
            (II)  Projection of Rear Grab Bar ..............................62
            (III) Projection of Side Grab Bar ..............................62
            (IV) Obstruction of Grab Bars .................................63
        (ii) Maneuvering Space
            (I)   Side ...............................................................64
            (II)  Front.............................................................64
            (III) Location of the Toilet .......................................65
        (iii) Flush Controls ..............................................................66
        (iv) Toilet Paper Dispenser ...................................................66

    (d) Shower

**First Amended Complaint for Equitable Relief and Damages:**
**Case No. 19-cv-00079-RS**

(i)   Fold-Down Bench ..................................................67
(ii)   Spray Unit ..................................................68
(iii)   Controls ..................................................69
(iv)   Grab Bars ..................................................70
(v)   Soap Dish ..................................................70
(vi)   Slopes at Floor Drain ..................................71

(e)   Tub
(i)   Clearance ..................................................72
(ii)   In-Tub Seat ..................................................73
(iii)   Wand & Shower Head ..................................73
(iv)   Controls ..................................................74
(v)   Grab Bars ..................................................74
(vi)   Soap Dish ..................................................75

(f)   Towel Bar & Shelf ..................................................75

d.   Lobby
i.   Main Entrance & Courtyard Entrance
(1)   Signage ..................................................76
(2)   Operating Force ..................................................77
(3)   Closing Speed ..................................................77
ii.   Coffee & Hot Water – Self-Serve
(1)   Counter Height ..................................................78
(2)   Coffee Dispenser ..................................................79
iii.   Sales Office Door ..................................................79

e.   Pool Area
i.   Entrances
(1)   Signage ..................................................80
(2)   Landings ..................................................81
(3)   Hardware ..................................................81
ii.   Safety Equipment ..................................................82
iii.   Drop-Offs ..................................................83
iv.   Tables ..................................................83

f.   Guest Laundry
i.   Entrance ..................................................84
(1)   Signage ..................................................84
(2)   Hardware
(a)   Height
(i) Upper Deadbolt ..................................................85
(ii) Slide-Reader & Deadbolt Assembly ..................85
(b) Operation ..................................................86
(3)   Threshold ..................................................86
ii.   Light Switch ..................................................87
iii.   Alcove ..................................................88
iv.   Folding Counter ..................................................88

g.   Smoking Areas. ..................................................89

h.   Circulation Routes ..................................................90

i.   Public Unisex Facility ..................................................92

j.   Conference Facility ..................................................93

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

¶121. Performance Standards ............................................................................................93

IV. Causes of Action

    I.    Title III of the Americans with Disabilities Act .......................................93
    II.   Health & Safety Code Section 19955 et seq.............................................95
    III.  Disabled Rights Act, Civil Code §§ 54 et seq.........................................96
    IV.  Unruh Civil Rights Act ...........................................................................97
    V.   Government Code Section 12948 .............................................................98
    VI.  Negligence Per Se ...................................................................................98
    VII. Declaratory Relief...................................................................................99
    VIII. Business & Prof. Code 17200.............................................................100
    IX.  Fraud......................................................................................................101
    X.   Title II of the ADA .................................................................................101
    XI.  Section 504.............................................................................................103
    XII. Govt. Code §§ 4450 et seq. and 11135 .................................................104

V. Prayer.........................................................................................................................104

Proof of Service on California Commision on Disability Rights................................back page

**[end of TOC]**

## I. <u>Introduction</u>

    5.    Plaintiff ROSS LONG has physical disabilities that require his full time use of a wheelchair for mobility, as well as use of other aids for accomplishing ordinary tasks.

    6.    The named-defendants each own, operate, lease or control property and/or site improvements constituting the Good Nite Inn, which is located on Redwood Drive in Rohnert Park.

    7.    The facilities of the Good Nite Inn in Rohnert Park are inaccessible to individuals using wheelchairs, including, but not limited to, their site arrival points, routes of travel, guestrooms, and other amenities and services. Many of these conditions relate to defendants' policies, practices and procedures.

    8.    He files this action for himself and all other similarly situated members of the public to vindicate rights under, inter alia, Titles II and III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq.; Health & Safety Code §§ 19955ff; Civil Code §§ 54 & 54.1; and Business & Professions Code § 17200.  Plaintiff alleges defendant violated these statutes by failing to provide full and equal access.

    9.    His goals are positive and seek to achieve, *inter alia*:

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

**First Amended Complaint for Equitable Relief and Damages:**
**Case No. 19-cv-00079-RS**

— 6 —

  a. Modification of policies, practices and procedures denying access to hotel services;

  b. Correction of discriminatory conditions on defendants' website;

  c. Elimination of inaccessible structural facilities; and

  d. Meaningful equality.

10. Upon the filing of the original complaint, plaintiff being ignorant of the true identity of DOE 1 and having subsequently learned of that identity as BEVERLY DAVIS, trustee, hereby substitutes her or her successor as a named-defendant in place of DOE 1.

11. Upon the filing of the original complaint, plaintiff being ignorant of the true identity of DOE 2 and having subsequently learned of that identity as DONALD DAVIS, trustee, hereby substitutes him or his successor as a named-defendant in place of DOE 2.

12. Upon the filing of the original complaint, plaintiff being ignorant of the true identity of DOE 3 and having subsequently learned of that identity as CARY M. TOZER, trustee, hereby substitutes her or her successor as a named-defendant in place of DOE 3.

13. Upon the filing of the original complaint, plaintiff being ignorant of the true identity of DOE 4 and having subsequently learned of that identity as DORIS V. TOZER, trustee, hereby substitutes her or her successor as a named-defendant in place of DOE 4.

14. Upon the filing of the original complaint, plaintiff being ignorant of the true identity of DOE 5 and having subsequently learned of that identity as GHAI MANAGEMENT SERVICES, INC., a domestic corporation, hereby substitutes that entity as a named-defendant in place of DOE 5.

15. Upon the filing of the original complaint, plaintiff being ignorant of the true identity of DOE 6 and having subsequently learned of that identity as QUIKSERVE ENTERPRISES, INC., a domestic corporation, hereby substitutes that entity as a named-defendant in place of DOE 6.

16. Upon the filing of the original complaint, plaintiff being ignorant of the true identity of DOE 7, and having subsequently learned of that identity as GOLDEN GATE BELL, LLC, a domestic entity, hereby substitutes that entity as a named-defendant in place of DOE 7;

17. Upon the filing of the original complaint, plaintiff being ignorant of the true identity of DOE 8, and having subsequently learned of that identity as GOLDEN GATE BELL

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

First Amended Complaint for Equitable Relief and Damages:
Case No. 19-cv-00079-RS

— 7 —

1   RESTAURANT HOLDINGS, LLC, a domestic entity, hereby substitutes that entity as a

2   named-defendant in place of DOE 8;

3

4   **II.   Jurisdiction and Venue**

5        18.   Original jurisdiction is conferred for violations of 42 U.S.C. 12101, et seq.

6        19.   Supplemental jurisdiction over California causes of action is proper, including for:

7              a.   Violations of California Health & Safety Code Sections 19955 *et seq.*

8              b.   California Civil Code Sections 51 *et seq.*, 54 and 54.1 *et seq.*

9              c.   Government Code § 12948.

10             d.   Business & Professions Code § 17200 *et seq.*, and

11             e.   Negligence per se.

12       20.   Venue and intradistrict is proper as the subject real property is in this district.

13

14  **III.  Parties & Facts**

15       **A.  Ross Long**

16       21.   Since 1983, Long has been domiciled in Santa Rosa, California.

17       22.   At all times relevant, he has been a qualified as an individual with a disability (and

18  aggrieved or potentially aggrieved) for all purposes under the ADA and California law.

19       23.   He has born with Cerebral Palsy.

20       24.   This condition affects major life activities.

21       25.   He has no ability to ambulate, has a diminishing grip, and reach range limitations, and

22  the subject conditions of this hotel affect him as described in ¶ III.J.120.b.1 beginning on page 26.

23       26.   His physical conditions require:

24             a.   Full-time use of a wheelchair for mobility.

25             b.   Traveling in a specially-adapted van equipped with a lift.

26             c.   Use of adaptive physical techniques for reaching objects and operating doors and

27  activating controls.

28

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

First Amended Complaint for Equitable Relief and Damages:
Case No. 19-cv-00079-RS

— 8 —

    d.   And careful movements along sloped ground and floor surfaces and over and around abrupt changes in rise.

27.   Long relies upon the three sides of his chair as points of safety and for stability. He becomes vulnerable to falling when leaving the chair for bathing or for use of sanitary facilities. His ability to make safe transfers is reliant upon accessible facilities.

28.   In making a transfer, he is dependent upon the availability of adjacent grab bars, handholds or other means of vertical support.

29.   He has diminished grip.

30.   He has diminished strength in both of his arms and hands.

31.   Because of these physical conditions, as well as his natural seated position when moving about in public, he has:

    a.   Reach limitations; and

    b.   Difficulty performing fine motor tasks, especial those that require tight grasping, pinching or twisting of the wrist.

32.   Conditions such as controls and amenities placed outside of reach range and abrupt changes in rise in the public sidewalk cause him difficulty and requires his repositioning in the chair.

33.   He owns and uses a wheelchair and ramp-equipped vehicle.

34.   His physical disabilities qualify him for using designated accessible parking facilities.

35.   Long's friend, Ed Muegge, who visited with him at the Hotel during the stay, also has disabilities requiring use of a wheelchair, has a van-equipped van, and is also licensed and qualified for use of designated accessible parking facilities. Long and Muegge used the van and the hotel's designated parking during his stay.

36.   Long's physical disabilities expose him to risk of injury as well as fatigue when forced to use facilities that fail to meet the standards set for being readily accessible and usable by persons using wheelchairs.

37.   Part of his daily endurance also depends upon that of his battery-powered equipment.

38.   Facilities that fail to comply with access codes cause him such risk, fatigue and

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

limitation.

39.   All conditions identified herein in the subparagraphs under ¶120 affect, and relate to, his specific disabilities, as described.

40.   He has no adequate remedy at law as to the recurring damages facing him each time he and other similarly situated disabled persons return to these inaccessible facilities.

41.   Unless the relief requested herein is granted, he and other guests with disabilities will suffer irreparable harm in that their fundamental right to seek accessible public facilities will be abridged and denied.

42.   He is not required to make any disclosures related to that of high frequency litigants.

43.   The statute defining such litigants is inapplicable to him because of the following:

a.   In the last 12-month period, he has not filed any lawsuits alleging a construction-related accessibility violation.

b.   Almost without exception, all his past suits alleging construction-related accessibility violations have both sought and/or obtained resolutions settlement requiring remedial repairs to comply with the ADA and/or state law.

**B.  Plaintiff's Counsel**

44.   Long' attorney is also not required to make any disclosures related to high frequency litigants because the statute defining such counsel is inapplicable to his practice.

45.   The foregoing is true for at least the following reasons:

a.   Although during the nearly 28 years of his practice he has specialized almost exclusively in resolving construction access claims, his overall average of such filings falls below 10 per year.

b.   He has never represented a high-frequency litigant.

c.   Almost without exception, all the suits in which he has represented clients with disabilities have succeeded in obtaining significant and enforceable injunctive relief, usually by consent decree, or otherwise through a court-enforceable settlement agreement.

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

**C. Defendants**

46.   "Defendants" are Good-Nite; Management; TB Landlord; City; TB Tenant; BK Landlord; BK Tenant; and the remaining DOES, 9-35, Inclusive.

47.   The following group of defendants that are referred to herein as the "private-named defendants" include: Good-Nite; Management; TB Landlord; TB Tenant; BK Landlord; BK Tenants; and the remaining DOES 9-35.

48.   Based on information from public records, and other information and belief, plaintiff alleges:

   a.   Through the terms of agreement, Diversified and/or Golden Gate Holdings substantially controls all operations as well as the subject discriminatory conditions, practices and policies outlined herein of the subject Taco Bell, and by extension, the subject driveway.

   b.   The employees that direct and control the operations, quality, and standards of Diversified and/or Golden Gate Holdings in Sonoma, California are also the same employees that direct and control the operations of Golden Gate Restaurant, LLC.

49.   Presently, plaintiff has not located public records or other information suggesting whether the franchisers of Burger King, Taco Bell and/or Good Nite Inn are proper defendants and therefore reserves the right to amend and substitutes these entities as DOE defendants if later identified during the course of future investigation and discovery as proper parties.

50.   **Private-Driveway-Related Defendants.** Subject to plaintiff's verification of the actual facts during the course of investigation and discovery, he presently alleges based upon the best of his information and belief:

   a.   The parties identified herein as the "Private-Driveway-Related Defendants" are TB Landlord; TB Tenant; BK Landlord; BK Tenant; and the remaining DOES 9-35.

   b.   The City and the Private-Driveway-Related Defendants are named in various causes of action, but strictly in relation to the claim in the subparagraphs of ¶ III.J.120.b.1 beginning on page 26 ("Site Arrival From the Boundary"), and as it pertains to the main driveway entrance located along Redwood Drive and serving the Good Nite Inn.

   c.   Plaintiff names Private-Driveway-Related Defendants solely to satisfy Rule 19.

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

d.   He will agree to seek no damages, attorney's fees or other compensation from the Private-Driveway-Related Defendants only if, within 21 days of service of this First Amended Complaint on these defendants, all named defendants in this action provide plaintiff with a sworn declaration admitting each of the following facts (and subject to the modification of this list through negotiation):

i.   The "subject driveway" is defined as follows:

(1)   The boundaries of the subject driveway are the approximate yellow highlighted are depicted in the Parcel Map at Exhibit 1.

(2)   These boundaries are constructed of, inter alia, an asphalt surface with concrete curbs, gutters and related storm drain(s), but exclude the vegetation beyond the curbs.

ii.   The subject driveway was constructed during the approximate period of 1988-1990 by the former owners of the Good-Nite Inn, and as a part of their original construction of the hotel.

iii.   Similarly, the limited concrete portion of the driveway adjacent to the street and which intersects the public sidewalk ("driveway apron") was constructed during this same period either by the CITY or the hotel owners.

iv.   The driveway apron potion is owned and controlled by the City.

v.   The apron creates a non-compliant landing (at the base of the pedestrian route leading to the main entrance of the hotel) and additionally creates a cross-slope in the direction of travel off of the driveway.

vi.   The original construction work of the subject driveway took place prior to the construction of the neighboring Burger King and Taco Bell Restaurants, two business which presently utilize this driveway for vehicle access to their businesses; a use that includes vehicle access for their associated drive-thru facilities.

vii.   The subject driveway is part of a parcel of land owned by ACV and/or the TB Tenant, and the remaining DOES 9-35.

viii.   But the subject driveway is also impressed with an easement agreement and/or other formally recorded easement rights currently held by Good-Nite; Management; TB

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

First Amended Complaint for Equitable Relief and Damages:
Case No. 19-cv-00079-RS

— 12 —

Tenant; BK Landlord; BK Tenant; and the remaining DOES 9-35. These easement rights were secured in approximately 1989 through an agreement entered between the then three owners of the three neighboring parcels, and as part and parcel of an agreement to reallocate responsibility for payment of City and property taxes.

ix.   Thus, Good-Nite, Management, City and Private-Driveway Defendants each have a controlling interest over at least some portion of the driveway and its configuration.

x.   Defendants Good-Nite and Management utilize the driveway for both vehicle and pedestrian access.

xi.   But unlike this dual-use of the driveway by the subject hotel, the two restaurants Burger King and Taco Bell each provide pedestrian access to their main entrances via separate pathways that are located along the public sidewalk on Redwood Drive, i.e., without relying upon the subject driveway to accomplish pedestrian access.

xii.   Currently, all periodic maintenance of the surface of the subject driveway (asphalting, slurry-sealing, etc.) is performed by Good-Nite and Management.

xiii.   Without seeing the final design, Private-Driveway Defendants approve Good-Nite Inn and Management creating a 48-inch pedestrian path of travel along the northern edge of the driveway leading to the hotel's main entrance, i.e., that is marked with a cross-walk, signage or some other means of readily visible demarcation, that is level within 2%, and that eliminates all of the current sudden changes in rise that exist along this proposed route.

xiv.   Already (and by the time of providing the sworn statements called for in this paragraph), all defendants have discussed how this path may be located, marked and configured without interfering with the two drive-thru facilities that utilize this driveway, and such defendants have come to an agreement as to a proposed design, and will cooperate with each other in performing these improvements.

xv.   All defendants agree the allegations at ¶ III.J.119.b.1 are true and correct.

xvi.   **Hotel's Sole Responsibility for Paying All Associated Awards of Compensatory Damages and Attorneys' Fees, Litigation Expenses and Costs:** In relation to the claims at ¶ III.J.119.b.1, Good-Nite and Management agree to the following:

First Amended Complaint for Equitable Relief and Damages:
Case No. 19-cv-00079-RS

(1)    During no point during this action will they contend that the participation of the Private-Driveway-Related Defendants is necessary and/or indispensable under the standards of Rule 19.

(2)    Therefore, they agree it is appropriate to dismiss the Private-Driveway-Related Defendants from this action, without prejudice.

(3)    If damages are assessed in relation to this claim by the trier of fact, the hotel defendants shall be solely responsible for their satisfaction and shall not contend that the Private-Driveway-Related Defendants are fully or partially liable for paying these claim or that such defendants must contribute in some fashion.

(4)    They also accept that if plaintiff prevails on this particular claim, they shall be responsible for paying all awarded attorney's fees, litigation expenses and costs that are associated with this particular claim, i.e., which also includes, but is not limited to, all such attorney's fees, litigation expenses and costs incurred by plaintiff in investigating, naming and serving the private-driveway-Related Defendants and settling the facts of this paragraph (¶50). (In other words, Good-Nite and Management both agree that in the event of a fee, cost and expense motion or other proceeding handling that claim, they shall make no claim that such fees, expenses and costs are non-recoverable as against them simply because the Private-Driveway-Defendants have been dismissed pursuant to the terms of this paragraph, nor shall they contend that settling the facts of this paragraph were was unnecessary to resolving this claim, etc.)

51.    Plaintiff Long has not filed a government claim applicable to his damage claims but seeks no compensatory damages from the City outside his causes of action under federal law, i.e., COA X and XI.

52.    Each of the private defendants are serial offenders.

a.    On information and belief, each has been sued one or more times for access violations, yet never bother to perform proactive CASp surveys and other company owned locations to ensure their facilities comply with construction and programmatic obligations under the ADA and California law.

b.    Instead, each follows a distinct pattern and practice of pretending to be "grand-

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

fathered," or ignoring their obligations altogether, or simply remaining ignorant of them until being sued.

53.   The City is also a serial offender that has been sued in the past for access violations.

54.   Defendants were on notice and knew their barriers and practices would act to exclude and deter persons using wheelchairs.

55.   And thereby deny them full and equal access.

56.   In fact, the guestroom bathroom barriers are so obvious as to implicate a case of discriminatory intent.[1/]

57.   Defendants' inaction was thus in complete indifference to the probable result.

58.   He is further informed and believes that, long before his visit, defendants were:

    a.   Made aware of their barriers, access obligations, and the effect on wheelchair users.

    b.   Such awareness was made through, inter alia, prior complaints received from persons with disabilities.

    c.   Also, through media sources.

    d.   Also, through governmental sources.

    e.   Also, through the sophistication of this major company.

    f.   And defendants were thus on notice.

    g.   Despite this notice, defendants have knowingly failed and refused to cure.

    h.   Such conduct was thus despicable.

    i.   It was thus made in conscious disregard of the known effects.

59.   This conduct thus justifies imposition of treble and/or punitive damages, were available.

60.   The true names and capacities of defendants sued as remaining DOES 9-35 are unknown to Long.

61.   On information and belief, the remaining DOES 9-35 are agents or employees of the named defendants.

---

[1] *See,* Gunther v. Lin (2006) 144 Cal.App.4th 223, 229, ftn. 6.

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

62.   Such agents and employees acted within the scope of that agency or employment.

63.   The necessary information establishing the true names and capacities of said remaining DOES 9-35 is presently unavailable to plaintiff, and is not ascertainable solely through public records, and thus will require discovery.

**D.  The Website**

64.   The hotel's website at http://rohnertpark.goodnite.com reserves rooms exclusively for the subject Good Nite Inn in Rohnert Park.

65.   On information and belief, this website was created, and is owned and managed by defendants.

66.   No part of the website discusses the existences of accessible accommodations at this hotel, or the hotel's policies, practices and procedures for accommodating such guests with disabilities.

67.   On information and belief, this hotel is responsible for the failure of other third-party travel sites that also fail to publish data concerning this hotel's accessibility options.  This is this because this hotel's failure in turn causes these other sites such as Experida.com, Hotels.com, Trivago.com reservations.com, etc., to also lack the necessary data. Consequently, defendants additionally violate the third-party obligations imposed by § 36.302.

68.   On information and belief, the hotel provides both its website and hotel staff with no formal training, handbook or written policy, practices and procedures for accommodating guests with disabilities.

**E.  The Property**

69.   The Good Nite Inn is located at 5040 Redwood Drive in Rohnert Park (APN parcel 045-081-019), with its boundaries established on its western and northern borders by a driveway and several commercial properties, the eastern boundary by the 101 freeway, and to the south by the public street called Golf Course Drive.

70.   Although the hotel appears to be one long building, the building department treats it as

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

First Amended Complaint for Equitable Relief and Damages:
Case No. 19-cv-00079-RS

— 16 —

1    several buildings.

2       71.   Based public records and other information and belief, plaintiff alleges:

3             a.   The real property is owned by Good-Nite and DOES.

4             b.   Management Company and DOES are directly controlled subsidiaries and agents of

5    Good-Nite and DOES.

6             c.   This first amended complaint already joins all parties that:

7                  i.    Claim an interest in the subject matter of this action;

8                  ii.   Are necessary to accord complete relief among the parties; and

9                  iii.  Are indispensable to obtaining complete relief.

10

11   **F.  Construction Work**

12      72.   Construction work has occurred on the property since July 1, 1970.

13      73.   On information and belief, such construction work includes:

14            a.   New construction
             b.   Additions
15            c.   Improvements
             d.   Remodeling
16            e.   Alterations, and/or
             f.   Structural repairs

17

18      74.   Original 1989 Construction. Assessment records indicate this hotel was built in 1989,

19   and the records of the building department indicate the first of its three buildings was certified for

20   first occupancy in 1990, opening as the Good Nite Inn.

21      75.   2001 Remodel & Retrofit. Another notable project occurred in 2002, when defendants

22   took out Building Permit No. BP2001-0559C, valued at $500,000 to "Remodel ... 125 Exiting

23   Bathrooms." (Hereafter, this project shall be referred to as the "2001 Remodel & Retrofit")

24            a.   The work under this permit was completed and finalized by the building

25   department.

26            b.   On information and belief, the 2001 Remodel & Retrofit also involved other major

27   electrical, structural and plumbing projects.

28            c.   At the time it was performed, such work was subject to the 1998 edition of Title 24,

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

First Amended Complaint for Equitable Relief and Damages:
Case No. 19-cv-00079-RS                                                    — 17 —

1   Part 2, of the California Code of Regulations, effective July 1, 1999 ("98-T24"), which is also

2   known as the California Building Code.

3       76.   "Other Construction Work." Additional permitted work to the building that, under

4   California law, duplicatively caused some of the same access obligations to attach, including:

5         a.   Finalized Building Permits BP2001-0213B and BP2001-282C in 2001, involving

6   demolition, repair of dry rot damage, and shoring at the south end of the building. This work was

7   subject to the 98-T24, as well as ADAAG, and was at least sufficient to trigger path of travel

8   requirements.

9         b.   Finalized Permits BP2001-031C and BP2003-0467C, involving construction of

10  walls and the framing and structural retrofit of the building. This work was subject to the 2007

11  Title 24 requirements, eff. Jan. 1, 2008, as well as ADAAG, and was at least sufficient to trigger

12  path of travel requirements.

13        c.   Finalized Permit BP2011-0603B in 2011, which involved the removal of a damaged

14  wall and its rebuilding. This work was subject to the 2010 Title 24, as well as ADAAG, and likely

15  triggered the same obligations outlined herein as areas of alteration, or at least pursuant to path of

16  travel requirements.

17      77.   The 2001 Remodel & Retrofit, as well as the Permit Nos. BP2001-0213B, BP2001-

18  282C, BP2001-031C, BP2003-0467C, and BP2011-0603B, each triggered the obligation of

19  defendants to comply with literal design requirements imposed by the Americans With Disability

20  Act Access Guidelines published in 1991 (ADAAG, eff. Jan. 26, 1992) and/or the Americans

21  with Disabilities Act Access Standards (ADAS, eff. March 15, 2011), and therefore implicate all

22  structural and programmatic access conditions outlined herein.

23      78.   On information and belief, other alteration or remodeling work has also occurred at the

24  property triggering the obligation of defendants to comply with literal accessible design

25  requirements of state and federal law.

26      79.   For instance, on information and belief, and during the statutory period of both

27  California and federal law:

28        a.   The subject guestrooms have received new fixtures and/or re-tiled surfaces.

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

**First Amended Complaint for Equitable Relief and Damages:**
**Case No. 19-cv-00079-RS**
— 18 —

      b.    The front lobby been remodeled, which includes new counters and a fixed coffee bar.

      c.    The parking has been resurfaced, slurry-sealed, restriped, etc. on multiple occasions.

      d.    A conference room was created on the upper floors.

      e.    A public unisex restroom for guests was created in the courtyard area.

      f.    Other parts of the property have undergone triggering work with or without permits.

**G. Absence of Defenses**

80.  On information and belief, during the statutory period of the ADA:

      a.    Defendants have performed no barrier removals or policy adjustment;

      b.    This excepts the minimal restriping of the parking lot and provision of signage.

81.  As of this filing, Defendants have not engaged a CASp to determine their access obligations.

82.  As of this filing, defendants have not secured a CASp report as to their access obligations.

83.  As of this filing, defendants have not posted any notice at their front entrance that a CASp report is pending.

84.  As of this filing, defendants have no present plans to remove barriers or make the requested policy modifications, nor building permit or permit applications on file to perform same.

85.  On substantial information and belief, the expansive scope and nature of the 2001 Remodel & Retrofit (discussed at ¶ 75), as well as the "Other Construction Work" (discussed at ¶ 76), caused all code-related-obligations listed herein to apply to defendants' work, i.e., either as part of the area of alteration or pursuant to path of travel obligations.

86.  None of the work conducted in these projects and their resulting deviations from the literal design requirements for access qualified for a construction tolerance, and for at least the

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

First Amended Complaint for Equitable Relief and Damages:
Case No. 19-cv-00079-RS

— 19 —

following reasons.

a.   The 89-T24 and 98-T24 did not recognize the concept of "construction tolerance."

b.   At the time there were no "in-the-field conditions" that would have justified deviation from the literal design requirements, or that weren't capable of avoidance through careful design and construction techniques.

c.   Many, if not most, of the deviations were subject to specific ranges of compliance, and thus were of the type where construction tolerances are never allowed.

87.   For all construction projects, there is no evidence on file with the local building department that defendants or predecessors ever obtained, much less sought, any form of relief from the literal design requirements for disabled accessibility imposed by Title 24. This includes a failure to obtain:

a.   An "exception" from such requirements (which required formal filings with the building department meeting the requirements for unreasonable hardship exceptions). See, e.g., 98-T24 at § 222.

b.   An "exemption" from such requirements (which requires ratification through an appeals process). See, e.g., 98-T24 at § 101.17.11 4.

c.   The building department could not have lawfully granted an unreasonable hardship exception ("UHE") excusing it from performing its path of travel obligations, because the cost of these project, particularly the 2001 Remodel & Retrofit, did not qualify for this form of relief. (See, e.g., 98-T24 at § 222.)

d.   Per the restrictions for granting this exception, this last statement is true for at least the following reasons:

i.   The hotel guestrooms and supporting paths of travel were constructed as a part of the expansive project's actual area of alteration, and thus had an independent accessibility obligation that exists irrespective of the secondary path of travel obligation.

ii.   The value of the 2001 Remodel & Retrofit then far exceeded the applicable ENR ceiling for UHEs excusing path or travel obligations, per § 1134B.2.1, Excep. 1.

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

88.   For each alleged access violation listed herein at III.J.,¶120 (beginning on page 25), there are no scoping or occupancy-specific exemptions available to hotels under state or federal law, i.e., that would reduce these obligations or excuse making them compliant.

a.   Under both Title 24 and federal law, the general site arrival and accessible route obligations are found among the chapters imposing general requirements, and thus they apply to all types of facilities unless reduced or exempted by scoping or occupancy. (See generally, 89-T24 at § 611(a), Interpretive Note ("The general requirements section covers items which are common to all buildings including, parking, entrances, doorways, restrooms. etc. These general items must be provided in all buildings which are required to be accessible by these regulations"); 16-T24 and clarification of this form of application found at §§ 11B-201.1, 11B-301.1; 11B-401.1; & 11B-501.1; and same under ADAS at §§ 201.1, 301.1; 401.1; 501.1, & DOJ Advisory 201.1 (providing that requirements apply to all areas of a facility "unless exempted, or where scoping limits...").

b.   Neither Title 24 nor federal code provide hotels a scoping-specific- or occupancy-specific-exemption that would limit, reduce or excuse defendants from performing the obligations set forth herein. (See 89-T24 § 1214.1(a) 1 (former Group R, imposing parking requirements at § 2-7102); 98-T24 § 1111B.1 and § 1111B.4 (Group R, requiring at the former that accessibility be provided in all public use and common areas); 16-T24 § 11B-224 (re hotel scoping, providing no scoping restriction applicable to parking for hotels); and ADAS § 224 (same).

89.   There are no other defenses or legal entitlements that would excuse defendants from performing these obligations.

90.   In additional to the general requirements imposed by state and federal accessibility codes, and those imposed by the state for Group R occupancies, this business must meet additional the requirements for other occupancies housed within it, including, but not limited to, Group B.

91.   Because accessibility codes have changed over the years while defendants neglected to correct their construction access violations, particularly those triggered by the 2001 Remodel &

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

First Amended Complaint for Equitable Relief and Damages:
Case No. 19-cv-00079-RS

— 21 —

Retrofit, any work they now undertake to correct these violations will also have to meet any

heightened requirements imposed by the modern state and federal codes applicable to the work

conducted in the original areas of alteration, i.e., in accordance to the modern requirements now

imposed by the 2016 California Building Code ("16-CBC") and 2010 Americans with Disability

Act Standards ("ADAS").[2]

92.   Hence, for each of the violations that are noted hereinbelow, plaintiff will cite to the

obligations imposed by modern code requirements.

**H.  Standing.**

93.   Long utilized the subject hotel facilities of the hotel during the period July 29, 2016 thru

August 8, 2016.

94.   Before the stay, defendants had represented to plaintiff that their facilities were

"accessible" and plaintiff reasonably relied upon this representation, to his damage, per the

conditions outlined in within the subparagraphs of III.J.120.

95.   By his current knowledge of the inaccessible conditions of the hotel, he was also

deterred from returning to the hotel to rent and room and utilize its facilities on or about June 13

through 14, 2018, i.e., an occasion during the remodeling of his home when he was forced by the

Good Nite's inaccessibility to take a room at a competing hotel that was less desirable.

96.   He is aware that the identified barriers are pervasive and encompass the entire hotel and

Good Nite.

97.   He understands the state and federal codes require full and equal access to goods,

services, advantages, and accommodations.

98.   The subject barriers and practices inhibit Long from enjoying full and equal access.

99.   They violate state and federal codes protecting disabled access.

100.  As of this filing, nearly all conditions have not changed.

---

[2] See, e.g., 89-T24 § 110A(b) 11 A (5), Excep. 2, made applicable to private facilities via § 110A(b) 11 B (4); 16-T24 § 11B-202.4, Excep. 2-3; Cf. *Shelby Realty Company v. City of San Buena Ventura*, 10 Cal.3d 110, 125 (1973) (court "will apply the law in existence at the time of its decision").)

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

101. Consequently, they continue to deny him and wheelchair users their basic rights.

102. He has both Article III and prudential standing to seek the specified relief, which is established by the following:

    a.   He has suffered actual injury, which continues through this filing.

    b.   As set forth herein, he was injured and damaged on the dates specified in ¶¶ 93 and 94.

    c.   The barrier removals and policy changes sought relate to his specific disabilities.

    d.   As further set forth in in section III.J., ¶120 (beginning on page  26), the current conditions and policies complained of, or "Violations," are restricted to those that affect his:

        i.   Use of a wheelchair;

        ii.   Diminished strength, grasping abilities and reach.

    e.   Within the last three years he suffered the discrimination described herein.

    f.   He has a long residency in Santa Rosa and history of visits to Rohnert Park and to the area of this hotel.

    g.   He utilizes and stays in the area for each access to the Graton Casino.

    h.   He also takes short getaway-vacations to this area.

    i.   The price offered by defendants is competitive and affords him a longer stay.

    j.   Due to this proximity, convenience and other factors, he has a high probability of returning to this hotel when made accessible.

    k.   He thus reasonably expects the need to return when the site on a yearly to bi-yearly basis.

    l.   He is aware and/or experienced each of the described barrier and policy conditions.

    m.   He has made himself generally knowledgeable about his civil rights.

    n.   He has bothered to make himself aware of the hotel's alteration history.

    o.   He has also made himself generally aware of defendants' legal obligations.

    p.   For the foreseeable future, he is likely to be deterred by his knowledge of these conditions from returning, particularly by the hotel's guestroom facilities.

    q.   He thus has reasonable grounds to fear he is about to be subjected to discrimination.

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

First Amended Complaint for Equitable Relief and Damages:
Case No. 19-cv-00079-RS

— 23 —

r.   And to believe that he is both aggrieved and potentially aggrieved.

s.   The site's correction will immediately enable his return and enjoyment of the hotel on a full and equal basis, including the subject site arrival points, guestrooms, routes and amenities.

t.   When corrected, he plans to return to use those portions that currently deter him.

u.   He has invested substantial money and time to research obligations.

v.   For the foregoing reasons, he has injuries that continue to be redressable.

w.   He will therefore benefit from the injunction sought.

103. Herein, he seeks to protect and fully enforce the public interest and will place such interest ahead of his own.

## I.   Damages

104. The subject barriers and policies act to deny Long the full and equal opportunity guaranteed to him at law, as well as full integration into the hotel's programs and services.

105. On information, defendants continue to violate the rights of wheelchairs users.

106. As a result, he has been required to incur legal expenses and attorney fees.

107. These have been incurred to enforce his rights and to enforce the law.

108. His efforts also seek to protect access for persons using wheelchairs.

109. His efforts thus justify "public interest" attorneys' fees.

110. Defendants' subject "Violations" (as described ¶ III.J.120 beginning on page 26) have caused him both injury and distress, to his general damage.

More specifically, he suffered:

a.   Denial of his civil rights
b.   Embarrassment
c.   Humiliation
d.   Physical and bodily injury, and
e.   Serious emotional distress.

111. Because on the dates specified in ¶¶ 93 and 94 the of subject guestroom bathroom facilities and other facilities were not readily accessible and usable by individuals with disabilities, Long was unable to use them on a full and equal basis and suffered discrimination.

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

First Amended Complaint for Equitable Relief and Damages:
Case No. 19-cv-00079-RS                                    — 24 —

112. His damages are those normally and naturally associated with violation of one's civil rights.

113. He seeks damages for each offense, and strictly on a per-incident of deterrence and per-offense basis.

114. He also seeks damages for each date of deterrence, and subject to proof at time of trial.

115. His claim for damages is limited to all dates of use and deterrence to the hotel occurring within three years of the date of this filing, per CCP Section 338(a). (See ¶94.) [3/]

116. Alternatively, he seeks $4,000 per offense and deterrence, subject to proof, per Civil §52(a).

117. Alternatively, he seeks $1,000 per offense and deterrence, subject to proof, per §54.3(a).

118. He will also seek an enhancement under Code Civ.Proc. §1021.5.

119. Since defendants' actions violated statutory protections, they are negligence per se.

## J.  Violations.

120. To resolve plaintiff's injunctive and declaratory relief claims concerning the accessibility of the hotel's facilities and services for individuals using wheelchairs and having reach and grasping disabilities like plaintiff, he requests an order requiring defendants to perform the following work and policy changes to bring their public accommodation and facilities into full compliance with the code, and an order declaring conclusions of fact and law as set out below:

    a.  **Website.**

        i.     Rohnert Park hotel's online reservation system, which provides guests with discounts that are not available by telephone or at the front desk, is discriminatory against individuals with disabilities because it fails to afford them with an equal opportunity to shop for, and reserve, accessible rooms. Consequently, for such individuals to obtain the same discounts as those available to others, they must first reserve a standard room and then place a call to find out if the reserved room is available with accessible features, whether it is available for the desired

---

[3]  See, West Shield Investigations and Sec. Consultants v. Superior Court (2000) 82 Cal.App.4th 935 and Gatto v, County of Sonoma (2002) 98 Cal.App.4th 744, 754.

Timesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

dates, and whether it has the desired general features and amenities. Requiring an inquiry not required of others is unequal, unreasonable, and discriminatory. Long therefore seeks an injunction ordering defendants to modify their online policies, practices and procedures.

      ii.    This policy violates DOJ Title III Regulations, § 36.302.

      iii.    **Injunctive Relief.**  To resolve plaintiff's claim for injunctive relief on this claim, he requests that defendants be ordered permanently modify and maintain their online reservation system to advertise the availability of their guestrooms with mobility features, and also to separately advertise the availability of their separate guestrooms with communication features, and so as to afford individuals with mobility disabilities equal access to the hotel reservation system and its online discounted prices, and otherwise to comply with the obligations set forth at 42 USC 12182(b)(1)(A)(i) and DOJ Title II Regulations, 36.302.

      iv.    **Declaratory Relief.** To resolve plaintiff's associated claim for declaratory relief, he requests a declaration that the hotel stands in violation of its programmatic obligation to provide accessible website facilities, that the current website denies individuals like Long with full and equal access to the hotel's reservation facilities, and that the relief ordered by the court concerning this condition fully vindicates attendant civil rights.

    b.    **Site Arrival Facilities.**

      i.    **From the Boundary.**

      (1)    The code designates public sidewalks, walkways, parking and passenger loading zones as "site arrival facilities." The existence and accessibility of such facilities are fundamental to achieving the ADA's goal of permitting persons with disabilities to arrive and participate on a full and equal basis. When serving or part of altered area, such facilities must be configured to be readily accessible and usable by individuals with disabilities. Here, and as demonstrated below, all the hotel's site arrival facilities are inaccessible to individuals using wheelchairs, including its routes from the public sidewalk, its passenger loading area, and its designated accessible parking stalls.

      (2)    Here, the hotel lacks accessible routes connecting the public rights of way and bus stops with the hotel's primary entrances. The existing routes, which are not readily

apparent, utilize driveways that have non-compliant slopes and cross-slopes, and lack required signage and curb ramps. Because of these conditions, an individual in a wheelchair must circumvent non-compliant routes to discover the means of reaching the main entrance.

(3)    Injunctive Relief. To resolve plaintiff's construction and programmatic claims concerning defendants' failure to provide an accessible route from the boundary of the site leading to the main entrance, plaintiff requests an order requiring defendant to renovate their facilities to provide an accessible route leading from one of the two boundaries of the parcel leading to the hotel main entrance, and this path shall satisfy all the literal requirements for an "accessible route" under the Americans with Disabilities Access Standards of 2010 (hereafter "10-ADAS") at section 206 and at its Chapter 4, as well as the 2016 California Building Code at Part 2 (hereafter "16-CBC") at section 11B-206 and its Division 4, and in full waiver of any potential defenses to compliance with the literal requirements. (Hereafter, references to the "literal requirements" of the code shall be interpreted to include defendants' complete and unequivocal waiver of any and all potential defenses that might otherwise be asserted post-decree in an effort to defeat or dilute the obligations stated herein, including, but not limited to, undue burden, unreasonable hardship, undue hardship, legal and physical constraint, technical infeasibility, 20% cost-cap, ENE, State Historical Building Code Exceptions and Exemptions, etc.

(4)    Declaratory Relief.

(a)    To resolve plaintiff's declaratory relief claims related to this path, plaintiff requests an order declaring that defendants are in violation of their construction obligation and/or programmatic obligation to provide an accessible route from the boundary, and that the current paths are illegal non-conforming conditions per, inter alia, 85-T24 Secs. 2-105(b) 11B (1) (new construction); 2-417(c) ("path of travel"), 2-1213(a) (obligation of transient lodging to conform to general requirements), 2-3306, et seq. (ramps), 2-3323 et seq. (walks), 2-7101(a) and at assoc. interpretive note within in the 85-Int Manual (boundary obligation) & 2-7103 et seq. (curb ramps); 91-ADAAG secs. 4.1.6(1)(b) (altered areas), 4.1.6(2) (alterations to areas of primary function) & 4.3 (accessible routes); 42 USC 12812(b)(2)(iv) (programmatic obligation); and 98-T24 § 110.17.11 1 1.4 & 2 2.4 (application), Chap 2 (at definition of "path of

Timmesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

First Amended Complaint for Equitable Relief and Damages:
Case No. 19-cv-00079-RS

— 27 —

travel"), 1111B.4 (obligation of transient lodging facilities to conform to general requirements); 1007 (ramps); 1023 (walks); and 1117A (exterior routes of travel).

(b)   Plaintiff further requests a declaration that defendants' current facilities deny individuals like Long with full and equal access to the hotel's circulation paths, including "aggress" (a route on and off the site, and in differentiation of "egress" from a building), that it therefore discriminates against them because of their disabilities, and that the relief ordered by the court concerning this condition serves to fully vindicate attendant civil rights.

### ii.   Passenger Drop-Off and Loading Area.

(1)   The hotel's existing passenger loading area at the hotel's main entrance is inaccessible because of, inter alia, slopes, cross-slopes, vertical changes in rise (no curb ramp), absence of marking and signage

(2)   Injunctive Relief. To resolve plaintiff's associated construction and programmatic claims for injunctive relief, he requests that defendants be ordered to create a new passenger loading area meeting all the literal requirements set forth in 16-CBC at 11B-209 & 11B-503, and 10-ADAS 209 & 503.

(3)   Declaratory Relief. To resolve his claims for declaratory relief, he requests an order declaring the current loading and drop-off area stands in violation of the hotel's construction and programmatic obligations, that it therefore constitutes an illegal non-conforming condition per 91-ADAAG 4.6 and 98-T24 11121B, that it denies individuals like plaintiff with full and equal access, that it therefore discriminates against them because of their disabilities, and that the relief ordered by the court concerning these conditions serve to fully vindicate the associated violation of civil rights.

### iii.   Parking Facilities.

(1)   **Lot Entrance.**

(a)   The hotel lacks required signage at lot entrances warning violators that they are subject to tow for parking unlawfully in designated accessible parking stall or their access aisles.

Thimesch Law Offices
4413 Black Walnut Ct.
Concord, CA 94521-4319
(925) 588-0401

First Amended Complaint for Equitable Relief and Damages:
Case No. 19-cv-00079-RS

— 28 —

(b)     Injunctive Relief. To resolve plaintiff's associated construction claims, he requests an order requiring defendants to post additional lot signage where missing, to reposition the existing lot signage to point toward the designated drive entrances, or alternatively post to this signage at the designated accessible spaces themselves, and so as to comply with the literal requirements of 16-CBC 11B-502.8, and thereby begin subjecting violators to the ticketing and towing penalties specified by the Vehicle Code.

(c)     Declaratory Relief. To resolve plaintiff's associated claims for declaratory relief, he requests an order declaring that the current signage stands in violation of the hotel's construction obligations, and it therefore constitutes an illegal non-conforming condition per 85-T24 7102(e) and 98-T24 1129B.5, that it denies individuals like plaintiff to full and equal access, that it therefore discriminates against them because of their disabilities, and that the relief ordered concerning these conditions serve to fully vindicate associated civil rights.

(2)     **Scoping – Number of Designated Disabled Accessible Spaces.**

(a)     **Scoping – Van Spaces.**

(i)     The regulations require this hotel and its various parking lots to have a total of 3 parking spaces configured for van accessibility.

(ii)     Injunctive Relief. To resolve plaintiff's construction and programmatic claims for injunctive relief concerning the number of van accessible parking spaces on site, he requests an order requiring defendants to install three new fully compliant van accessible parking spaces on site, or alternatively, convert two of the existing designated standard accessible parking spaces to van accessibility while adding one new van accessible space, and so as to comply fully with the literal requirements of 16-T24 11B-208.2 & Table 11B-208.2; and 10-ADAS 208.2 & Table 208.2.

(I)     Declaratory Relief. To resolve plaintiff's claims for declaratory relief, he requests an order declaring that the existing number of available van spaces stands in violation of the hotel's construction and programmatic obligations, and it therefore constitutes an illegal non-conforming condition per 91-ADAAG 4.1(5)(a) and 98-T24 1129B & Table 11B-7, that it denies individuals like plaintiff with full and equal access, that it therefore

1    discriminates against them because of their disabilities, and that the hotel's associated

2    agreements herein related to this facility serve to fully vindicate the associated violation of

3    plaintiff's civil rights.

4          (b)    **Overall Number of Designated Accessible Space on Site.**

5                 (i)    This hotel provides only 5 designated spaces when a total of 6 is

6    required.

7                 (ii)    Injunctive Relief. To resolve plaintiff's construction and

8    programmatic claims for injunctive relief concerning the number of overall designated accessible

9    parking spaces on site, he requests an order requiring defendants to install a total of 6 fully

10   compliant accessible parking spaces on site, and so as to comply fully with the literal requirements

11   of 16-T24 11B-208.2 & Table 11B-208.2; and 10-ADAS 208.2 & Table 208.2.

12                (iii) Declaratory Relief. To resolve plaintiff's claims for declaratory

13   relief, he requests an order declaring that the current number of available van spaces stands in

14   violation of the hotel's construction and programmatic obligations, and it therefore constitutes an

15   illegal non-conforming condition per 91-ADAAG 4.1(5)(a) and 98-T24 1129B & Table 11B-7,

16   that it denies individuals like plaintiff with full and equal access, that it therefore discriminates

17   against them because of their disabilities, and that the hotel's associated agreements herein related

18   to this facility serve to fully vindicate the associated violation of plaintiff's civil rights.

19          (c)    **Equitable Disbursement.**

20                 (i)    The placement of the existing designated spaces is not

21   equitably disbursed across the hotel's three lots, nor are the placements on the shortest and safest

22   accessible route to the designated hotel rooms.

23                (ii)    Injunctive Relief. To resolve plaintiff's construction and

24   programmatic claims for injunctive relief concerning the location of disabled parking spaces

25   relative to main entrance and the designated accessible guestroom facilities, he requests an order

26   requiring defendants to equitably disburse the new designated and van facilities across the three

27   separate parking facilities serving the site (i.e., the northern, eastern and western lots), and so as

28   to place the designated spaces on the shortest and safest route serving main entrances and the

1  designated accessible guestrooms.

2  (iii) Declaratory Relief. To resolve plaintiff's claims for declaratory

3  relief, he requests an order declaring that the current locations for designated parking stands in

4  violation of the hotel's construction and programmatic obligations to equitably disburse them, and

5  it therefore constitutes an illegal non-conforming condition per 98-T24 § 1129B.4 1 (as to the

6  construction and programmatic obligation); & 10-ADAS 502.3.4 (as to the programmatic

7  obligation), that it denies individuals like plaintiff with full and equal access, that it therefore

8  discriminates against them because of their disabilities, and that the hotel's associated agreements

9  herein related to these facilities serve to fully vindicate the associated violation of plaintiff's civil

10  rights.

11  (d)  **Configuration.**

12  (i)  The hotel's existing designated spaces are incorrectly

13  configured because of at least the following reasons:

14  (I)  Configuration. The existing designated stalls and their

15  access aisles are not configured to the correct size.

16  (II)  Slope and Projecting Ramps. Their surfaces have non-

17  compliant slopes and cross-slopes. This is partly due to ramps that improperly project into the

18  access aisle.

19  (III) Signage and Identification. They are not properly marked

20  and signed for accessibility and for enforcement purposes.

21  (IV) Connection. They are not connected to an accessible

22  route.

23  (ii)  Injunctive Relief. To resolve plaintiff's construction and

24  programmatic claims for injunctive relief concerning the current configuration of disabled parking

25  spaces, he requests an order requiring defendants to configure its resulting 6 designated spaces to

26  comply fully and in all respects with the literal and most restrictive requirements of 16-T24

27  11B-504 and 10-ADAS 504, and so as to meet the following minimum requirements:

28  (I)  The spaces shall configure the accessible route serving

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

First Amended Complaint for Equitable Relief and Damages:
Case No. 19-cv-00079-RS

— 31 —

these spaces to ensure users are not required to proceed behind parked vehicles other than the user's own.

(II)   The slope of the surface of both designated spaces and their access aisles shall be level within 2% in all directions, and no curb ramp shall be permitted to project into any portion of the designated spaces or their access aisles.

(III) The striped configuration of the existing designated accessible parking facilities shall comply with the more restrictive and literal provisions of 16-CBC 11B-502.2 and/or 10-ADAS 502.2, in each instance applying the most provisions that are the most restrictive in terms of safety and usability.

(IV) The stalls shall be outlined in blue, and this work shall include both the edges of stalls that are striped on the parking surface as well as edges of stalls formed by curb lines.

(V)   Where existing or new designated accessible spaces are bounded along their edges by a curb-line, such curbs shall be painted in blue to match their striping.

(VI) As a part of this global compromise, plaintiff agrees that if defendants choose to utilize wheelstops within the newly designated spaces, no portion of the wheelstop shall be set more than two feet from the adjoining curbline.

(VII)       The access aisles of the existing spaces shall be reconfigured so that their access aisles connect to an accessible route, i.e., through compliant curb ramps or another means of compliant vertical access.

(iii) Declaratory Relief. To resolve plaintiff's claims for declaratory relief, he requests an order declaring that that they have periodically during the statutory period resurfaced the parking with additional material and/or restriped them, that the current configuration of the designated parking facilities and their access aisles stand in violation of the hotel's construction and programmatic obligations, that it therefore constitute illegal non-conforming conditions per at least 85-T24 2-7102; 91-ADAAG 4.1(5)(a) & 4.6; 98-T24 1129B; 16-T24 11B-208 & 502; and 10-ADAS 208 & 502, that it denies individuals like plaintiff with full

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

First Amended Complaint for Equitable Relief and Damages:
Case No. 19-cv-00079-RS

— 32 —

and equal access, that it therefore discriminates against them because of their disabilities, and that the hotel's associated agreements herein related to these facilities serve to fully vindicate the associated violation of plaintiff's civil rights.

c. **Guestrooms.**

i. **Scoping.**

(1) **Increase.**

(a) The hotel fails to provide the total number guestrooms required by code to be equipped for mobile accessibility, having only three such room on site when seven are required.

(b) Injunctive Relief. To resolve plaintiff's construction and programmatic claims for injunctive relief concerning the current number of designated disabled accessible guestrooms that are equipped with mobility features at this 123-guestroom hotel, which is 3 designated rooms, plaintiff requests an order requiring defendants, that in addition to correcting the inaccessible features of these 3 designated guestrooms per the deficiencies set forth below, that they also design, construct, and designate a total of 4 more fully accessible guestrooms that are equipped with fully compliant mobility features, thereby bringing the total of such designated rooms to 7, and to comply with the literal requirements identically set forth at 16-T24 11B-224.2, Table 11B-224.2, & 11B-806.2; and 10-ADAS 224.2, Table 224.2 & 806.2. (Hereafter, the current 3 rooms and the future 4 shall be referred to collectively as "the existing and resulting inventories.")

(c) Declaratory Relief. To resolve plaintiff's associated claims for declaratory relief, he requests an order declaring that the hotel currently stands in violation of its past construction and programmatic obligations to provide 7 accessible guestrooms, that the current inventory of 3 designated guestrooms is an illegal non-conformance (both in terms of number and configuration), per the requirements of at least 91-ADAAG 9.1.2, 9.2, 4.21 & Figure 57(a); 42 USC secs. 12812(b)(2)(iv) & 12183(a)(2); 98-T24 1111B.4 & Table 11B3; and

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

10-ADAS 224.2, Table 224.2 & 806.2, [4/] that it denies individuals like Long the full and equal access to the hotel's guestroom facilities that they are entitled to by law, that it therefore discriminates against them because of their disabilities, and that the agreements reached in this and previous paragraph serve to fully vindicate attendant civil rights.

(2)   **Roll-In Showers.**

(a)   Because of the deficiencies in existing guestroom Numbers 110 and 111, defendants lack the 2 designated guestrooms configured with accessible roll-in showers that are required by code.

(b)   Injunctive Relief. To resolve plaintiff's construction and programmatic claims concerning the configuration of the roll-in shower facilities in guestrooms 110 and 111 and their violation of per 91-ADAAG 4.21 & Figure 57(a); 42 USC secs. 12812(b)(2)(iv) & 12183(a)(2); and 98-T24 1115B.6.2, he requests an order requiring defendants to reconfigure the existing and/or resulting mobility inventory to provide a minimum of 2 guestrooms equipped with fully-compliant roll-in shower facilities meeting California's current minimum requirements, i.e., per the minimum design requirements of 16-T24 11B-608.2.

(c)   Declaratory Relief. To resolve plaintiff's associated claims for declaratory relief, he requests an order declaring that this hotel stands in violation of its past construction obligation and/or programmatic obligation to provide at least 2 fully compliant guestrooms with roll-in shower facilities, that the configuration of the hotel's current designated guestrooms with roll-in showers constitute an illegal non-conformance per at least the literal requirements of 91-ADAAG 4.21 & Figure 57(a); 42 USC secs. 12812(b)(2)(iv) & 12183(a)(2); and 98-T24 1115B.6.2, that they therefore serve to deny individuals like Long with full and equal access to the hotel's guestroom facilities that they are entitled to under the law, that they therefore discriminate against them because of their disabilities, and that the rectification set

---

[4]   **Note:** plaintiff seeks a further order declaring that the hotel's original construction of guestroom facilities in 1989 also failed to meet the minimum scoping requirements set forth in 85-T24 at 2-1213(a) 1, which, at the time, would have required the hotel's provision of at least five mobility-equipped guestrooms. (Id.)

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

forth in this and the foregoing paragraph serves to fully vindicate attendant civil rights.

(3) **Tubs.**

(a) Currently, the hotel lacks any designated guestrooms properly configured with an accessible tub.

(b) Injunctive Relief. To resolve plaintiff's construction and programmatic claims for injunctive relief concerning the failure of the hotel's guestroom remodel project in 2001 to meet the minimum design requirements for compliant tub facilities within mobility equipped guestrooms, as set forth at 91-ADAAG 4.20; 42 USC secs. 12812(b)(2)(iv) & 12183(a)(2); and 98-T24 1115B.6.1, he requests an order requiring defendants to ensure that both its current tub-equipped-designated guestroom (at No. 105) and those tub-equipped within the resulting increased mobility inventory provide fully-compliant tub facilities that meet the current minimum requirements, i.e., per the literal minimum design requirements set forth at 16-T24 11B-607 and 10-ADAS 607.

(c) Declaratory Relief. To resolve plaintiff's associated claims for declaratory relief, he requests an order declaring that this hotel stands in violation of its past construction obligation and/or programmatic obligation to provide guestrooms with compliant tub facilities, that the configuration of guestroom no. 105 constitute an illegal non-conformance per at least 91-ADAAG 4.20 & Figure 33; 42 USC secs. 12812(b)(2)(iv) & 12183(a)(2); and 98-T24 1115B.6.1 & Figs 11B-8 - 11B-9; that they therefore deny individuals like Long with full and equal access to the hotel's guestroom facilities, that they therefore discriminate against them because of their disabilities, and that the rectification set forth in this paragraph serves to fully vindicate his attendant civil rights.

(4) **Communication Features.**

(a) The hotel has installed certain "communication features" within the existing 3 designated accessible guestrooms in an effort to make them also compliant with the code requirements for rooms equipped with communication features, meaning the hotel currently has equipped only the existing 3 mobility-equipped rooms with these communication features, i.e., it has no communication-equipped guestrooms outside the current mobility

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

1    inventory

2                    (b)    Injunctive Relief. To resolve plaintiff's construction and

3    programmatic claims for injunctive relief that the hotel has improperly overlapped guestrooms

4    with communication features with those equipped with mobility features, he requests an order

5    requiring defendants to ensure that not more than 10 percent of the existing and resulting

6    mobility inventories shall be used to satisfy (overlap) the minimum number of guest rooms

7    required to provide communication features complying with 806.3; meaning, for this hotel, that

8    11 of the resulting 12 guestrooms with communication features (that defendants are required to

9    install ) shall be designated and constructed outside the inventory of the existing and resulting

10   inventory of 7 mobility-equipped guestrooms, and so as to conform to the literal 16-CBC 224.4 &

11   Table 224.4; and 10-ADAS 224.4 & Table 224.4.

12                   (c)    Declaratory Relief. To resolve plaintiff's associated claims for

13   declaratory relief, he requests an order declaring that this hotel stands in violation of its past

14   construction obligation and/or programmatic obligation to prevent this improper overlap of

15   facilities, that the current overlap constitutes an illegal non-conformance per 91-ADAAG 9.1.2 &

16   9.1.3; 42 USC secs. 12812(b)(2)(iv) & 12183(a)(2); 98-T24 1111B.4 & Tables 11B-3 thru

17   11B-4; and 10-ADAS 224.4 & Table 224.4, that it therefore denies individuals like Long with full

18   and equal access to the hotel's guestroom facilities they are entitled to under the law, that it

19   therefore discriminates against them because of their disabilities, and that the associated

20   agreements set forth herein serve to fully vindicate plaintiff's civil rights.

21           (5)    **Dispersion.**

22                   (a)    The existing accessible guestrooms are not reasonably spread

23   across the full range of accommodation, but are limited to a single, one-bed class, and all are

24   found at inferior, non-premium locations.

25                   (b)    Injunctive Relief. To resolve plaintiff's construction and

26   programmatic claims for injunctive relief that the hotel has failed to disperse its accessible

27   facilities across the full range of accommodation including, but not limited to, standard queen,

28   standard two double-bed, queen deluxe room with pool view, and standard two-queen), and

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

because the GO 56 Inspection confirmed that this hotel provides a number of classes of amenities and price ranges dependent upon the number of beds and/or premium locations, such as those near the pool (, he requests an order requiring defendants to disperse the guestrooms of the existing and resulting mobility inventories among this identical range of accommodation, and thereby providing persons with mobility disabilities a range of choices of room types, and with the same range of bed offerings, locations and other amenities comparable to that provided to other guests, and to comply with the literal requirements identically set forth at 1616-CBC 224.5; and 10-ADAS 224.5.

(6)  Declaratory Relief. To resolve plaintiff's associated claims for declaratory relief, he requests an order declaring that this hotel stands in violation of its past construction obligation and/or programmatic obligation to disperse these facilities, that the current dispersion is non-equitable and therefore constitutes an illegal non-conformance per 91-ADAAG 9.1.4; 42 USC secs. 12812(b)(2)(iv) & 12183(a)(2); 98-T24 1111B.4.1, that it therefore denies individuals like Long with full and equal access to the hotel's guestroom facilities that they are entitled to under the law, that it therefore discriminates against them because of their disabilities, and that the rectification and other agreements set forth in this paragraph serves to fully vindicate his attendant civil rights.

(7)  **Other Amenities.**

(a)  The hotel discriminates in that some of the hotel's current standard guestroom-offerings contain certain amenities not available within the designated mobility-equipped disabled accessible guestrooms (e.g., premium bedding, refrigerator, etc.).

(b)  Injunctive Relief. To resolve plaintiff's associated construction and programmatic claims, he requests an order requiring defendants to ensure that the reconfiguration of the existing and resulting mobility inventory includes amenity-offerings equivalent to those offered within the standard guestrooms, and so as to comply with the literal requirements identically set forth at 16-CBC 224.5; and 10-ADAS 224.5.

(c)  Declaratory Relief.

(i)  To resolve plaintiff's associated claims for declaratory relief, he

1    requests an order declaring that:

2            (I)    The hotel stands in violation of its past construction

3    obligation and/or programmatic obligation to provide individuals like with Long the opportunity

4    to lodge in rooms with amenities equal to those offered others, that the existing offerings to him

5    are an illegal non-conformance per at least 91-ADAAG 9.1.4; 42 USC secs. 12812(b)(2)(iv) &

6    12183(a)(2); and 98-T24 1111B.4.1;

7            (II)    That it thereby denies individuals like him the full and

8    equal access to the hotel's guestroom facilities that they are entitled to under the law, that they

9    therefore discriminate against them because of their disabilities, and that the rectification and

10   other agreements set forth in this paragraph serves to fully vindicate his attendant civil rights.

11       (8)   **Standard, Non-Mobility-Equipped Guestrooms.**

12           (a)   The bathrooms of the hotel's non-designated standard guestroom

13   fail to provide the minimum required access for entering and using the fixtures.

14           (b)   Injunctive Relief. To resolve plaintiff's construction claims that the

15   standard, non-mobility equipped guestrooms at the hotel fail to meet the minimum design

16   requirements, he requests an order requiring defendants to retain a qualified CASp consultant to

17   inspect the toilet and bathing area of all ~120 non-designated guestrooms at the hotel (i.e., all

18   other guestrooms at the hotel falling outside the mobility inventory specified by 16-CBC

19   11B-224.2, Table 11B-224.2, 11B-806.2), and reconfigure each such guestroom that fails to

20   comply strictly with the literal path of travel requirements imposed by 16-T24 11B-224.1.4 and

21   11B-603.6, i.e., by adjusting the floor-mount of the toilet, relocating the tissue dispenser, and/or

22   removing any other obstructions as necessary to ensure the provision of a at least a 30 inch by 48

23   inch area in the bathroom that permits a person using a wheelchair to touch the wheelchair to all

24   fixtures, e.g., both the water closet and tub. Also see, 98-T24 1111B.4.6 1.

25           (c)   Declaratory Relief. To resolve plaintiff's associated claims for

26   declaratory relief, he requests an order declaring that:

27           (i)   That this hotel's 120 standard guestrooms stand in violation of

28   its past construction obligation and/or programmatic obligation to provide individuals like with

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

Long the opportunity to utilize the entry and bathroom facilities within the hotel's standard, i.e., in that they fail to provide a 30x48 inch clear floor space next to all fixtures;

(ii) That the existing configuration of such rooms therefore constitutes an illegal non-conforming violation per at least 98-24 1111B.4.6 1, that they therefore deny individuals like him full and equal access to the hotel's guestroom facilities, that it therefore discriminates against them because of their disabilities, and that the rectification set forth in this paragraph serves to fully vindicate attendant civil rights.

    ii. **Common Conditions w/in the Existing and Resulting Mobility Inventory.**

       (1) **Entrance.**

         (a) **Signage.**

           (i) **ADA Signage.**

(I)   The current designated guestroom lack required ADA signage designating these special accessible spaces.

(II)  Injunctive Relief. To resolve plaintiff's construction and programmatic claims for injunctive relief concerning the hotel's failure to provide exterior door signage, he requests an order requiring defendants to provide compliant signage for all rooms in the existing and resulting inventory satisfying all the literal requirements of 16-T24 11B-216.2 & 11B-703; and 10-ADAS 216.2 & 703.

(III) Declaratory Relief. To resolve plaintiff's associated claims for declaratory relief, he requests an order declaring that that this condition stands in violation of its past construction obligation and/or programmatic obligation to provide individuals with disabilities with this signage, that the failure of the existing facilities constitutes an illegal non-conformance per at least 85-T24 2-1720; 91-ADAAG 4.1.2(7) & 4.30; 42 USC secs. 12812(b)(2)(iv) & 12183(a)(2); and 98-T24 1117B.5; that they therefore deny individuals like Long the full and equal access to the hotel's guestroom facilities that they are entitled to under the law, that they therefore discriminate against them because of their disabilities, and that the serve to fully vindicate attendant civil rights.

(IV) **Evacuation Signage.**

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

1     (A)   For the existing designated guestrooms, the existing

2   evacuation signage on the interior side of the entry door is not set within the viewable range and

3   in a compliant font.

4     (B)   Injunctive Relief. To resolve plaintiff's construction

5   and programmatic claims for injunctive relief concerning the hotel's failure to set the evacuation

6   signage within the viewable range and in a compliant font, he requests an order requiring

7   defendants to provide compliant signage complying with the literal viewing and font

8   requirements of 16-T24 11B-703; and 10-ADAS 703 (within all guestrooms of the existing and

9   resulting mobility-equipped inventories).

10     (C)   Declaratory Relief. To resolve plaintiff's associated

11   claims for declaratory relief, he requests an order declaring that that this condition stands in

12   violation of its past construction obligation and/or programmatic obligation to provide

13   individuals with disabilities with this signage, that the failure of the existing facilities constitutes

14   an illegal non-conformance per at least 85-T24 2-1720; 91-ADAAG 4.30; 42 USC secs.

15   12812(b)(2)(iv) & 12183(a)(2); 98-T24 1117B.5; and 10-ADAS 703, that they therefore deny

16   individuals like Long the full and equal access to the hotel's guestroom facilities that they are

17   entitled to under the law, that they therefore discriminate against them because of their

18   disabilities, and that the relief ordered by the court concerning this condition serve to fully

19   vindicate attendant civil rights.

20     (b)   **Threshold.**

21       (i)   **Height.**

22     (I)   While all standard and designated guestrooms at the hotel

23   utilize a compliant threshold model (that is ½ inch in height with a beveled slope of 1:2), these

24   plates are unfortunately not set flush to the exterior door landing, and thus these non-compliant

25   installations add an additional ¼ to ½ inch to the overall threshold height, making them non-

26   compliant.

27     (II)   Injunctive Relief. To resolve plaintiff's construction and

28   programmatic claims for injunctive relief concerning the height of the entry-threshold exceeding

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

1   the maximum-permissible height of ¼ inch vertical or ½ inch when beveled to a slope of 1:2, he

2   requests an order requiring defendants to either lower the existing threshold plate so that the

3   resulting exterior bottom edge is flush to (directly touching) the surface of the exterior door

4   landing, or apply the necessary skimcoat material to the exterior landing to raise this landing,

5   making it flush with the exterior bottom edge of the threshold plate  (within all guestrooms of the

6   existing and resulting inventories), and so as to cause this entry threshold to comply with the

7   literal requirements identically set forth in 16-T24 11B-302, 11B-303 & 11B-404.2.5; and

8   10-ADAS 302, 303, 404.2.5.

9         (III) Declaratory Relief. To resolve plaintiff's associated

10   claims for declaratory relief, he requests an order declaring that that this hotel stands in violation

11   of its past construction obligation and/or programmatic obligation to provide individuals with

12   disabilities with a compliant threshold meeting this height requirement, that the failure of the

13   existing facilities constitutes an illegal non-conformance per at least 85-T24 2-3303(i)(1) 1;

14   91-ADAAG 4.13.8 & 4.5.2; 42 USC secs. 12812(b)(2)(iv) & 12183(a)(2); 95-T24 1004.9.1a;

15   10-ADAS 302, 303, 404.2.5, that they therefore deny individuals like Long the full and equal

16   access to the hotel's entryway facilities that they are entitled to under the law, that they therefore

17   discriminate against them because of their disabilities, and that the relief ordered by the court

18   concerning this condition serve to fully vindicate attendant civil rights.

19        (ii)  **Stable, Firm & Slip Resistant.**

20         (I)   Some of the threshold plates for the designated

21   guestrooms are not firmly affixed.

22         (II)   Injunctive Relief. To resolve plaintiff's construction and

23   programmatic claims the entry-threshold plates in some of the designated guestroom are not

24   firmly affixed to surface, and that defendants' existing maintenance procedures have failed to

25   correct this defect, he requests an order requiring defendants to firmly affix this threshold plate

26   and otherwise modify their policies, practices, and procedures concerning the maintenance of the

27   accessible features and facilities, and back these modifications with adequate employee training,

28   and so as to ensure literal compliance with 16-T24 11B-302, 11B-303 & 11B-404.2.5; and

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

1    10-ADAS 302, 303 & 404.2.5.

2                    (III) Declaratory Relief. To resolve plaintiff's associated

3    claims for declaratory relief, he requests an order declaring that that this hotel stands in violation

4    of its past construction obligation and/or programmatic obligation to provide individuals with

5    disabilities with a compliant threshold meeting this height requirement, that the failure of the

6    existing facilities constitutes an illegal non-conformance per at least 85-T24 2-3303(i)(1) 1; 91-

7    ADAAG 4.5.1; 42 USC secs. 12812(b)(2)(iv) & 12183(a)(2);  95-T24 1004.9.1a; and 10-ADAS

8    302, 303, 404.2.5, that they therefore deny individuals like Long the full and equal access to the

9    hotel's entryway facilities that they are entitled to under the law, that they therefore discriminate

10   against them because of their disabilities, and that the relief ordered by the court concerning this

11   condition serve to fully vindicate attendant civil rights.

12                    (iii) **Peep Hole.**

13                    (I)    Injunctive Relief. To resolve plaintiff's programmatic

14   claims for guestrooms 110 and 105 concerning the absence of a lowered accessible peephole, he

15   requests an order requiring defendants to install a lowered peephole (within the existing and

16   resulting inventories) at an on-center height of 48 inches maximum, and so as to conform with

17   10-ADAS 309 & 806.2.1.

18                    (II)   Declaratory Relief. To resolve plaintiff's associated

19   claims for declaratory relief, he requests an order declaring that that this hotel stands in violation

20   of its past construction obligation and/or programmatic obligation to provide individuals with

21   disabilities with an accessible and usable peephole to use for security purposes, that the failure of

22   the existing facilities constitutes an illegal non-conformance per, e.g., at least 91-ADAAG Fig.

23   A3; 42 USC secs. 12812(b)(2)(iv) & 12183(a)(2);  and 10-ADAS 309 & 806.2.1, that they

24   therefore deny individuals like Long the full and equal access to the hotel's security features that

25   they are entitled to under the law, that they therefore discriminate against them because of their

26   disabilities, and that the relief ordered by the court concerning this condition serve to fully

27   vindicate attendant civil rights.

28                    (iv) **Hardware.**

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

1       (I) **Security Latch.**

2          (A) In the existing designated guestrooms, the security

3 latch is set outside the compliant reach range.

4          (B) Injunctive Relief. To resolve plaintiff's construction

5 and programmatic claims for injunctive relief concerning the height of the security latch at the

6 entry doors, which exceeds the maximum-permissible by the codes, he requests an order

7 requiring defendants to remount the latch so that the center of its operable-portion is set no

8 higher than 34 inches minimum and 44 inches maximum above the finished floor (AFF) (within

9 all guestrooms of the existing and resulting inventories), thereby complying with the literal

10 requirements set forth at 16-CBC 11B-404.2.7 & 11B-806.2.1.

11          (C) Declaratory Relief. To resolve plaintiff's associated

12 claims for declaratory relief, he requests an order declaring that that this hotel stands in violation

13 of its past construction obligation and/or programmatic obligation to provide individuals with

14 disabilities with an accessible and usable security latch, that the failure of the existing facilities

15 constitutes an illegal non-conformance per, e.g., at least 85-T24 2-1213(a) 1 & 2-3303(c) 1,

16 Excep. 2; 91-ADAAG 4.13.9 and 9.2.2(g); 42 USC secs. 12812(b)(2)(iv) & 12183(a)(2); 98-T24

17 1004.3 2 & 1111B.4.2; and 10-ADAS 404.2.7 & 806.2.1, that they therefore deny individuals like

18 Long the full and equal access to the hotel's security features that they are entitled to under the

19 law, that they therefore discriminate against them because of their disabilities, and that the relief

20 ordered by the court concerning this condition serve to fully vindicate attendant civil rights.

21      (v) **Slide-Reader & Deadbolt Assembly.**

22       (I) **Height.**

23          (A) Within the designated guestrooms, the slide-reader

24 and deadbolt assembly is set outside the required reach range set by Title 24.

25          (B) Injunctive Relief. To resolve plaintiff's construction

26 claims for injunctive relief concerning this condition, plaintiff seeks an order requiring defendants

27 to remount the slide-read and deadbolt assembly hardware (within the existing and resulting

28 inventories) so that the top of the slide-reader is set no higher than 34 inches minimum and 44

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

1   inches maximum above the finished floor (AFF), thereby complying with the literal requirements

2   set forth at 16-CBC 11B-404.2.7 & 11B-806.2.

3             (II)   **Operation.**

4                (A)   The current door hardware requires tight grasping,

5   pinching and twisting of the wrist to operate.

6                (B)   Injunctive Relief. To resolve plaintiff's construction

7   and programmatic claims for injunctive relief concerning the operation of the deadbolt at the

8   entry doors, he requests an order requiring defendants to replace this hardware with a model

9   does not require tight grasping, pinching or twisting of the wrist to operate (within all guestrooms

10   of the existing and resulting inventories), and so as to comply with the literal requirements of

11   16-CBC 11B-309.4 & 11B-404.2.7, and 10-ADAS 309.4 & 404.2.7.

12                (C)   Declaratory Relief. To resolve plaintiff's associated

13   claims for declaratory relief, he requests an order declaring that that is has failed to provide a

14   model complying with grasping requirements, that the failure of the existing facilities constitutes

15   an illegal non-conformance per, e.g., at least 85-T24 2-1213(a) 3 & 2-3303(c) 3; 91-ADAAG

16   4.13.9 & 9.1.1; 42 USC secs. 12812(b)(2)(iv) & 12183(a)(2); 98-T24 1004.14 & 1111B.4, and

17   10-ADAS 309.4 & 404.2.7, that they therefore deny individuals like Long the full and equal

18   access to the hotel's security features that they are entitled to under the law, that they therefore

19   discriminate against them because of their disabilities, and that the relief ordered by the court

20   concerning this condition serve to fully vindicate attendant civil rights.

21           (2)   **Windows.**

22             (a)   **Drape Pulls.**

23              (i)   **Height.**

24               (I)   The drape pulls are set above the maximum allowable

25   reach range.

26               (II)   Injunctive Relief. To resolve plaintiff's construction and

27   programmatic claims for injunctive relief concerning the excessive height of the drape-wand

28   pulls, he requests an order requiring defendants to provide compliant drape wand pulls with the

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

First Amended Complaint for Equitable Relief and Damages:
Case No. 19-cv-00079-RS

— 44 —

operable portion of the wand (see next) set to a minimum height of 15 inches and a maximum height of 48 inches (within all guestrooms of the existing and resulting inventories), and so as to comply with the literal requirements of 16-T24 11B-308 & 11B-806.2.1 and 10-ADAS 308 & 806.2.1.

(III) Declaratory Relief. To resolve plaintiff's associated claims for declaratory relief, he requests an order declaring that that this hotel stands in violation of its past construction obligation and/or programmatic obligation to provide individuals with disabilities with reachable drape-pull facilities, that the failure of the existing facilities constitutes an illegal non-conformance per, e.g., at least 91-ADAAG 4.27.4 and 9.2.2(g); 42 USC secs. 12812(b)(2)(iv) & 12183(a)(2); and 98-T24 11117B.6 4 & 1111B.4.2, and 10-ADAS 308 & 806.2.1, that they therefore deny individuals like Long the full and equal access to the hotel's security, comfort and lighting features that they are entitled to under the law, that they therefore discriminate against them because of their disabilities, and that the relief ordered by the court concerning this condition serve to fully vindicate attendant civil rights.

(ii)   **Operation of Pulls.**

(I)   The current pulls require tight grasping, pinching or twisting of the wrist to operate.

(II)   To resolve plaintiff's construction and programmatic claims for injunctive relief concerning the graspability of the drape-wand pulls, he requests an order requiring defendants to replace the current pulls with a model that does not require the user to engage tight grasping, pinching or twisting of the wrist to pull the drapes shut (within the existing and resulting inventories), and so as to comply with the literal requirements of 16-T24 11B-309 & 11B-806.2.1, and 10-ADAS 309 & 806.2.1.

(III) Declaratory Relief. To resolve plaintiff's associated claims for declaratory relief, he requests an order declaring that that this hotel stands in violation of its past construction obligation and/or programmatic obligation to provide individuals with disabilities with operable drape-pull facilities, that the failure of the existing facilities constitutes an illegal non-conformance per, e.g., at least 91-ADAAG 4.27.4 and 9.2.2(g); 42 USC secs.

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

1   12812(b)(2)(iv) & 12183(a)(2); and 98-T24 1111B.4.2 & 11117B.6 4, and 10-ADAS 309 &

2   806.2.1, that they therefore deny individuals like Long the full and equal access to the hotel's

3   security, comfort and lighting features that they are entitled to under the law, that they therefore

4   discriminate against them because of their disabilities, and that the relief ordered by the court

5   concerning this condition serve to fully vindicate attendant civil rights.

6                              (iii) **Window Hardware.**

7                                         (I)   Improperly, the current window hardware requires tight

8   grasping, pinching and twisting of the wrist to operate.

9                                         (II)   Injunctive Relief. To resolve plaintiff's construction and

10   programmatic claims for injunctive relief concerning the operation of the locking hardware, he

11   requests an order requiring defendants to replace the current hardware (within the existing and

12   resulting inventories) with a model that does not require the user to engage tight grasping,

13   pinching or twisting of the wrist to operate, and so as to comply with the literal requirements of

14   16-T24 11B-309 & 11B-806.2.1, and 10-ADAS 309 & 806.2.1.

15                                         (III) Declaratory Relief. To resolve plaintiff's associated

16   claims for declaratory relief, he requests an order declaring that that this hotel stands in violation

17   of its past construction obligation and/or programmatic obligation to provide individuals with

18   disabilities with operable window hardware, that the failure of the existing facilities constitutes an

19   illegal non-conformance per, e.g., at least 91-ADAAG 4.27.4 and 9.2.2(g); 42 USC secs.

20   12812(b)(2)(iv) & 12183(a)(2); and 98-T24 1111B.4.2 & 11117B.6 4, and 10-ADAS 309 &

21   806.2.1, that they therefore deny individuals like Long the full and equal access to the hotel's

22   security, comfort and environmental features that they are entitled to under the law, that they

23   therefore discriminate against them because of their disabilities, and that the relief ordered by the

24   court concerning this condition serve to fully vindicate attendant civil rights.

25                              (iv) **Operation of Windows.**

26                                         (I)   Improperly, the guestroom windows in the designated

27   guestrooms require excessive amount of force to open.

28                                         (II)   Injunctive Relief. To resolve plaintiff's construction and

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

programmatic claims for injunctive relief concerning the actions needed to operate, reach and

apply the required amount of force to open and close the windows (currently, the operation

requires the user to reach halfway up the frame, grasp the frame, and shimmy the frame in a

rocking motion), he requests an order requiring defendants to replace the current windows

(within the existing and resulting inventories) with a model that can be operated at its base by

smooth motion and with a force not exceeding 5 libs., and without having to grasp, pinch or

twisting of the wrist, and so as to comply with the literal requirements of 16-T24 11B-308,

11B-309 & 11B-806.2.1, and 10-ADAS 308, 309 & 806.2.1.

(III) Declaratory Relief. To resolve plaintiff's associated

claims for declaratory relief, he requests an order declaring that that this hotel stands in violation

of its past construction obligation and/or programmatic obligation to provide individuals with

disabilities with operable windows, that the failure of the existing facilities constitutes an illegal

non-conformance per, e.g., at least 91-ADAAG 4.27.4 and 9.2.2(g); 42 USC secs.

12812(b)(2)(iv) & 12183(a)(2); and 98-T24 1111B.4.2 & 11117B.6 4, and 10-ADAS 308, 309 &

806.2.1, that they therefore deny individuals like Long the full and equal access to the hotel's

security, comfort and environmental features that they are entitled to under the law, that they

therefore discriminate against them because of their disabilities, and that the relief ordered by the

court concerning this condition serve to fully vindicate attendant civil rights.

>(3) **Bedroom.**

>>(a) **Controls.**

>>>(i) **Lighting.**

(I)   The lighting fixtures in the bedroom require excessive

reach and over an obstruction and require tight grasping, pinching and twisting of the wrist to

operate.

(II)  Injunctive Relief. To resolve plaintiff's construction and

programmatic claims to properly configure and place the lamps found over the desk and at the

nightstand, he requests an order requiring defendants replace or modify these current fixtures

(within the existing and resulting inventories), and to modify these obstructions, all to ensure that

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

these lamps are situated next to a compliant accessible clear floor space and/or placed within the required reach range, and that the controls do not require tight grasping, pinching or twisting of the wrist to operate, and so as to comply with the near identical requirements of 16-T24 11B-305, 11B-308, 11B-309, 11B-806.2.1 & 11B-806.2.3; and 10-ADAS 305, 308, 309, 806.2.1 & 806.2.3. Note: the controls of the fixture adjacent to the bed are also outside the operable reach range from the edge of the bed.

(III) Declaratory Relief. To resolve plaintiff's associated claims for declaratory relief, he requests an order declaring that that this hotel stands in violation of its past construction obligation and/or programmatic obligation to provide individuals with disabilities with accessible and usable lighting fixtures, that the failure of the existing facilities constitutes an illegal non-conformance per, e.g., at least 85-T24 2-1213(a) 1, 2-1719, 2-1722(a)-(d) & 3-380-9; 91-ADAAG 4.27.4 & 9.2.2(g); 42 USC secs. 12812(b)(2)(iv) & 12183(a)(2); 98-T24 11117B.6 4 & 1111B.4.2; and 10-ADAS 305, 308, 309, 806.2.1 & 806.2.3, that they therefore deny individuals like Long the full and equal access that they are entitled to under the law, that they therefore discriminate against them because of their disabilities, and that the relief ordered by the court concerning this condition serve to fully vindicate attendant civil rights.

(ii) **HVAC.**

(I)   Improperly, the HVAC controls in the designated guestrooms are mounted outside the required reach range and are also not located adjacent to a clear ground floor space.

(II)   Injunctive Relief. To resolve plaintiff's construction and/or programmatic claims concerning the hotel's programmatic failure to properly place the wall-mounted, electronic controls for the HVAC adjacent to a compliant clear ground floor space and within the accessible reach range of 48 inches AFF, he requests an order requiring defendants to remount these controls to a maximum height of 48 inches AFF (within the existing and resulting inventories), and so as to comply with the literal requirements of 16-T24 11B-305, 11B-308, 11B-309 & 806.2.3; and 10-ADAS 305, 308, 309, 806.2.1 & 806.2.3.

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

(III) Declaratory Relief. To resolve plaintiff's associated claims for declaratory relief, he requests an order declaring that that this hotel stands in violation of its past construction obligation and/or programmatic obligation to provide individuals with disabilities with accessible and usable HVAC controls, that the failure of the existing facilities constitutes an illegal non-conformance per, e.g., at least 85-T24 2-1213(a) 1, 2-1719, 2-1722(a)-(d) &  3-380-9; 91-ADAAG 4.27.4 & 9.2.2(g); 42 USC secs. 12812(b)(2)(iv) & 12183(a)(2); 98-T24 11117B.6 4 & 1111B.4.2; and 10-ADAS 305, 308, 309, 806.2.1 & 806.2.3, that they therefore deny individuals like Long the full and equal access that they are entitled to under the law, that they therefore discriminate against them because of their disabilities, and that the relief ordered by the court concerning this condition serve to fully vindicate attendant civil rights.

(b)   **Furniture.**

(i)   **Desk.**

(I)   **Kneespace.**

(A)   The desk in the designated guestrooms lacks required kneespace.

(B)   Injunctive Relief. To resolve plaintiff's programmatic claims concerning the hotel's failure to provide its freestanding desk with sufficient clear-floor and kneespace in the area underneath it, he requests an order requiring defendants to either install a new model or raise the height of the current model (within both the exiting and resulting  inventories), so as to provide a minimum clear floor space of 30 inches by 48 inches positioned for a forward approach, with minimum toe clearance of between 17 inches and 25 inches measured to a height of 9 inches AFF, and minimum depth knee clearance of 11 inches minimum at 9 inches AFF and 8 inches minimum at 27 inches AFF, and minimum-width for all these dimensions of 30 inches; all in order to comply with the literal requirements for toe & knee clearance and clear floor space at 16-T24 11B-226, 11B-305, 11B-306, 11B-806.2.1, & 11B-902.1; 10-ADAS 226, 305, 306, 806.2.1, & 902.1.

(C)   Declaratory Relief. To resolve plaintiff's associated

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

1     claims for declaratory relief, he requests an order declaring that that this hotel stands in violation

2     of its past construction obligation and/or programmatic obligation to provide individuals with

3     disabilities with accessible and usable desk facilities, that the failure of the existing facilities

4     constitutes an illegal non-conformance per, e.g., at least 42 USC secs. 12812(b)(2)(iv);  and DOJ

5     regulations, 28 CFR Part 36 (2010) at pp. 56315-56315, and likely also under 85-T24 2-1213(a),

6     2-1722(a) & Fig. 17-C(b); 91-ADAAG 4.232 & 9.2.2(6)(a), (c); and 98-T24 1111B.4.2 &

7     1118B.4.1 & Figs. 11B-5A & 11B-5C, that they therefore deny individuals like Long the full and

8     equal access that they are entitled to under the law, that they therefore discriminate against them

9     because of their disabilities, and that the relief ordered by the court concerning this condition

10     serve to fully vindicate attendant civil rights.

11                (ii)  **Obstruction of Power Charging Port.**

12                      (I)    In the designated guestrooms, the standing paper signs

13     placed on the desk serve to hide the existence of, and disabled prevent access to, the USB

14     charging port at the back of the desk.

15                      (II)  Injunctive Relief. To resolve plaintiff's procedural claims

16     (under 42 USC 12182(b)(2)(A)(ii)) concerning the hotel's policies, practice and procedure of

17     obstructing view of the available, desktop charging port at the back of the desk with information

18     signs placed in front of the port, he requests an order requiring defendants to modify their

19     policies, practices and procedures for guest services, and back these changes with employee

20     training, to eliminate this practice.

21                      (III) Declaratory Relief. To resolve plaintiff's associated

22     claims for declaratory relief, he requests an order declaring that that this hotel's practice of

23     obstructing view of this port (especially given individuals in wheelchairs cannot access the lower

24     electrical receptacle located on the wall behind the desk) violates its general obligation to

25     maintain the accessibility of its facilities, at least regarding the duty to maintain accessible

26     features, please see, 16-T24 § 11B-108; 42 USC 12182(b)(2)(A)(ii); and DOJ Tech Asst. at

27     III-3.7000, that the practice therefore denies individuals like Long the full and equal access that

28     they are entitled to under the law, that it therefore discriminates against them because of their

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

First Amended Complaint for Equitable Relief and Damages:
Case No. 19-cv-00079-RS

— 50 —

1     disabilities, and that the relief ordered by the court concerning this condition serve to fully

2     vindicate attendant civil rights.

3                                 (iii) **Bed.**

4                                       (I)   **Height.**

5                                             (A)   The height of the bed is set outside the maximum

6     usable transfer height.

7                                             (B)   Injunctive Relief. To resolve plaintiff's

8     programmatic claims concerning the hotel's failure to provide a bed at an accessible transfer

9     height to the bed, he requests an order requiring defendants to install a bed with a maximum top

10    surface height when fully dressed of between 17 to 19 inches (within the exiting and resulting

11    inventories), and in conformance with general code specifications for accessible transfer heights,

12    see, e.g., 16-T24 11B-604.4 (toilet seats) & 11B-903.5 (benches, 17-19 inches), and 10-ADAS

13    604.4 (same) & 903.5 (same), and per the programmatic obligations at 42 USC secs.

14    12812(b)(2)(iv); and DOJ regulations, 28 CFR Part 36 (2010) at pp. 56315-56315.

15                                            (C)   Declaratory Relief. To resolve plaintiff's associated

16    claims for declaratory relief, he requests an order declaring that that this hotel's failure to provide

17    a bed an accessible transfer height violates their basic programmatic obligations, denies

18    individuals like Long the full and equal access that they are entitled to under the law, that it

19    therefore discriminates against them because of their disabilities, and that the relief ordered by

20    the court concerning this condition serve to fully vindicate attendant civil rights.

21                                      (II)   **Clear Space.**

22                                            (A)   The bed in the designated guestrooms fail to

23    provide required clear floor space on both sides of the bed.

24                                            (B)   Injunctive Relief. To resolve plaintiff's construction

25    and programmatic claims with respect to the existing single-bed inventory and the failure to

26    provide and maintain a minimum clear path on both sides of the bed, he requests an order

27    requiring defendants to take steps to ensure that a clear path of 36 inches minimum is provided

28    and maintained on both sides of the bed in all mobility rooms equipped with a single bed, and that

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

First Amended Complaint for Equitable Relief and Damages:
Case No. 19-cv-00079-RS

— 51 —

1   this same dimension is provided and maintained between beds in all mobility rooms of the

2   resulting inventory with two beds, and so as to comply with the literal requirements  at 16-T24

3   11B-806.2.3 & 11B-902.1.

4              (C)   Declaratory Relief. To resolve plaintiff's associated

5   claims for declaratory relief, he requests an order declaring that that this hotel stands in violation

6   of its past construction obligation and/or programmatic obligation to provide and maintain this

7   clear floor space for individuals with disabilities, that the failure of the current facilities and

8   practices constitute an illegal non-conformance per, e.g., at least 85-T24 2-3313(a)-(b) &

9   2-1213(a) 1; 91-ADAAG 9.2.2(4); 98-T24 1111B.4.5; 16-T24 § 11B-108; 42 USC

10  12182(b)(2)(A)(ii); and DOJ Tech Asst. at §III-3.7000, that it therefore denies individuals like

11  Long the full and equal access that they are entitled to under the law, that it therefore

12  discriminates against them because of their disabilities, and that the relief ordered by the court

13  concerning this condition serve to fully vindicate attendant civil rights.

14              (iv)  **Dresser.**

15              (I)   Injunctive Relief. To resolve plaintiff's claims concerning

16  the hotel's programmatic failure to provide accessible storage facilities (including in Guestroom

17  110 on the dates of his stay), he requests an order requiring defendants to ensure that the clothes

18  dresser in the resulting inventory are equipped with drawer pulls that do not require grasping,

19  pinching, or twisting of the wrist to operate, thereby ensuring full compliance with the literal

20  requirements of 16-T24 11B-225.2, 11B-309, 11B-806.2.1, 11B-806.2.3 & 11B-811.4,; and

21  10-ADAS 225.2, 309, 806.2.1, 806.2.3 & 811.4.

22              (II)  Declaratory Relief. To resolve plaintiff's associated

23  claims for declaratory relief, he requests an order declaring that that this hotel stands in violation

24  of its past programmatic obligation to usable dresser controls to individuals like Long with

25  disabilities limiting the ability to grasp objects, that the failure of the current facilities and

26  practices constitute an illegal non-conformance per, e.g., at least 91-ADAAG 9.2.2(4); 42 USC

27  secs. 12812(b)(2)(ii)-(iv) & 12183(a)(2); and DOJ Tech Asst. at §III-3.7000, that this storage

28  furniture therefore denies individuals like Long the full and equal access that they are entitled to

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

1    under the law, that it therefore discriminates against them because of their disabilities, and that

2    the relief ordered by the court concerning this condition serve to fully vindicate attendant civil

3    rights.

4                                        (v)   **Mirror.**

5                                                (I)   The bottom reflective edge of the mirror in the

6    designated guestrooms is set above the maximum permissible height specified by code.

7                                                (II)   Injunctive Relief. To resolve plaintiff's programmatic

8    claims concerning the hotel's failure to properly mount the bedroom mirror, he requests an order

9    requiring defendants to remount all bedroom mirrors so that the bottom reflective edge is set no

10   higher than 35 inches AFF (within the existing and resulting inventories), and so as to comply

11   with the general usability specifications for mirrors not mounted above countertops at 16-T24

12   11B-603.3 and 10-ADAS 10-603.3.

13                                               (III)  Declaratory Relief. To resolve plaintiff's associated

14   claims for declaratory relief, he requests an order declaring that that this hotel stands in violation

15   of its past programmatic obligation to provide individuals with disabilities with access and use of

16   an amenity critical to grooming, that the failure of the existing facilities constitutes an illegal non-

17   conformance per, e.g., at least 42 USC secs. 12812(b)(2)(iv); and DOJ regulations, 28 CFR Part

18   36 (2010) at pp. 56315-56315, that they therefore deny individuals using wheelchairs like Long

19   the full and equal access that they are entitled to under the law, that they therefore discriminate

20   against them because of their disabilities, and that the relief ordered by the court concerning this

21   condition serve to fully vindicate attendant civil rights.

22                              (4)   **Powder Room.**

23                                    (a)   **Lavatory Counter.**

24                                          (i)   **Sink Landing.**

25                                                (I)   Within the designated guestrooms, the landing in front of

26   sink is obstructed by the swing of the door serving the toilet/bathing compartment.

27                                                (II)   Injunctive Relief. To resolve plaintiff's construction and

28   programmatic claims for injunctive relief concerning the hotel's failure to properly configure the

Thimesch Law Offices
4413 Black Walnut Ct.
Concord, CA 94521-4319
(925) 588-0401

**First Amended Complaint for Equitable Relief and Damages:**
**Case No. 19-cv-00079-RS**

— 53 —

minimum landing depth in front of the sink, which is found in a non-enclosed portion of the living area (or the powder room), he requests an order requiring defendants to reconfigure these facilities to ensure provision of a front approach clear floor area in front of the sink and that it is not overlapped by the swing of the adjacent door to the toilet and shower compartment (in both the existing and resulting inventories), and so as to comply with the literal requirements of 16-T24 11B-305, 11B-603.2.3 & 11B-606.2; and 10-ADAS 16-T24 305, 603.2.3 & 606.2.

(III) Declaratory Relief. To resolve plaintiff's associated claim for declaratory relief, he request an order declaring that the hotel stands in violation of its past programmatic obligation to provide individuals with disabilities with safe, accessible and usable sink landing, that the failure of the existing facilities constitutes an illegal non-conformance per, 42 USC secs. 12812(b)(2)(iv); and DOJ regulations, 28 CFR Part 36 (2010) at pp. 56315-56315, that it therefore denies individuals like Long the full and equal access that they are entitled to under the law, that it therefore discriminates against them because of their disabilities, and that the relief ordered by the court concerning this condition serve to fully vindicate attendant civil rights.

(ii) **Hair Dryer.**

(I)   Within the designated guestrooms, the hairdryer is set outside the maximum allowable reach range.

(II)   Injunctive Relief. To resolve plaintiff's construction and programmatic claims for injunctive relief concerning the excessive height of the hair-dryer holder permanently mounted on the side-wall above the counter, with the centerline of the dryer's handle currently set at approximately 52 inches AFF and involving an obstructed side reach, he requests an order requiring defendants to remount this amenity so that the center portion of the dryer handle is set at a maximum height of 40 inches and a maximum depth of 24 inches back from the front face of the counter (in both the existing and resulting inventories), and so as to comply with the literal requirements of 16-T24 11B-308.3.2, 11B-603.5 and 11B-806.2.1. Cf. 10-ADAS 308.3.2 (48-inch height, but same depth) & 806.2.1.

(III) Declaratory Relief. To resolve plaintiff's associated

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

First Amended Complaint for Equitable Relief and Damages:
Case No. 19-cv-00079-RS

— 54 —

claims for declaratory relief, he requests an order declaring that that this hotel stands in violation of its past construction and programmatic obligations to mount this amenity within the usable reach range, that the failure of the existing facilities constitutes an illegal non-conformance per, at least, 91-ADAAG 4.27.4 and 9.2.2(g); 42 USC secs. 12812(b)(2)(iv) & 12183(a)(2); and 98-T24 1111B.4.2, 1117B.6 4, & Fig. 11B-5C(a), that it therefore denies individuals like Long the full and equal access that they are entitled to under the law, that it therefore discriminates against them because of their disabilities, and that the relief ordered by the court concerning this condition serve to fully vindicate attendant civil rights.

(iii) **Knee-Space.**

(I)   Within the existing designated guestrooms, the sink counter is set too low and fails to provide required knee space.

(II)   Injunctive Relief. To resolve plaintiff's construction and programmatic claims for injunctive relief concerning the hotel's failure to provide proper adequate knee space clearance under the sink, he requests an order requiring defendants to remount, replace or reconfigure the lavatory counters to provide a minimum clear floor space of 30 inches by 48 inches positioned for a forward approach, with minimum toe clearance of between 17 inches and 25 inches measured to a height of 9 inches, a minimum depth knee clearance of 11 inches minimum at 9 inches AFF and 8 inches minimum at 27 inches AFF, and a minimum-width for knee space of 30 inches (in both the existing and resulting inventories); all in order to comply with the specifications for toe, knee, and clear floor space at the relevant and identical requirements at 16-T24 11B-305, 11B-306, 11B-606.2, 11B-806.2.1 & 11B-806.2.3; and 10-ADAS 305, 306, 606.2, 806.2.1 & 806.2.3.

(III) Declaratory Relief. To resolve plaintiff's associated claims for declaratory relief, he requests an order declaring that that this hotel stands in violation of its past construction and programmatic obligations to provide the minimum required knee-space at the counter, that the failure of the existing facilities constitutes an illegal non-conformance per, at least, 85-T24 2-1213(a) 1, 2-1711(i) 1 A, 2-1722(a) & Fig. 17-5C(b); 91-ADAAG 4.2.3, 4.19.2 & 9.2.2(3); 42 USC secs. 12812(b)(2)(iv) & 12183(a)(2); 98-T24

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

1115B.9.1 1, 1118B.4, & 1111B.4; and 10-ADAS 305, 306, 606.2, 806.2.1 & 806.2.3, that it

therefore denies individuals like Long the full and equal access that they are entitled to under the

law, that it therefore discriminates against them because of their disabilities, and that the relief

ordered by the court concerning this condition serve to fully vindicate attendant civil rights.

(iv) **Insulation.**

(I)   Within the designated guestrooms, the pipes and water

feedlines under the sink lack required covering or insulation.

(II)  Injunctive Relief. To resolve plaintiff's construction and

programmatic claims for injunctive relief concerning the hotel's failure to properly configure

drain pipe and water feed lines underneath the lavatory (currently, only the hot water feed is

protected), he requests an order requiring defendants to fully insulate or cover these facilities (in

both the existing and resulting inventories), and so as to comply with the literal requirements of

16-T24 11B-505.5; and 10-ADAS 505.5.

(III) Declaratory Relief. To resolve plaintiff's associated

claims for declaratory relief, he requests an order declaring that that this hotel stands in violation

of its past construction and programmatic obligations to provide wheelchair users with this rather

critical protection under the sink, that the failure of the existing facilities constitutes an illegal

non-conformance per, at least, 85-T24, Part 5, P1504(b) (hot water and drain); 91-ADAAG

4.19.4 (same); 42 USC secs. 12812(b)(2)(iv) & 12183(a)(2) (programmatic obligation); 98-T24

P1504.1.2 (same); and 10-ADAS 505.5 (same as 16-T24), that it therefore denies individuals like

Long the full and equal access that they are entitled to under the law, that it therefore

discriminates against them because of their disabilities, and that the relief ordered by the court

concerning this condition serve to fully vindicate attendant civil rights.

(v)  **Storage.**

(I)   **Clothes Bar.**

(A)   Within the designated guestrooms, the clothes bar is

set outside the maximum permissible reach range.

(B)   Injunctive Relief. To resolve plaintiff's construction

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

and programmatic claims for injunctive relief concerning the hotel's failure to provide accessible storage facilities, he requests an order (pertaining to all guestrooms in the existing and resulting inventories) requiring defendants to lower the clothes bar to a maximum height of 48 inches on center AFF (the existing condition is 68 ⅜ inches to the bar), and so as to comply with the literal requirements of 16-T24 11B-225.2, 11B-309, 11B-811.4, 11B-806.2.1 & 11B-806.2.3; and 10-ADAS 225.2, 309, 811.4, 806.2.1 & 806.2.3.

(C)   Declarative Relief. To resolve plaintiff's associated claims for declaratory relief, he requests an order declaring that that this hotel stands in violation of its past construction and programmatic obligations to provide accessible storage facilities, that the failure of the existing facilities constitutes an illegal non-conformance per, at least, 85-T24 2-1722(c) & 2-1213(a) 1; and 91-ADAAG 4.25.3, 4.19.4 & Figs. 38(a) and 38(b); 42 USC secs. 12812(b)(2)(iv) & 12183(a)(2); and 10-ADAS 225.2, 309, 811.4, 806.2.1 & 806.2.3 (cf. 98-T24 1111B.4, 1125B.3 & Fig. 11B-5D (requirements that are also exceeded by the current installation)), that it therefore denies individuals like Long the full and equal access that they are entitled to under the law, that it therefore discriminates against them because of their disabilities, and that the relief ordered by the court concerning this condition serve to fully vindicate attendant civil rights.

(II)   **Closet Shelf.**

(A)   Within the designated guestrooms, the closet shelf is set outside the maximum permissible reach range.

(B)   Injunctive Relief. To resolve plaintiff's construction and programmatic claims for injunctive relief concerning the hotel's failure to provide accessible storage facilities, he requests an order (pertaining to all guestrooms within the existing and resulting inventories) requiring defendants to lower the mount of the shelf above the clothes bar to a maximum height of 48 inches on center AFF (the existing condition is 74 inches), and so as to comply with the literal requirements of 16-T24 11B-225.2, 11B-309, 11B-811.4, 11B-806.2.1 & 11B-806.2.3; and 10-ADAS 225.2, 309, 811.4, 806.2.1 & 806.2.3.

(C)   Declaratory Relief. To resolve plaintiff's associated

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

First Amended Complaint for Equitable Relief and Damages:
Case No. 19-cv-00079-RS

— 57 —

1   claims for declaratory relief, he requests an order declaring that that this hotel stands in violation

2   of its past construction and programmatic obligations to provide access to this additional means

3   of storage, that the failure of the existing facilities constitutes an illegal non-conformance per, at

4   least, 85-T24 2-1722(c) & 2-1213(a) 1; and 91-ADAAG 4.25.3, 4.19.4 & Figs. 38(a) and 38(b);

5   42 USC secs. 12812(b)(2)(iv) & 12183(a)(2); and 10-ADAS 225.2, 309, 811.4, 806.2.1 &

6   806.2.3 (cf. 98-T24 1111B.4, 1125B.3 & Fig. 11B-5D (requirements that are also exceeded by

7   the current installation)), that it therefore denies individuals like Long the full and equal access

8   that they are entitled to under the law, that it therefore discriminates against them because of

9   their disabilities, and that the relief ordered by the court concerning this condition serve to fully

10  vindicate attendant civil rights.

        (5)   **Bathroom.**

11

12             (a)   **Door.**

13                 (i)   **Landing.**

14                    (I)   The door landing serving the toilet compartment is too

15  small.

16                    (II)   Injunctive Relief. To resolve plaintiff's construction and

17  programmatic claims for injunctive relief concerning the hotel's failure to properly configure the

18  door landing leading to the toilet and bathing area, he requests an order requiring defendants to

19  renovate the associated structural facilities to ensure a landing for a latch-side approach on the

20  pull side of 60 inches minimum in depth as measured in the direction of the door-swing and from

21  the face of the closed door to the nearest obstruction (in all rooms within the existing and

22  resulting inventories), and so as to satisfy the literal requirements of 16-T24 11B-404.2.4.1,

23  Table 11B-404.2.4.1, Fig. 11B-404.2.4.1(h), 11B-806.2.1 & 11B-806.2.3; and 10-ADAS

24  404.2.4.1, Table 404.2.4.1, Fig. 404.2.4.1(h), 806.2.1 & 806.2.3.

25                    (III) Declaratory Relief. To resolve plaintiff's associated

26  claims for declaratory relief, he requests an order declaring that that this hotel stands in violation

27  of its past construction and programmatic obligations to provide this critical means of accessing

28  the sanitary facilities, that the failure of the existing facilities constitutes an illegal non-

1   conformance per, at least, 85-T24 2-1213(a) 1 & 2-3301(i) 2 A; 91-ADAAG 4.13.6, Fig. 25(a) &

2   9.2.2(3); 42 USC secs. 12812(b)(2)(iv) & 12183(a)(2); 98-T24 1004.9.2a & 1111B.4; and

3   10-ADAS 404.2.4.1, Table 404.2.4.1, Fig. 404.2.4.1(h), 806.2.1 & 806.2.3, that it therefore

4   denies individuals like Long the full and equal access that they are entitled to under the law, that

5   it therefore discriminates against them because of their disabilities, and that the relief ordered by

6   the court concerning this condition serve to fully vindicate attendant civil rights.

7                                  (ii)  **Hardware.**

8                                         (I)   In guestroom 110, the door hardware require is

9   knob-type, i.e., requiring tight grasping, pinching and twisting of the wrist to operate.

10                                        (II)   Injunctive Relief. To resolve plaintiff's construction and

11  programmatic claims for guestroom No. 110 concerning the hotel's to provide proper door

12  hardware at the door serving the toilet and shower room (existing is knob-type), he requests an

13  order requiring defendants to install lever type hardware or another form capable of single-action

14  operation and that does not otherwise require tight grasping, pinching or twisting of the wrist to

15  operate (in all rooms within the existing and resulting inventories), and so as to comply with the

16  literal requirements identically set forth at 16-T24 11B-309.4, 11B-404.2.7 & 11B-806.2.1 &

17  11B-806.2.3; and 10-ADAS 309.4, 404.2.7, 806.2.1 & 806.2.3.

18                                        (III) Declaratory Relief. To resolve plaintiff's associated

19  claims for declaratory relief, he requests an order declaring that that this hotel stands in violation

20  of its past construction and programmatic obligations to provide a readily accessible means for

21  using the door to the toilet and showering compartment, that the failure of the existing facilities

22  constitutes an illegal non-conformance per, at least, 85-T24 2-1213(a) 1 & 2-3303(c) 2;

23  91-ADAAG 4.13.9 & 9.2.2(3); and 98-T24 1004.14 & 1111B.4; and 10-ADAS 309.4, 404.2.7,

24  806.2.1 & 806.2.3, that it therefore denies individuals like Long the full and equal access that they

25  are entitled to under the law, that it therefore discriminates against them because of their

26  disabilities, and that the relief ordered by the court concerning this condition serve to fully

27  vindicate attendant civil rights.

28                                  (iii)  **Coat Hook.**

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

First Amended Complaint for Equitable Relief and Damages:
Case No. 19-cv-00079-RS

— 59 —

(I)   Within the designated guestrooms, the coat hook on the back of the door serving the toilet and shower compartment is set outside of the maximum allowable reach range.

(II)   Injunctive Relief. To resolve plaintiff's construction and programmatic claims for injunctive relief concerning the hotel's failure to properly set the height of the coat hooks, he requests an order (pertaining to all rooms within the existing and resulting inventories) requiring defendants to remount these hooks to a maximum height of 48 inches AFF (common existing 67 ¼ inches), and so as to comply with the literal requirements identically set forth at 16-T24 11B-308, 11B-603.4 & 11B-806.2.4; and 10-ADAS 308, 603.4 & 806.2.4.

(III) Declaratory Relief. To resolve plaintiff's associated claims for declaratory relief, he requests an order declaring that that this hotel stands in violation of its past construction and programmatic obligations to provide this amenity needed for temporarily hanging clothes, bathrobes, towels, etc., that the failure of the existing facilities constitutes an illegal non-conformance per, at least85-T24 2-1213(a) 1 & 2-1722(c); 91-ADAAG 4.2.5 & 9.2.2(6)(e); 42 USC secs. 12812(b)(2)(iv) & 12183(a)(2); and 98-T24 1111B.4 & 1117B.6 3; and 10-ADAS 308, 603.4 & 806.2.4, that it therefore denies individuals like Long the full and equal access that they are entitled to under the law, that it therefore discriminates against them because of their disabilities, and that the relief ordered by the court concerning this condition serve to fully vindicate attendant civil rights.

(b)   **Turning Space.**

(i)   The bathing room lacks required turning space.

(ii)   Injunctive Relief. To resolve plaintiff's construction and programmatic claims for injunctive relief concerning the hotel's failure to provide adequate turning space within the designated guestroom bathrooms, he requests an order requiring defendants to renovate the facilities to ensure provision of the minimum turn around space of 60 inches in diameter or the alternative "T-Shaped space" (in all rooms within the existing and resulting inventories), and so as to comply with the literal requirements identically set forth at 16-T24 11B-603.2 & 11B-806.2.4; and 10-ADAS 603.2 & 806.2.4.

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

First Amended Complaint for Equitable Relief and Damages:
Case No. 19-cv-00079-RS

— 60 —

1                 (iii) Declaratory Relief. To resolve plaintiff's associated claims for

2  declaratory relief, he requests an order declaring that that this hotel stands in violation of its past

3  construction and programmatic obligations to provide individuals like plaintiff with critical turning

4  space, that the failure of the existing facilities constitutes an illegal non-conformance per, at least

5  91-ADAAG 4.2.3, 4.23.3 & 9.3(e); 98-T24 1111B.4, 1115B.7.2 & Fig. 11B-12(a)-(b); 42 USC

6  secs. 12812(b)(2)(iv) & 12183(a)(2); and 10-ADAS 603.2 & 806.2.4, that it therefore denies

7  individuals like Long the full and equal access that they are entitled to under the law, that it

8  therefore discriminates against them because of their disabilities, and that the relief ordered by the

9  court concerning this condition serve to fully vindicate attendant civil rights.

10                (c)   **Toilet.**

11                   (i)   **Grab Bars.**

12                     (I)   **Length of Rear Grab Bar.**

13                        (A)   In the designated guestrooms, the rear grab bar

14  behind the toilet are of insufficient length.

15                        (B)   Injunctive Relief. To resolve plaintiff's construction

16  and programmatic claims for injunctive relief concerning the insufficient length of the installed

17  rear grab bar, he requests an order requiring defendants to replace it with a compliant 36-inch

18  model (in all rooms within the existing and resulting inventories), and so as to comply with the

19  literal minimum requirements identically set forth at 16-T24 11B-604.5.2 & 11B-806.2.4; and

20  10-ADAS 604.5.2 & 806.2.4.

21                        (C)   Declaratory Relief. To resolve plaintiff's associated

22  claims for declaratory relief, he requests an order declaring that that this hotel stands in violation

23  of its past construction and programmatic obligations to provide individuals like plaintiff with an

24  item needed for safely using the toilet, that the failure of the existing facilities constitutes an

25  illegal non-conformance per, at least 91-ADAAG 4.16.4, 4.26, Fig. 29(a) & 9.3(e); 98-T24

26  1111B.4 & 1115B.8.1; 42 USC secs. 12812(b)(2)(iv) & 12183(a)(2); and 10-ADAS 604.5.2 &

27  806.2.4, that it therefore denies individuals like Long the full and equal access that they are

28  entitled to under the law, that it therefore discriminates against them because of their disabilities,

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

First Amended Complaint for Equitable Relief and Damages:
Case No. 19-cv-00079-RS

— 61 —

1   and that the relief ordered by the court concerning this condition serve to fully vindicate

2   attendant civil rights.

3                                    (II)   **Projection of Rear Grab Bar.**

4                                          (A)   In some of the designated guestrooms, the mount of

5   the rear grab bar fails to project sufficiently on the wide side of the toilet.

6                                          (B)   Injunctive Relief. To resolve plaintiff's construction

7   and programmatic claims to position the installed rear grab bar in a compliant manner, he

8   requests an order requiring defendants to remount the rear grab bar to the correct projection on

9   the wide-side, and so as to comply with the minimum projection requirements on the wide-side

10   (within the existing and resulting inventories), and so as to comply with the literal requirements

11   of 16-T24 11B-604.5.2 & 11B-806.2.4; and 10-ADAS 604.5.2 & 806.2.4.

12                                         (C)   Declaratory Relief. To resolve plaintiff's associated

13   claims for declaratory relief, he requests an order declaring that that this hotel stands in violation

14   of its past construction and programmatic obligations to provide individuals like plaintiff with an

15   item needed for safely using the toilet, that the failure of the existing facilities constitutes an

16   illegal non-conformance per, at least 91-ADAAG 4.16.4, 4.26, Fig. 29(a) & 9.3(e); 98-T24

17   1111B.4 & 1115B.8.1; 42 USC secs. 12812(b)(2)(iv) & 12183(a)(2); and 10-ADAS 604.5.2 &

18   806.2.4, that it therefore denies individuals like Long the full and equal access that they are

19   entitled to under the law, that it therefore discriminates against them because of their disabilities,

20   and that the relief ordered by the court concerning this condition serve to fully vindicate

21   attendant civil rights.

22                                    (III)  **Projection of Side Grab Bar.**

23                                          (A)   In some of the designated guestrooms, the mount of

24   the side grab bar fails to project sufficiently off the rear wall.

25                                          (B)   Injunctive Relief. To resolve plaintiff's construction

26   and programmatic claims concerning the projection of side grab bar, he requests an order

27   requiring defendants to remount the side bar to ensure that the leading edge is set at a minimum

28   projection of 54 inches from the wall behind the fixture (within the existing and resulting

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

1    inventories), and so as to comply with the literal requirements of 16-T24 11B-604.5.1 &

2    11B-806.2.4; and 10-ADAS 604.5.1 & 806.2.4 (expressed differently, but with the same result

3    here).

4                                  (C)    Declaratory Relief. Similar to the last, he request an

5    order declaring that this hotel stands in violation of its past construction and programmatic

6    obligations to provide individuals like plaintiff with an item needed for safely making a front

7    transfer, that the failure of the existing facilities constitutes an illegal non-conformance per, at

8    least 91-ADAAG 4.16.4, 4.26, Fig. 29(a) & 9.3(e); 98-T24 1111B.4 & 1115B.8.1 (expressed

9    differently, but with the same result here); 42 USC secs. 12812(b)(2)(iv) & 12183(a)(2); and

10   10-ADAS 604.5.2 & 806.2.4, that it therefore denies individuals like Long the full and equal

11   access that they are entitled to under the law, that it therefore discriminates against them because

12   of their disabilities, and that the relief ordered by the court concerning this condition serve to

13   fully vindicate attendant civil rights.

14                          (IV) **Obstruction of Grab Bars.**

15                                  (A)    As a practice, the hotel staff obstructs the usable

16   length of the side grab bar by using them as towel bars (handing towels from them).

17                                  (B)    Injunctive Relief. To resolve plaintiff's procedural

18   claims (under 42 USC 12182(b)(2)(A)(ii)) concerning the hotel's policies, practice and

19   procedure of obstructing the usable length of both the rear and side grab bars by using them as

20   towel bars, and thereby limiting the usability and gripping surface and creating a hazardous

21   condition for users of wheelchairs like Long, he requests an order requiring defendants to modify

22   their policies, practices and procedures for guest services, and back these changes with employee

23   training, to eliminate this practice and install compliant towel bars.

24                                  (C)    Declaratory Relief. To resolve plaintiff's associated

25   claims for declaratory relief, he requests an order declaring that that this hotel's practice of

26   obstructing the grab bar with towels violates its general obligation to maintain the accessibility of

27   its facilities, at least regarding the duty to maintain accessible features, please see, 16-T24 §

28   11B-108; 42 USC 12182(b)(2)(A)(ii); and DOJ Tech Asst. at III-3.7000, that the practice

**Timesch Law Offices**
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

1   therefore denies individuals like Long the full and equal access that they are entitled to under the

2   law, that it therefore discriminates against them because of their disabilities, and that the relief

3   ordered by the court concerning this condition serve to fully vindicate attendant civil rights.

4                      (ii)   **Maneuvering Space.**

5                          (I)   **Side.**

6                              (A)   As a practice, the hotel staff obstructs the side

7   transfer space for the toilet in guestroom 105 through the storage of a shower seat in this area.

8                              (B)   Injunctive Relief. To resolve plaintiff's construction

9   and programmatic claims for injunctive relief related to guestroom 105 and concerning hotel's

10   current policy, practice and procedure of obstructing the space beside the toilet with the storage

11   of a tub shower seat, he requests an order requiring defendants to modify their policies, practices

12   and procedures for guest services, and back these changes with employee training, to eliminate

13   this practice. Regarding the duty to maintain accessible features, please see, 16-T24 § 11B-108;

14   42 USC 12182(b)(2)(A)(ii); and DOJ Tech Asst. at III-3.7000.

15                              (C)   Declaratory Relief. To resolve plaintiff's associated

16   claims for declaratory relief, he requests an order declaring that that this hotel's practice of

17   obstructing an area required for maneuvering next the toilet, please see, 16-T24 § 11B-108; 42

18   USC 12182(b)(2)(A)(ii); and DOJ Tech Asst. at III-3.7000, that it interferes with the clear floor

19   space required by defendants' construction and programmatic obligations per 85-T24 2-1213(a)

20   1 & 2-1711(g) 3; 91-ADAAG 4.16.2, Fig. 28 & 9.2.2(6)(e); 42 USC secs. 12812(b)(2)(iv) &

21   12183(a)(2); and 98-T24 1111B.4.6 2 & 1117B.6 3; 16-T24 11B-604.3, Fig. 11B-604.3.1 &

22   11B-806.2.4 (requirement is stated differently, but has the same result); and 10-ADAS 604.3,

23   Fig. 604.3.1 & 806.2.4 (same as 16-T24), that the practice therefore denies individuals like Long

24   the full and equal access that they are entitled to under the law, that it therefore discriminates

25   against them because of their disabilities, and that the relief ordered by the court concerning this

26   condition serve to fully vindicate attendant civil rights.

27                          (II)   **Front.**

28                              (A)   The available transfer space in front of the toilet is

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

First Amended Complaint for Equitable Relief and Damages:
Case No. 19-cv-00079-RS

— 64 —

1    below the minimum specified by code.

2    (B)    Injunctive Relief. To resolve plaintiff's construction

3    claims concerning the common amount of clear space provided in front of the toilet (currently

4    averaging 47 inches), he requests an order requiring defendants to reconfigure this space to

5    provide a minimum clear maneuvering space of 60 inches wide and 48 inches deep (within the

6    existing and resulting inventories), and so as to comply with the literal requirements of 16-T24

7    11B-604.3, Fig. 11B-604.3.1 & 11B-806.2.4.

8    (C)    Declaratory Relief. To resolve plaintiff's associated

9    claims for declaratory relief, he requests an order declaring that that they have failed to provide

10   the clear floor space for safe use of the toilet by individuals using wheelchairs, that the current

11   condition is an illegal non-conformance per 85-T24 2-1213(a) 1 & 2-1711(f) 2 (and at the figure

12   on the same page); and 98-T24 1111B.4.6 3 & 1115B.7.1 3; and 16-T24 11B-604.3, that the

13   condition therefore denies individuals like Long the full and equal access that they are entitled to

14   under the law, that it therefore discriminates against them because of their disabilities, and that

15   the relief ordered by the court concerning this condition serve to fully vindicate attendant civil

16   rights.

17   (III) **Location of Toilet.**

18   (A)    In two of the existing designated guestrooms, the

19   toilet is mounted outside the permissible on-center dimension specified by code.

20   (B)    Injunctive Relief. To resolve plaintiff's construction

21   claims concerning the location of the toilet in guestrooms 110 and 111 (the centerline exceeds 18

22   inches), he requests an order requiring defendants to reconfigure the centerline dimension to 17

23   minimum and 18 inches maximum from the side wall (within both the existing and resulting

24   inventories), and so as to comply with the literal provisions of 16-T24 11B-604.2, Fig. 11B-604.2

25   (which are more restrictive than the 16-18 inch allowance permitted by ADAS).

26   (C)    Declaratory Relief. To resolve plaintiff's associated

27   claims for declaratory relief, he requests an order declaring that that they have failed to properly

28   locate these toilets (which is an essential characteristic for gaining leverage over the grab bars

when making a transfer), that the current condition is an illegal non-conformance with the more restrictive provisions of the past applicable codes, per 85-T24 2-1213(a) 1 & 2-1711(g) at Figure (18 inches); 91-ADAAG 4.16.2 & Fig. 28 (18 inches exactly); 98-T24 1111B.4.6 3 & 1115B.7.1 ff (18 inches exactly); and ADAS 604 (16-18 inches) & 806.2.4, that the condition therefore denies individuals like Long the full and equal access that they are entitled to under the law, that it therefore discriminates against them because of their disabilities, and that the relief ordered by the court concerning this condition serve to fully vindicate attendant civil rights.

(iii) <strong>Flush Controls.</strong>

(I)   In two of the existing designated guestrooms, the flush controls are located on the narrow side of the toilet.

(II)   Injunctive Relief. To resolve plaintiff's construction and programmatic claims for injunctive relief concerning guestrooms 105 and 111 and the hotel's failure to install the flush controls on the wide-side of the toilet, he requests an order requiring defendants to ensure the flush controls are positioned on the open-side of the toilet (within both the existing and resulting inventories), and so as to comply with the literal requirements identically set forth at 16-T24 11B-604.6, Fig. 11B-604.5.2 & 11B-806.2.4; and 10-ADAS 604.6, Fig. 604.5.2 & 806.2.4 (same as 16-T24).

(III) Declaratory Relief. To resolve plaintiff's associated claims for declaratory relief, he requests an order declaring that that they have failed to provide flush controls in a readily accessible and usable location, that the current condition is an illegal non-conformance per 91-ADAAG 4.16.5 & 9.2.2(6)(e); 42 USC secs. 12812(b)(2)(iv) & 12183(a)(2); and 98-T24 1111B.4.6 2, Fig. 11B-1A & 1501.0; and 10-ADAS 604.6, Fig. 604.5.2 & 806.2.4, that the condition therefore denies individuals like Long the full and equal access that they are entitled to under the law, that it therefore discriminates against them because of their disabilities, and that the relief ordered by the court concerning this condition serve to fully vindicate attendant civil rights.

(iv) <strong>Toilet Paper Dispenser.</strong>

(I)   The toilet paper dispenser is not mounted within the

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

First Amended Complaint for Equitable Relief and Damages:
Case No. 19-cv-00079-RS

— 66 —

permissible reach range from the toilet.

(II)  Injunctive Relief. To resolve plaintiff's construction and programmatic claims for injunctive relief concerning the hotel's failure to provide a properly-installed toilet paper dispenser, he requests an order requiring defendants to ensure such dispensers are positioned 7 inches minimum and 9 inches maximum in front of the water closet measured to the centerline of the roll, and at a maximum height of 19 inches AFF measured to the centerline of the roll (within both the exiting and resulting inventories), so as to comply with the literal requirements identically set forth at 16-T24 11B-604.7, Fig. 11B-604.7 & 11B-806.2.4; and 10-ADAS 604.7l, Fig. 604.7 & 806.2.4.

(III) Declaratory Relief. To resolve plaintiff's associated claims for declaratory relief, he requests an order declaring that that they have failed to place the toilet paper dispenser in a readily accessible and usable location, that the current condition is an illegal non-conformance per see less-restrictive, but similar obligations at 91-ADAAG 4.16.6, Fig. 29(b) & 9.2.2(6)(e); 42 USC secs. 12812(b)(2)(iv) & 12183(a)(2);  and 98-T24 1111B.4.6 2, 1115B.9.3 & Fig. 11B-1A, plus 10-ADAS 604.7l, Fig. 604.7 & 806.2.4; that the placement therefore denies individuals like Long the full and equal access that they are entitled to under the law, that it therefore discriminates against them because of their disabilities, and that the relief ordered by the court concerning this condition serve to fully vindicate attendant civil rights.

(d)  **Shower.**

(i)  **Fold-Down Bench.**

(I)  The existing designated guestrooms with roll-in showers lack a fold-down bench.

(II)  Injunctive Relief. To resolve plaintiff's construction and programmatic claims for injunctive relief concerning the hotel's failure to provide a fold-down seat serving the roll-in showers of guestroom nos. 110 and 111 (currently, the hotel provides only an unsafe portable seat or no seat at all), he requests an order requiring defendants to install a permanent folding seat in guestrooms with roll-in showers that fully complies with the literal requirements of 16-T24 11B-604.8, 11B-610, and 11B-806.2.4; and 10-ADAS 604.8, 610 &

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

1    806.2.4.

2              (III) Declaratory Relief. To resolve plaintiff's associated

3    claims for declaratory relief, he requests an order declaring that that they have failed to provide a

4    safe and reliable transfer surface for sitting while using the shower, that the current condition is

5    an illegal non-conformance per see less-restrictive, but similar obligations at 85-T24 2-1213(a) 1,

6    2-1213(d) 2 & 2-1711(j) 1 D (1); 91-ADAAG 4.21.3 & 9.2.2(6)(e); 42 USC secs. 12812(b)(2)(iv)

7    & 12183(a)(2); 98-T24 1115B.6.2.4.6 (first para.) & 1111B.4.6 6; and 10-ADAS 604.8, 610 &

8    806.2.4, that this failure therefore denies individuals like Long the full and equal access that they

9    are entitled to under the law, that it therefore discriminates against them because of their

10   disabilities, and that the relief ordered by the court concerning this condition serve to fully

11   vindicate attendant civil rights.

12              (ii)  **Spray Unit.**

13              (I)   The guestrooms with roll-in showers lack a compliant

14   spray unit.

15              (II)  Injunctive Relief. To resolve plaintiff's construction and

16   programmatic claims for injunctive relief concerning the hotel's failure to provide a compliant

17   shower wand serving the roll-in showers of guestroom nos. 110 and 111 (the existing condition is

18   on the wrong wall and outside of reach range), he requests an order requiring defendants to

19   install a unit meeting the following requirements (within the existing and resulting inventories

20   equipped with roll-in showers):

21   •   It shall have a hose 59 inches long minimum that can be used both as a fixed-position

22       shower head and as a hand-held shower.

23   •   It shall have an on/off control with a non-positive shut-off.

24   •   If an adjustable height shower head on a vertical bar is used, the bar shall be installed so

25       as not to obstruct the use of grab bars.

26   •   It shall deliver water that is 120°F (49°C) maximum

27   •   Its operable parts of the shower spray unit, including the handle, shall be installed on the

28       back wall adjacent to the seat wall at a height of 19 inches min. and 27 inches max. seat

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

wall; and

- It shall be located above the grab bar, but no higher than 48 inches above the shower floor.
- Operation of the up-down function on the shower wand control shall not require grasping, pinching or twisting of the wrist.

This installation shall be performed to fully comply with the literal requirements of 16-T24 11B-608.5.2, 11B-608.6, 11B-806.2.4; and 10-ADAS 608.5.2, 11B-508.6 & 806.2.4.

(III) Declaratory Relief. To resolve plaintiff's associated claims for declaratory relief, he requests an order declaring that that they have failed to provide a safe and usable shower sprayer, that the current model is an illegal non-conformance per see less-restrictive, but similar obligations at 85-T24 2-1213(a) 1 & P1505(b), 42 USC secs. 12812(b)(2)(iv) & 12183(a)(2); 98-T24 1111B.4.6 6 & 1115B.6.2.4.3, and 10-ADAS 608.5.2, 11B-508.6 & 806.2.4, that this failure therefore denies individuals like Long the full and equal access that they are entitled to under the law, that it therefore discriminates against them because of their disabilities, and that the relief ordered by the court concerning this condition serve to fully vindicate attendant civil rights.

(iii) **Controls.**

(I)   The controls are not located within the required reach range.

(II)   Injunctive Relief. To resolve plaintiff's construction and programmatic claims for injunctive relief concerning the hotel's failure to provide compliant shower controls in Guestrooms Nos. 110 and 111 (in both guestroom, existing is located at the head of the compartment, and too far from the bench location), he requests an order requiring defendants to relocate the controls so that they are installed on the back wall of the compartment adjacent to the seat wall, 19 inches minimum and 27 inches maximum from the seat wall, above the grab bar, but no higher than 48 inches above the shower floor, with the centerline of the controls between 39 inches to 41 inches above the shower floor, and so as to comply with the literal requirements of 16-T24 11B-608.5.2 and 11B-806.2.4, which are more restrictive than 10-ADAS 608.5.2 (similar, but here still results in an illegal non-conformance).

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

First Amended Complaint for Equitable Relief and Damages:
Case No. 19-cv-00079-RS

— 69 —

(III) Declaratory Relief. To resolve plaintiff's associated claims for declaratory relief, he requests an order declaring that that they have failed to provide safe, reachable controls, that the current model is an illegal non-conformance per the less-restrictive, but similar obligations at 85-T24 2-1213(a) 1 & P1505(a); 42 USC secs. 12812(b)(2)(iv) & 12183(a)(2); 98-T24 1111B.4.6 1 & 1115B.6.2.4.4; and 10-ADAS 608.5.2, that this failure therefore denies individuals like Long the full and equal access that they are entitled to under the law, that it therefore discriminates against them because of their disabilities, and that the relief ordered by the court concerning this condition serve to fully vindicate attendant civil rights.

(iv) **Grab Bars.**

(I)   The grab bars in the roll-in showers are set a the wrong end of the compartment, and at the wrong height and projection.

(II)   Injunctive Relief. To resolve plaintiff's construction and programmatic claims for injunctive relief concerning the hotel's failure to properly locate and mount the grab bars, he requests an order requiring defendants to relocate the grab bars so that they are mounted in accordance with the literal requirements of 16-T24 11B-608.3.2, 11B-609 & 11B-806.2.4, and 10-ADAS 608.3.2, 609 & 806.2.4 (within the existing and resulting inventories equipped with roll-in showers).

(III) Declaratory Relief. To resolve plaintiff's associated claims for declaratory relief, he requests an order declaring that that they have failed to provide safe and usable grab bars, that the current installation is an illegal non-conformance per at least 1985-T24 2-1213(a) 1 & 2-1711(j) 1 D (2), 91-ADAAG 4.21.4 & Fig. 37; 42 USC secs. 12812(b)(2)(iv) & 12183(a)(2); 98-T24 1111B.4.6 1 & 1115B.6.2.4.5; and 10-ADAS 608.3.2, 609 & 806.2.4, that this failure therefore denies individuals like Long the full and equal access that they are entitled to under the law, that it therefore discriminates against them because of their disabilities, and that the relief ordered by the court concerning this condition serve to fully vindicate attendant civil rights.

(v) **Soap Dish.**

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

(I)   The soap dish in mounted outside the proper reach range.

(II)   Injunctive Relief. To resolve plaintiff's construction and programmatic claims for injunctive relief concerning the hotel's failure to properly located the soap dish (the existing condition in both guestrooms is set too high and at the head of the shower, affording no opportunity for reach), he requests an order requiring defendants to relocate the dish so that it is installed on the control wall at 40 inches maximum above the shower floor, and within the reach limits from the seat (within the existing and resulting inventories equipped with roll-in showers), and so as to comply with the literal requirements of 16-T24 11B-608.5.10 and 11B-806.2.4.

(III) Declaratory Relief. To resolve plaintiff's associated claims for declaratory relief, he requests an order declaring that that they have failed to provide safe, reachable controls, that the current model is an illegal non-conformance per see less-restrictive, but similar obligations at 1985-T24 2-1213(a) 1 & 2-1711(j) 1 D (3), and 98-T24 1111B.4.6 1 & 1115B.6.2.4.6, that this failure therefore denies individuals like Long the full and equal access that they are entitled to under the law, that it therefore discriminates against them because of their disabilities, and that the relief ordered by the court concerning this condition serve to fully vindicate attendant civil rights.

(vi)  **Slopes at Floor Drain.**

(I)   The roll-in showers have non-compliant slopes around the floor drain.

(II)   Injunctive Relief. To resolve plaintiff's construction claims concerning the hotel's failure to provide a level clear floor space within the roll-in showers of Guestrooms Nos. 110 and 111 (with slopes around the drain ranging from 5.2 to 8.9%), he requests an order requiring defendants to reset the floor drain and/or is surrounding tile surface (within the existing and resulting inventories equipped with roll-in showers), and so as to ensure literal compliance with 16-T24 11B-302.1, 11B-608.9 and 11B-806.2.4.

(III) Declaratory Relief. To resolve plaintiff's associated claims for declaratory relief, he requests an order declaring that that they have failed to provide a

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

level and safe shower surface, that the current model is an illegal non-conformance per 98-T24 1111B.4.6 6 & 1115B.6.2.4.4, that this failure therefore denies individuals like Long the full and equal access that they are entitled to under the law, that it therefore discriminates against them because of their disabilities, and that the relief ordered by the court concerning this condition serve to fully vindicate attendant civil rights. He also seeks an order concerning the 1988 construction obligation and the resulting non-conformance of the existing condition because they failed to satisfy the less restrictive requirements of 1985-T24 2-1213(a) 1 & 2-1711(j) 1 C, permitting slopes around the drain of up to 4.2%, (meaning the current facilities still qualify as an existing non-conformance).

(e)   **Tub.**

(i)   **Clearance.**

(I)   In designated guestroom 105, the hotel obstructs the minimum required clear space beside the tub by storing shower chair in this area.

(II)   Injunctive Relief. To resolve plaintiff's construction and programmatic claims for injunctive relief concerning the storage of the shower chair in Guestroom No. 105 and the hotel's associated policy, practice and procedure of obstructing its clear space with the storage of a tub shower seat, he requests an order requiring defendants to modify their policies, practices and procedures for guest services, and back these changes with employee training, to eliminate this practice, thereby ensure the space along the full length of the tub remains clear (and perform this in the existing and resulting inventory equipped with tubs). For the obligation to maintain accessible features, please see, 16-T24 § 11B-108; 42 USC 12182(b)(2)(A)(ii); and DOJ Tech Asst. at III-3.7000. Regarding the construction and programmatic obligation to provide this clear floor space, please see, 91-ADAAG 4.20.2, Fig. 33 & 9.2.2(6)(e); and 98-T24 1111B.4.6 2, 1115B.6.1 1 & Fig. 11B-8; 16-T24 11B-607.2, Fig. 11B-607.2 & 11B-806.2.4; and 10-ADAS 607.2, Fig. 607.2 & 806.2.4.

(III) Declaratory Relief. To resolve plaintiff's associated claims for declaratory relief, he requests an order declaring that that their practice interferes with safe use of the bathing facilities, that it violates their duty to maintain accessible features as

1    specified by 16-T24 § 11B-108; 42 USC 12182(b)(2)(A)(ii); and DOJ Tech Asst. at III-3.7000,

2    that this accessible feature is required by 91-ADAAG 4.20.2, Fig. 33 & 9.2.2(6)(e); and 98-T24

3    1111B.4.6 2, 1115B.6.1 1 & Fig. 11B-8; 16-T24 11B-607.2, Fig. 11B-607.2 & 11B-806.2.4; and

4    10-ADAS 607.2, Fig. 607.2 & 806.2.4, that this failure therefore denies individuals like Long the

5    full and equal access that they are entitled to under the law, that it therefore discriminates against

6    them because of their disabilities, and that the relief ordered by the court concerning this

7    condition serve to fully vindicate attendant civil rights.

8                     (ii)  **In-Tub Seat.** To resolve plaintiff's programmatic claims for

9    injunctive relief concerning storage of the removable in–tub seat, he requests an order requiring

10   defendants to store a compliant model in a location within the guestroom that does not obstruct

11   any of the clear floor spaces required by the code or provided and installed on demand when a

12   reservation for an accessible room is made (and to perform this for all guestrooms in the existing

13   and resulting inventories equipped with tubs).

14                    (iii) **Wand & Shower Head.**

15                    (I)    The shower head is located outside of reach range and the

16   unit fails to provide the proper functions required by code.

17                    (II)   Injunctive Relief. To resolve plaintiff's programmatic

18   claims for injunctive relief concerning the improper function and placement of the wand and

19   shower head, these facilities shall be installed at the head of the bathtub (in the existing and

20   resulting inventories equipped with tubs), and so as to comply with the most restrictive of the

21   literal requirements of 16-T24 11B-607.5, Fig. 11B-607.5 & 11B-806.2.4; and 10-ADAS 607.5,

22   Fig. 607.5 & 806.2.4.

23                    (III) Declaratory Relief. To resolve plaintiff's associated

24   claims for declaratory relief, he requests an order declaring that that the current installation

25   defendants acknowledge that their failure interferes with safe use of the bathing facilities, that it

26   is an illegal non-conformance violating 91-ADAAG 4.20.5, Fig. 34 & 9.2.2(6)(e); and 98-T24

27   1111B.4.6 2, 1115B.6.1 4 & Fig. 11B-9B; and 10-ADAS 607.5, Fig. 607.5 & 806.2.4, that this

28   failure therefore denies individuals like Long the full and equal access that they are entitled to

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

**First Amended Complaint for Equitable Relief and Damages:
Case No. 19-cv-00079-RS**                                                    — 73 —

1   under the law, that it therefore discriminates against them because of their disabilities, and that

2   the relief ordered by the court concerning this condition serve to fully vindicate attendant civil

3   rights.

4   (iv) **Water-Flow Controls.**

5   (I)   The water-flow controls are mounted outside of required

6   reach range.

7   (II)   Injunctive Relief. To resolve plaintiff's construction and

8   programmatic claims for injunctive relief concerning guestroom 105 and the hotel's provision of

9   non-compliant tub controls, he requests an order requiring defendants to move these controls so

10   that they are repositioned between the open side of the bathtub and the centerline of the width of

11   the bathtub (in the existing and resulting inventories equipped with tubs), and so as to comply

12   with the most restrictive of the literal requirements set forth at 16-T24 11B-607.5, Fig.

13   11B-607.5 & 11B-806.2.4; and 10-ADAS 607.5, Fig. 607.5 & 806.2.4.

14   (III) Declaratory Relief. To resolve plaintiff's associated

15   claims for declaratory relief, he requests an order declaring that that their failure interferes with

16   safe use of the bathing facilities, that it is an illegal non-conformance per 91-ADAAG 4.20.5, Fig.

17   34 & 9.2.2(6)(e); 42 USC secs. 12812(b)(2)(iv) & 12183(a)(2); 98-T24 1111B.4.6 2, 1115B.6.1 4

18   & Fig. 11B-9B; and 10-ADAS 607.5, Fig. 607.5 & 806.2.4, that this failure therefore denies

19   individuals like Long the full and equal access that they are entitled to under the law, that it

20   therefore discriminates against them because of their disabilities, and that the relief ordered by

21   the court concerning this condition serve to fully vindicate attendant civil rights.

22   (v) **Grab Bars.**

23   (I)   The grab bars in the designated room with a tub are

24   mounted incorrectly.

25   (II)   Injunctive Relief. To resolve plaintiff's construction and

26   programmatic claims for injunctive relief concerning the improper installation of grab bars, he

27   requests an order requiring defendants to move the grab bars (in that portion of the existing and

28   resulting inventories equipped with tubs), and so that they fully comply with the literal

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

First Amended Complaint for Equitable Relief and Damages:
Case No. 19-cv-00079-RS                                                — 74 —

1   requirements of 16-T24 11B-607.4.2.1, 11B-607.4.2.2, 11B-607.4.2.3 & Fig. 11B-607.4.2, and

2   10-ADAS 607.4.2.1, 607.4.2.2, 607.4.2.3 & Fig.607.4.2.

3                                  (III) Declaratory Relief. To resolve plaintiff's associated

4   claims for declaratory relief, he requests an order declaring that that their failure interferes with

5   safe use of the bathing facilities, that it is an illegal non-conformance per 91-ADAAG 4.21.4, Fig.

6   37 & 9.2.2(6)(e); 42 USC secs. 12812(b)(2)(iv) & 12183(a)(2); 98-T24 1111B.4.6 2, 1115B.6.1 3

7   & Fig. 11B-9B; and 10-ADAS 607.4.2.3, Fig. 4.2 & 806.2.4, that this failure therefore denies

8   individuals like Long the full and equal access that they are entitled to under the law, that it

9   therefore discriminates against them because of their disabilities, and that the relief ordered by

10   the court concerning this condition serve to fully vindicate attendant civil rights.

11                          (vi) **Soap Dish.**

12                                  (I)   In guestroom 105, the soap dish is mounted outside of

13   required reach range.

14                                  (II)   Injunctive Relief. To resolve plaintiff's construction

15   claims for injunctive relief concerning the hotel's failure to properly locate the soap dish, he

16   requests an order requiring defendants to relocate the dish so that it is installed on the control

17   wall at 40 inches maximum above the shower floor, and within the reach limits from the seat (in

18   that portion of the existing and resulting inventories equipped with tubs), and so as to comply

19   with the literal requirements of 16-T24 11B-603.5 and 11B-806.2.4.

20                                  (III) Declaratory Relief.  To resolve plaintiff's associated

21   claims for declaratory relief, he requests an order declaring that that their failure interferes with

22   safe and readily accessible use of the bathing facilities, that it is an illegal non-conformance per

23   98-T24 1111B.4.6 2 & 1115B.9.2, that this failure therefore denies individuals like Long the full

24   and equal access that they are entitled to under the law, that it therefore discriminates against

25   them because of their disabilities, and that the relief ordered by the court concerning this

26   condition serve to fully vindicate attendant civil rights.

27                          (f)**Towel Bar & Shelf.**

28                                  (i)   In guestroom 105, the towel bar and shelf is mounted outside of

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

required reach range and is not adjacent to a clear floor space.

(ii)  Injunctive Relief. To resolve plaintiff's construction and programmatic claims for injunctive relief concerning the hotel's failure to properly located the towel fixture, he requests an order requiring defendants to provide a fixture mounted at a maximum height of 40 inches AFF to the top lip of its shelf and adjacent to a clear ground floor space (in that portion of the existing and resulting inventories equipped with tubs), and so as to comply with the literal requirements of 16-T24 11B-603.5 & 11B-806.2.4; and 10-ADAS 603.5 & 806.2.4.

(iii) Declaratory Relief. To resolve plaintiff's associated claims for declaratory relief, he requests an order declaring that that this amenity is not placed within the usable reach range of individuals using wheelchairs, that it is an illegal non-conformance per 85-T24 2-1722(i) 2 & 2-1213(a) 1; 42 USC secs. 12812(b)(2)(iv) & 12183(a)(2); 98-T24 1111B.4 & 1115B.9.2. Cf. ADAAG 4.23.7, 4.27 and 9.2.2(e) (whose prior, 48-inch max. allowance is also not met by the existing condition), 10-ADAS 603.5 & 806.2.4, that the current condition therefore denies individuals like Long the full and equal access that they are entitled to under the law, that it therefore discriminates against them because of their disabilities, and that the relief ordered by the court concerning this condition serve to fully vindicate attendant civil rights.

d.  **Lobby.**

i.  **Main Entrance & Courtyard Entrance.**

(1)  **Signage.**

(a)  The lobby entrance does not post required signage at the front entrance to indicate the accessibility of its facilities.

(b)  Injunctive Relief. To resolve plaintiff's construction and programmatic claims concerning the hotel's failure to display the required international symbol of accessibility, he requests an order requiring defendants to install such signage on the exterior side of both sets of entry doors, and so as to comply with the literal requirements of 16-ADAS 11B-216.2 and 10-ADAS 216.2.

(c)  Declaratory Relief. To resolve plaintiff's associated claims for

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

First Amended Complaint for Equitable Relief and Damages:
Case No. 19-cv-00079-RS

— 76 —

declaratory relief, he requests an order declaring that that required signage performs a critical purpose, that its serves as a form of certification, that its absence of this communication features denies individuals using wheelchairs with information needed for assessing a facility's usability before entering, that it is an illegal non-conformance per 85-T24 & 2-1720(a); 42 USC secs. 12812(b)(2)(iv) & 12183(a)(2); 98-T24 1117B.5, 10-ADAS 216.2, and that the relief ordered by the court concerning this condition serve to fully vindicate attendant civil rights.

        (2)    **Operating Force.**

        (a)    The amount of forced required to operate certain door leaves at the main and courtyard entrances to the lobby exceed the maximum allowed by code.

        (b)    Injunctive Relief. To resolve plaintiff's construction claims concerning the excessive pressure required to operate the doors on the parking lot side of the lobby, and the northern leaf on the courtyard side of the lobby (ranging in excess of 10 lbs.), he requests an order requiring defendants to adjust the operating pressure downward for each of these leaves to achieve a maximum of 5 lbs. of force required to operate the leaf or less, and otherwise adjust the hotel's practices to periodically adjust the closure spring and assure that this level compliance is consistently maintained, and in full compliance with the literal requirements of 16-T24 11B-404.2.9.

        (c)    Declaratory Relief. To resolve plaintiff's associated claims for declaratory relief, he requests an order declaring that that the door springs have not been maintained properly, resulting in excessive door pressure limiting usability, that this violates the general duty to maintain accessible features per 16-T24 § 11B-108; 42 USC 12182(b)(2)(A)(ii); and DOJ Tech Asst. at §III-3.7000, that the current condition therefore denies individuals like Long the full and equal access that they are entitled to under the law, that it therefore discriminates against them because of their disabilities, and that the relief ordered by the court concerning this condition serve to fully vindicate attendant civil rights.

        (3)    **Closing Speed.**

        (a)    The door springs on the lobby doors close too quickly.

        (b)    Injunctive Relief. To resolve plaintiff's programmatic claims

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

concerning the closing speed of the entry doors on the parking lot side of the lobby (ranging around 2.5 seconds or less), he requests an order requiring defendants to adjust or replace the door closers and maintain the closing speed (from an open position of 90 degrees moving to a position of 12 degrees from the latch) of 5 seconds minimum, and otherwise adjust the hotel's practices to maintain these adjustments on a regular basis, and so as to comply with the literal requirements of 16-T24 11B-404.2.8 and 10-ADAS 404.2.8.

(c)     Declaratory Relief. Similarly, to resolve plaintiff's associated claims for declaratory relief, he requests an order declaring that the door springs have not been maintained properly, causing the door leaves to close too quickly and limit safe usability, that this violates the general duty to maintain accessible features per 16-T24 § 11B-108; 42 USC 12182(b)(2)(A)(ii); and DOJ Tech Asst. at §III-3.7000, that the current condition therefore denies individuals like Long the full and equal access that they are entitled to under the law, that it therefore discriminates against them because of their disabilities, and that the relief ordered by the court concerning this condition serve to fully vindicate attendant civil rights.

ii.     **Coffee & Hot Water Self-Serve.**

(1)     **Counter Height.**

(a)     The counter with the coffee dispenser and condiments is set too high.

(b)     Injunctive Relief. To resolve plaintiff's construction programmatic claims concerning the in the excessive height of self-serve coffee counter (currently set at 36 inches AFF), which stores coffee condiments and is used by guests for retrieving condiments and mixing, he requests an order requiring defendants to lower the overall counter height to a maximum of 34 inches AFF as measured from the floor to the top counter lip, and so as to comply with the literal requirements of 16-CBC 11B-226.1& 11B-901.3, and 10-ADAS 226.1 & 901.3.

(c)     Declaratory Relief. To resolve plaintiff's associated claims for declaratory relief, he requests an order declaring that this amenity is mounted too high, creating an obstruction, and placing its surface and the condiments outside the usable reach range, that it

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

First Amended Complaint for Equitable Relief and Damages:
Case No. 19-cv-00079-RS

— 78 —

1   is an illegal non-conformance per 91-ADAAG 4.32.4; 42 USC secs. 12812(b)(2)(iv) &

2   12183(a)(2); 98-T24 1122B.4; and 10-ADAS 901.3, that it denies access to equal benefits, that it

3   therefore denies individuals like Long the full and equal access that they are entitled to under the

4   law, that it therefore discriminates against them because of their disabilities, and that the relief

5   ordered by the court concerning this condition serve to fully vindicate attendant civil rights.

6           (2)   **Coffee Dispenser.**

7               (a)   The two spigots for coffee and hot water are set outside of the

8   required reach range.

9               (b)   Injunctive Relief. To resolve plaintiff's programmatic claims under

10  concerning the height of the height of the coffee dispenser's spigot and the separate hot water

11  spigot located at the top of the dispenser, he requests an order requiring defendants to either

12  replace the current model dispenser, or lower the overall height of the dispenser, and so that the

13  maximum height to the center-line of the highest operating lever is set a height no greater than 48

14  inches above the finished floor for this side approach, and so as to comply with the literal

15  requirements of 10-ADAS 305, 308, 309 and 16-CBC 11B-305, 11B-308, 11B-309.

16              (c)   Declaratory Relief. To resolve plaintiff's associated claims for

17  declaratory relief, he requests an order declaring that this amenity is mounted outside the usable

18  reach range, that it denies access to equal benefits, that it therefore denies individuals like Long

19  the full and equal access that they are entitled to under the law, that it therefore discriminates

20  against them because of their disabilities, and that the relief ordered by the court concerning this

21  condition serve to fully vindicate attendant civil rights.

22          iii.   **Sales Office Door.**

23              (1)   The hardware on the sales office door requires tight grasping, pinching

24  or twisting of the wrist to operate.

25              (2)   Injunctive Relief. To resolve plaintiff's construction and programmatic

26  claims concerning the hotel's failure to provide proper door hardware at the door serving the

27  manager's and sales office (existing is knob-type), which is at least critical for guests who are

28  exiting this area, he requests an order requiring defendants to install lever type hardware or

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

**First Amended Complaint for Equitable Relief and Damages:**
**Case No. 19-cv-00079-RS**

— 79 —

another form capable of single-action operation and that does not otherwise require tight

grasping, pinching or twisting of the wrist to operate, and so as to comply with the literal

requirements identically set forth at 16-T24 11B-309.4 & 11B-404.2.7, and 10-ADAS 309.4 &

404.2.7.

(3)   Declaratory Relief. To resolve plaintiff's associated claims for

declaratory relief, he requests an order declaring that that this hotel stands in violation of its past

construction and programmatic obligations to provide a readily accessible means for using this

door, that the failure of the existing facilities constitutes an illegal non-conformance per, at least,

85-T24 2-1213(a) 1 & 2-3303(c) 2; 91-ADAAG 4.13.9 & 9.2.2(3); and 98-T24 1004.14 &

1111B.4; and 10-ADAS 309.4, 404.2.7, 806.2.1 & 806.2.3, that it therefore denies individuals

like Long the full and equal access that they are entitled to under the law, that it therefore

discriminates against them because of their disabilities, and that the relief ordered by the court

concerning this condition serve to fully vindicate attendant civil rights.

e.   **Pool Area.**

i.   **Entrances.**

(1)   **Signage.**

(a)   The pool area lacks required signage concerning accessibility.

(b)   Injunctive Relief. To resolve plaintiff's construction and

programmatic claims for injunctive relief concerning the two entrances to the pool area and the

hotel's failure to display the required international symbol of accessibility, here, to designate the

pool as an accessible space, he requests an order requiring defendants to install such signage on

the exterior side of the entry gates, and so as to comply with the literal requirements of 16-T24

11B-216.2 & 11B-703 and 10-ADAS 216.2 & 703.

(c)   Declaratory Relief. To resolve plaintiff's associated claims for

declaratory relief, he requests an order declaring that that required signage performs a critical

purpose, that its serves as a form of certification, that its absence of this communication features

denies individuals using wheelchairs with information needed for assessing a facility's usability

before entering, that it is an illegal non-conformance per 85-T24 & 2-1720(a); 42 USC secs.

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

12812(b)(2)(iv) & 12183(a)(2); 98-T24 1117B.5, 10-ADAS 216.2, and that the relief ordered by the court concerning this condition serve to fully vindicate attendant civil rights.

(2) **Landings.**

(a) The two entrances serving the pool area lack required exterior gate landings.

(b) Injunctive Relief. To resolve plaintiff's programmatic and construction claims concerning the hotel's failure to provide a compliant landing at its gated entries, he requests an order requiring defendants to modify to provide the required level clear space with a minimum strike edge clearance for a forward, out-swinging approach, and in full conformance with the literal requirements identically set forth at 16-T24 11B-302, 11B-404.2.4.1, Table 11B-404.2.4.1, Fig. 11B-404.2.4.1(a) & 11B-404.2.4.4,; and 10-ADAS 302, 404.2.4.1, Table 404.2.4.1, Fig. 404.2.4.1(a) & 404.2.4.4.

(c) Declaratory Relief. To resolve plaintiff's associated claims for declaratory relief, he requests an order declaring that the current configuration of the landings make it difficult to impossible for individuals like Long to safely and independently enter the pool area, that it is an illegal non-conformance per 85-T24 & 2-3301(i) 2 A; 91-ADAAG 4.13.6, Fig. 25(a) & 9.2.2(3); 42 USC secs. 12812(b)(2)(iv) & 12183(a)(2); 98-T24 1004.9.2a & 1111B.4; and 10-ADAS 302, 404.2.4.1, Table 404.2.4.1, Fig. 404.2.4.1(a) & 404.2.4.4, that it therefore denies individuals like Long the full and equal access that they are entitled to under the law, that it therefore discriminates against them because of their disabilities, and that the relief ordered by the court concerning this condition serve to fully vindicate attendant civil rights.

(d) **Hardware.**

(i) The gate hardware at both entrances is mounted outside of the required reach range.

(ii) Injunctive Relief. To resolve plaintiff's programmatic and construction claims that the hotel has failed to locate that the gate hardware at a compliance height, he requests an order requiring defendants to reset the upper gate hardware to the compliant maximum height of between 34 and 44 inches AFF, or eliminate these latch-hooking

1    mechanisms altogether, or adopt a policy, practice and procedure to set them both into

2    non-operational (non-latching) status during the public hours of the facility, and so as to comply

3    with the literal requirements set forth at 16-CBC 11B-404.2.7.

4              (iii)  Declaratory Relief. To resolve plaintiff's associated claims for

5    declaratory relief, he requests an order declaring that the current latch is not set within the

6    accessible reach range, that it is an illegal non-conformance per the less restrictive, but not-met

7    requirements 85-T24 2-3303(c) 1, Excep. 2; 91-ADAAG 4.13.9; 98-T24 1004.3 2; and 10-ADAS

8    404.2.7, that it therefore denies individuals like Long the full and equal access that they are

9    entitled to under the law, that it therefore discriminates against them because of their disabilities,

10   and that the relief ordered by the court concerning this condition serve to fully vindicate attendant

11   civil rights.

12        ii.   **Safety Equipment.**

13              (1)   The safety equipment mounted alongside the pool fence is outside the

14   required reach range and not adjacent to a clear floor space.

15              (2)   Injunctive Relief. To resolve plaintiff's programmatic and construction

16   claims that the hotel has failed to ensure the safety equipment is accessible, he requests an order

17   requiring defendants to take appropriate steps to ensure the life preserver and safety hook are

18   reset adjacent to a compliant clear ground floor space and within the compliant reach range, and

19   per the literal specifications set forth in 10-ADAS 305, 309 and 16-CBC 11B-305, 11B-309.

20              (3)   Declaratory Relief. To resolve plaintiff's associated claims for

21   declaratory relief, he requests an order declaring that that this hotel stands in violation of its past

22   construction obligation and/or programmatic obligation to place this equipment adjacent to a

23   clear ground floor space and within a usable reach range, that the failure of the existing facilities

24   constitutes an illegal non-conformance per, e.g., at least 85-T24, 2-1719, 2-1722(a)-(d) &

25   3-380-9; 91-ADAAG 4.27.4; 42 USC secs. 12812(b)(2)(iv) & 12183(a)(2); 98-T24 11117B.6 4;

26   and 10-ADAS 305, 308, 309, that they therefore deny individuals like Long the full and equal

27   access that they are entitled to under the law, that they therefore discriminate against them

28   because of their disabilities, and that the relief ordered by the court concerning this condition

1    serve to fully vindicate attendant civil rights.

2           iii.  **Drop-Offs.**

3              (1)  There are hazardous drop-off conditions in the pool deck area.

4              (2)  Injunctive Relief. To resolve plaintiff's construction claims that the hotel

5    has failed to protect users from the sudden drop-off conditions near the circular planter area

6    (which is a converted hot tub), he requests an order requiring defendants to remediate this

7    hazard by either eliminating the drop-off condition that currently exceeds 4 inches in height or by

8    identifying this area with warning curb of at least 6 inches in height above the adjacent walking

9    surface, and so as to comply with the literal requirements set forth at 16-CBC 11B-303.5.

10              (3)  Declaratory Relief. To resolve plaintiff's associated claims for

11    declaratory relief, he requests an order declaring that that the current drop-off at the planters is a

12    hazard to individuals like Long, that it is an illegal non-conformance per, e.g., at least 85-T24

13    2-3324(a); and 98-T24 24.1.5, that they therefore deny individuals like Long the full and equal

14    access that they are entitled to under the law, that they therefore discriminate against them

15    because of their disabilities, and that the relief ordered by the court concerning this condition

16    serve to fully vindicate attendant civil rights.

17           iv.  **Tables.**

18              (1)  The tables in the pool area fail to provide proper knee-space.

19              (2)  Injunctive Relief. To resolve plaintiff's programmatic claims concerning

20    the hotel's failure to provide and designate at least one poolside table with sufficient clear-floor

21    and kneespace in the area underneath it (currently, 3 non-compliant pedestal types are provided),

22    he requests an order requiring defendants to install at least one table providing a minimum clear

23    floor space of 30 inches by 48 inches positioned for a forward approach, with minimum toe

24    clearance of between 17 inches and 25 inches measured to a height of 9 inches, and minimum

25    depth knee clearance of 11 inches minimum at 9 inches AFF and 8 inches minimum at 27 inches

26    AFF, and minimum-width for the knee space of 30 inches; all in order to comply with the

27    

28        **5**  **Note:** if during the forthcoming remodel the hotel chooses to return this area to a functioning hot-tub, defendants shall make this facility fully accessible in conformance with 16-T24 11B-1009 and ADAS 1009.

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

specifications for minimum toe, knee, and clear floor space at 16-T24 11B-226, 11B-305 & 11B-306 & 11B-902.1; 10-ADAS 226, 305, 306 & 902.1.

(3)   Declaratory Relief. To resolve plaintiff's associated claims for declaratory relief, he requests an order declaring that that the current freestanding tables are not usable by individuals like Long, that they have a programmatic obligation to provide access to freestanding tables (here, by providing at least one accessible table) per 42 USC secs. 12812(b)(2)(iv) & 12183(a)(2); and preamble to DOJ regulations, 28 CFR Part 36 (2010) at pp. 56315-56315, that they have a possible construction obligation pursuant to the 1988 and 2001 projects and/or its existing programmatic obligation, see the identical kneespace requirements at 85-T24 2-1722(a) & Fig. 17-C(b); 91-ADAAG 4.32; and 98-T24 1118B.4.1 & Figs. 11B-5A & 11B-5, that the absence of at least one table denies individuals like Long the full and equal access that they are entitled to under the law, that they therefore discriminate against them because of their disabilities, and that the relief ordered by the court concerning this condition serve to fully vindicate attendant civil rights.

f.   **Guest Laundry.**

i.   **Entrance.**

(1)   **Signage.**

(a)   The entrance to the guest laundry area fails to post required signage concerning accessibility.

(b)   Injunctive Relief. To resolve plaintiff's construction and programmatic claims for injunctive relief concerning the entrance to the laundry facility and the hotel's failure to display the required international symbol of accessibility, here, to designate the area as an accessible space, he requests an order requiring defendants to install such signage on the exterior side of the entry gates, and so as to comply with the literal requirements of 16-T24 11B-216.2 & 11B-703 and 10-ADAS 216.2 & 703.

(c)   Declaratory Relief. To resolve plaintiff's associated claims for declaratory relief, he requests an order declaring that that required signage performs a critical purpose, that its serves as a form of certification, that its absence of this communication features

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

denies individuals using wheelchairs with information needed for assessing a facility's usability before entering, that it is an illegal non-conformance per 85-T24 & 2-1720(a); 42 USC secs. 12812(b)(2)(iv) & 12183(a)(2); 98-T24 1117B.5, 10-ADAS 216.2, and that the relief ordered by the court concerning this condition serve to fully vindicate attendant civil rights.

    (2) **Hardware.**

     (a) **Height.**

      (i) **Deadbolt.**

       (I) The deadbolt is set outside required reach range.

       (II) Injunctive Relief. To resolve plaintiff's construction and programmatic claims for injunctive relief concerning the height of the upper deadbolt at the entry doors, which exceeds the maximum-permissible by the codes, he requests an order requiring defendants to remount this amenity so that the center of its operable-portion is set no higher than 34 inches minimum and 44 inches maximum above the finished floor (AFF), thereby complying with the literal requirements set forth at 16-CBC 11B-404.2.7 & 11B-806.2.1.

       (III) Declaratory Relief. To resolve plaintiff's associated claims for declaratory relief, he requests an order declaring that that this hotel stands in violation of its past construction obligation and/or programmatic obligation to place this amenity with the required reach range, that the failure of the existing facilities constitutes an illegal non-conformance per, e.g., at least 85-T24 2-1213(a) 1 & 2-3303(c) 1, Excep. 2; 91-ADAAG 4.13.9 and 9.2.2(g); 42 USC secs. 12812(b)(2)(iv) & 12183(a)(2); 98-T24 1004.3 2 & 1111B.4.2; and 10-ADAS 404.2.7 & 806.2.1, that they therefore deny individuals like Long the full and equal access to the hotel's security features that they are entitled to under the law, that they therefore discriminate against them because of their disabilities, and that the relief ordered by the court concerning this condition serve to fully vindicate attendant civil rights.

      (ii) **Slide-Reader & Deadbolt Assembly.** Injunctive Relief. To resolve this claim, plaintiff requests an order requiring defendants to remount the slide-read and deadbolt assembly hardware so that the top of the slide-reader is set no higher than 34 inches minimum and 44 inches maximum above the finished floor (AFF), thereby complying with the

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

1  literal requirements set forth at 16-CBC 11B-404.2.7 & 11B-806.2.

2          (b)   **Operation.**

3              (i)   Existing door hardware requires tight grasping, pinching or

4  twisting of the wrist to operate.

5              (ii)   Injunctive Relief. To resolve plaintiff's construction and

6  programmatic claims for injunctive relief concerning the operation of the deadbolt at the entry

7  door, he requests an order requiring defendants to replace this hardware with a model does not

8  require tight grasping, pinching or twisting of the wrist to operate, and so as to comply with the

9  literal requirements set forth at 16-CBC 11B-309.4 & 11B-404.2.7, and 10-ADAS 309.4 &

10  404.2.7.

11              (iii) Declaratory Relief. To resolve plaintiff's associated claims for

12  declaratory relief, he requests an order declaring that that is has failed to provide a model

13  complying with grasping requirements, that the failure of the existing facilities constitutes an

14  illegal non-conformance per, e.g., at least 85-T24 2-1213(a) 3 & 2-3303(c) 3; 91-ADAAG 4.13.9

15  & 9.1.1; and 98-T24 1004.14 & 1111B.4, that they therefore deny individuals like Long the full

16  and equal access to the hotel's security features that they are entitled to under the law, that they

17  therefore discriminate against them because of their disabilities, and that the relief ordered by the

18  court concerning this condition serve to fully vindicate attendant civil rights.

19          (3)   **Threshold.**

20          (a)   The height of the existing threshold exceeds the maximum

21  permitted by code.

22          (b)   Injunctive Relief. To resolve plaintiff's programmatic and

23  construction claims that defendants have failed to provide a compliant threshold (the otherwise

24  compliant threshold plate used here is not mounted directly flush to the exterior ground-floor

25  surface, and consequently results in a non-compliant vertical rise at the exterior side of the

26  entry), he requests an order requiring defendants to renovate and raise the exterior landing so as

27  to ensure the resulting mount of the threshold plate is directly flush to the ground-floor surface

28  (or take another corrective, but equally-effective measure), and that thereby results in a

**Thimesch Law Offices**
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

**First Amended Complaint for Equitable Relief and Damages:**
**Case No. 19-cv-00079-RS**

— 86 —

1    maximum vertical rise of 1/4 inch or 1/2 inch if beveled to a slope of 1:2, and so as to comply

2    with the literal requirements identically set forth at 16-CBC 11B-302, 11B-303 & 11B-404.2.5,

3    and 10-ADAS 302, 303 & 404.2.5.

4                    (c)    Declaratory Relief. To resolve plaintiff's associated claims for

5    declaratory relief, he requests an order declaring that that this hotel stands in violation of its past

6    construction obligation and/or programmatic obligation to provide individuals with disabilities

7    with a compliant threshold meeting this height requirement, that the failure of the existing

8    facilities constitutes an illegal non-conformance per at least 85-T24 2-3303(i)(1) 1; 91-ADAAG

9    4.13.8 & 4.5.2; 42 USC secs. 12812(b)(2)(iv) & 12183(a)(2); 95-T24 1004.9.1a; 10-ADAS 302,

10   303, 404.2.5, that they therefore deny individuals like Long the full and equal access to the

11   hotel's entryway facilities that they are entitled to under the law, that they therefore discriminate

12   against them because of their disabilities, and that the relief ordered by the court concerning this

13   condition serve to fully vindicate attendant civil rights.

14           ii.    **Light Switch.**

15                    (1)    The existing light switch requires tight grasping, pinching or twisting of

16   the wrist to operate.

17                    (2)    Injunctive Relief. To resolve plaintiff's construction and programmatic

18   claims that the hotel has failed to provide this room with an accessible light switch, he requests an

19   order requiring defendants to replace the current rheostat model with a new control that does not

20   require tight grasping, pinching or twisting of the wrist to operate, and so as to comply with the

21   literal requirements identically set forth at 16-T24 11B-309 and 10-ADAS 309.

22                    (3)    Declaratory Relief. To resolve plaintiff's associated claims for

23   declaratory relief, he requests an order declaring that that is has failed to provide a model

24   complying with grasping requirements, that the failure of the existing facilities constitutes an

25   illegal non-conformance per, e.g., at least 85-T24 2-1213(a) 3, 2-1719 & 2-380-8(c); 91-ADAAG

26   4.13.9; 42 USC secs. 12812(b)(2)(iv) & 12183(a)(2); 98-T24 1004.3 2; and 10-ADAS 302, 303,

27   404.2.5, that they therefore deny individuals like Long the full and equal access to the hotel's

28   facilities that they are entitled to under the law, that they therefore discriminate against them

1   because of their disabilities, and that the relief ordered by the court concerning this condition

2   serve to fully vindicate attendant civil rights.

3           iii.   **Alcove.**

4                   (1)   A narrow alcove prevents accessing the soap and dryer-sheet dispenser.

5                   (2)   Injunctive Relief. To resolve plaintiff's claim concerning the current

6   non-compliant alcove affecting the accessibility of the coin-operated soap and dryer-sheet

7   dispenser, an alcove which is formed by the placement of washer and dryers machines on either

8   side of the dispenser, plaintiff seeks an order requiring defendants to relocate this fixture next to

9   a compliant clear floor space, or to reorganize the objects in the room to enlarge this

10  front-approaching alcove into a minimum clear width of 36 inches, and so as to comply with the

11  literal requirements identically set forth at 10-ADAS 305.7.1 and Figure 305.7.1 and 16-CBC

12  11B-305.7.1 and Figure 11B-305.7.1.

13                  (3)   Declaratory Relief. To resolve plaintiff's associated claims for

14  declaratory relief, he requests an order declaring that that is has failed to provide a compliant

15  clear floor space next to its controls, that the failure of the existing facilities constitutes an illegal

16  non-conformance per, e.g., at least 85-T24, 2-1719, 2-1722(a)-(d) &  3-380-9; 91-ADAAG

17  4.27.4; 42 USC secs. 12812(b)(2)(iv) & 12183(a)(2); 98-T24 11117B.6 4; and 10-ADAS 305,

18  308, 309, that they therefore deny individuals like Long the full and equal access to the laundry

19  facilities that they are entitled to under the law, that they therefore discriminate against them

20  because of their disabilities, and that the relief ordered by the court concerning this condition

21  serve to fully vindicate attendant civil rights.

22          iv.   **Folding Counter.**

23                  (1)   The counter for folding clothes is set too high.

24                  (2)   Injunctive Relief. To resolve plaintiff's construction programmatic

25  claims concerning the in the excessive height of folding counter (currently set in excess of 36

26  inches AFF), he requests an order requiring defendants to lower the overall counter height to a

27  maximum of 34 inches AFF as measured from the floor to the top counter lip, and so as to

28  comply with the literal requirements of 16-CBC 11B-226.1 & 11B-901.3, and 10-ADAS 226.1 &

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

901.3.

(3)   Declaratory Relief. To resolve plaintiff's associated claims for declaratory relief, he requests an order declaring that this amenity is mounted too high, that it is an illegal non-conformance per 91-ADAAG 4.32.4; 42 USC secs. 12812(b)(2)(iv) & 12183(a)(2); 98-T24 1122B.4; and 10-ADAS 901.3, that it denies access to equal benefits, that it therefore denies individuals like Long the full and equal access that they are entitled to under the law, that it therefore discriminates against them because of their disabilities, and that the relief ordered by the court concerning this condition serve to fully vindicate attendant civil rights.

g.   **Smoking Areas.**

i.   The smoking areas have many problems, but the most important to address is their lack of an accessible route.

ii.   Injunctive Relief. To resolve plaintiff's construction and programmatic claims concerning the accessibility of the hotel's two designated smoking areas, i.e., the one on the eastern side of the property and the other on the southern side of the property, he requests an order requiring defendants to perform the following work:

(1)   Design and construct new paths of travel forming a connection between the main hotel buildings with the two smoking facilities, and so as to bring the resulting paths into full compliance with the literal requirements for "accessible routes" set forth in 10-ADAS at 206 and at Chapter 4, and 16-CBC at 11B-206 and at Division 4.

(a)   At a minimum, he requests an order declaring that that these new facilities shall require designing and constructing new curb ramps at approximately four locations, resolving intervening slope and cross-slope conditions within the parking lot, and ensuring the newly created routes do not require the user to proceed behind parked vehicles.

(b)   As to the existing smoking area on the eastern side of the property and its connecting path, he requests an order requiring defendants to either compact the existing decomposed granite surface, or replace it with a new surface, and so to ensure the resulting condition is firm, stable and slip resistant, and in conformance with the literal requirements of 16-CBC 11B-305 & 10-ADAS 305.

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

First Amended Complaint for Equitable Relief and Damages:
Case No. 19-cv-00079-RS

— 89 —

iii.    Declaratory Relief. To resolve plaintiff's associated claims for declaratory relief, he requests an order declaring that currently there is no route available to reach these two amenities, that they were constructed within the statutory period, that therefore they are an illegal non-conformance, that it denies access to equal benefits, that it therefore denies individuals like Long the full and equal access that they are entitled to under the law, that it therefore discriminates against them because of their disabilities, and that the relief ordered by the court concerning this condition serve to fully vindicate attendant civil rights.

h.  **Circulation Routes:**

i.    The circulation routes around the hotel deny access in the multiple respects set out below:

ii.    Injunctive Relief. To address plaintiff's claims concerning the accessibility of the hotel's circulation routes, he requests an order requiring defendants to perform construction work and make changes in their policies, practices and procedures, and as follows:

(1)    As to the two existing projecting-curb-ramps located on the north side of the hotel, which have a height exceeding the adjacent curb height and therefore do not qualify to be configured as "curb ramps," and whose flanges are otherwise obstructed by the vehicular areas, he requests an order requiring defendants to reconfigure these facilities to provide vertical access via formal ramps complying with the literal requirements of 16-CBC 11B-405 and 10-ADAS 405, or renovate these facilities into compliant curb ramps whose vertical rise does not exceed the adjacent curb height, or provide another compliant means of vertical access. No portion of the resulting ramp or other means of vertical access shall extend into adjacent designated parking facilities or their access aisle.

(2)    For all pedestrian ways at the hotel, he requests an order requiring defendants to inspect, remediate, and maintain the vertical dimension between walks or other pedestrian ways and adjacent surfaces or features by either eliminating hazardous drop-off conditions exceeding 4 inches in height or by identifying them with warning curbs at least 6 inches in height above the walk or sidewalk surface, and so as to comply with the literal requirements set forth at 16-CBC 11B-303.5.

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

(3)     He requests an order requiring defendants to modify policies, practices and procedures relative to the placement of maid-service carts to eliminate the associated practice of obstructing pedestrian ways during the daily maintenance of guestrooms. Regarding the duty to maintain accessible features, see, 42 USC 12182(b)(1)(A)(i), DOJ Title II Regulations, 36.302, and 16-CBC 11B-108.

(4)     As an advisory,[6/] plaintiff's notes the several sets of exterior stairways providing pedestrian access to the upper guestroom floors of the hotel currently lack required contrasting strips along the nosing of each tread. These are required to assist persons with visual disabilities. See, 16-CBC 11B-504.4.1. While plaintiff Long does not claim standing as to this requirement, he <u>does</u>, however, claim standing to complain as to the missing contrasting stripe on the upper-most tread of each stairway, i.e., whose absence fails to warn individuals using wheelchairs of the associated drop-off condition, and so as to comply with the literal requirements of Id.

(5)     Plaintiff also advises that the hotel's curb ramps lack the detectable warnings required for alerting persons with visual disabilities, per the literal requirements of 16-CBC 11B-406.5.12, 11B-705.

(6)     To resolve plaintiff's claim concerning the public sidewalk between the southwest corner of the building and parking lot, he requests an order requiring defendants to provide compliant curb ramps at the two locations where the sidewalk terminates without provision of a curb ramp, and so as to comply with the literal requirements of 16-CBC 206.2.1, 406.

(7)     With regard to the public pedestrian route leading from the hotel's south driveway entrance to the public sidewalk on the south side of the main building, he requests an order requiring defendants to either install a fully compliant accessible route at this location, or install directional signage indicating the location of the hotel's main pedestrian way on the western side of the site, and so as to comply with the literal requirements of 16-ADAS 11B-216.3, and 10-ADAS 216.3.

---

[6] Advisories are provided solely for informational purposes, and do not constitute demands.

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

iii.   Declaratory Relief. To resolve plaintiff's associated claims for declaratory relief, he requests an order declaring that each of the foregoing conditions that affect the accessibility for individuals using wheelchairs or other mobility disabilities devices where triggered by either defendants' original construction or remodeling projects, that they serve to deny individuals like Long from the safe, full and equal facilities that they are entitled to under the law, that they therefore discriminate against them because of their disabilities, and that the relief ordered by the court concerning this condition serve to fully vindicate attendant civil rights.

i.   **Public Unisex Facility:**

i.   The public restroom located near the courtyard entrance to the lobby is inaccessible in nearly every respect.

ii.   Injunctive Relief. To resolve plaintiff's claims concerning this restroom, plaintiff requests an order requiring defendants to:

(1)   Remediate the existing inaccessible clear space conditions at the facility's (1) entrance, (2) sink and (3) toilet so as to comply the literal requirements 16-CBC at Division 6 and 10-ADAS at Chapter 6.

(a)   This work shall require enlarging the existing footprint of a space currently conjured in the shape of an irregular quadrilateral, e.g., by furring out its existing diagonal-partition-wall to the north.

(b)   The work shall otherwise ensure the resulting facility complies in all respects for an accessible public restroom facility as specified by 16-CBC at Division 6, and 10-ADAS at Chapter 6.

(2)   For this project, he requests an order requiring defendants to obtain a building permit and have all work designed and supervised by a licensed architect and/or CASp consultant.

iii.   Declaratory Relief. To resolve plaintiff's associated claims for declaratory relief, he requests an order declaring that the current restroom facility was built and/or remodeled during the statutory period, that it fails to provide a compliant entry and required turning and clear floor spaces necessary for using the fixtures, that numerous facilities within it

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

are illegal non-conformances, that it serves to entirely exclude individuals like Long from using the facilities, that it therefore discriminates against them because of their disabilities, and that the relief ordered by the court concerning these conditions serve to fully vindicate attendant civil rights.

       j.    **Conference Facility:** On information and belief, the hotel has a conference room whose facilities fail to comply with the minimum requirements of the code at its main entrance, at its white board, and at its tables for attendees. The conformance of these conditions will require a formal inspection.

121. All the foregoing identifications are without prejudice to plaintiff citing additional structural and policy conditions after completion of a formal inspection by plaintiff's access consultant, per the 9th Circuit's standing standards under <u>Doran v. 7-Eleven, Inc</u>., 524 F.3d 1034 (9th Cir. 2008), <u>Chapman v. Pier One Imports (USA), Inc</u>., 631 F.3d 939 (9th Cir. 2011), and <u>Oliver v. Ralphs Grocery Co</u>., 654 F.3d 903 (9th Cir. 2011).

122. Performance Standards. Plaintiff's request for injunctive relief seeks to have the subject facilities brought into full and strict compliance with the literal performance standards for altered facilities under the Americans with Disabilities Standards for Accessible Design, effective March 15, 2011, and under California's Title 24 (2016), whichever for each element provides the strongest level of protection to persons with disabilities. It also seeks to invalidate all possible defenses to literal compliance, including, but not limited to, undue burden, unreasonable hardship, undue hardship, legal and physical constraint, technical infeasibility, 20% cost-cap, ENE, State Historical Building Code Exceptions and Exemptions, etc.

# IV. <u>Causes of Action</u>

## I.

### Title III of the Americans with Disabilities Act

123. Long incorporates, as if fully set forth hereafter, the factual allegations at ¶¶ 1 thru the preceding-numbered paragraph.

124. This cause of action is applicable to the private-named defendants.

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

125. It is under Title III of the ADA, 42 USC §§ 12101ff.

126. Title III covers structural obligations imposed by various provisions of law, including:

127. The Americans with Disabilities Act Accessibility Guidelines (ADAAG);

128. The Americans with Disabilities Act Standards (ADAS); and

129. Part III of the Department of Justice implementing regulations, 28 CFR Part 36.

130. The hotel's various facilities each qualify as public accommodations.

131. Under this title, each of the defendants qualify as an owner, operator, lessor or lessee.

132. Under this title, each of the defendants also qualify as controller or manager.

133. Defendants' current policies, practices and procedures (as outlined within the subparagraphs of III.J.120) discriminate against persons who use wheelchairs.

134. They deny Long his right to full and equal enjoyment.

135. They may be reasonably modified without much difficulty or expense.

136. Such modification is necessary to afford persons using wheelchairs with Good Nite's lodging services and facilities.

137. Defendants' failure to make such modification thus violates 42 USC 12182(b)(1)(A)(i).

138. The current practices concerning maintenance and lodging arrangements is unreasonable.

139. The foregoing current practices deny full participation in violation of §12812(b)(1)(A).

140. They also cause participation in an unequal benefit in violation of §12812(b)(1)(B).

141.  They also cause him and others to receive different benefits in violation of §12812(b)(1)(C).

142. At all times after January 25, 1992, the specific conditions identified herein in the subparagraphs of III.J.120 as being a "programmatic claim" were:

    a.    Capable of removal without much difficulty or expense, per 12182(b)(2)(A)(iv);

    b.    And where not so, mitigatable through reasonable modifications under Id., subs. (ii);

    c.    Was part of a newly constructed area, per § 12183(a)(1);

    d.    Was part of an "altered" area, per § 12183(a)(2); and/or

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

First Amended Complaint for Equitable Relief and Damages:
Case No. 19-cv-00079-RS

— 94 —

e.    Impacted an area of "primary function" and "path of travel" obligations, per Id.

143. Each of the conditions identified in the subparagraphs of III.J.120 deny plaintiff facilities that are readily accessible and usable.

144. The conditions therefore discriminate against him because of his disabilities

145. Long is entitled to the remedies and procedures set forth in 42 USC 2000a-3(a).

146. He seeks an injunction, per § 12188(a)(1) thru (2).

147. He seeks an award of reasonable attorney's fees, litigation expenses and costs, per § 12205.

148. This request additionally seeks the expense of experts and consultants, per 28 CFR 36.505.

Wherefore, he prays that this court grant relief as hereinafter stated.

## II.

## Health & Safety 19955 et seq.

149. Long incorporates, as if fully set forth hereafter, the factual allegations at ¶¶ 1 thru the immediately preceding last-numbered paragraph.

150. Because of his standing (see ¶¶ III.93 - III.103), he is both aggrieved and potentially aggrieved.

151. This cause of action is applicable to the private-named defendants.

152. Defendants' businesses are public accommodations and facilities, per §19955(a).

153. They are comprised of buildings, structures, facilities, complexes, or improved areas.

154. They are open and available to the public.

155. They have sanitary facilities that are made available to the public, clients and employees.

156. The guestrooms, restrooms and other facilities are a fundamental part of defendants' facilities.

157. Without these facilities, wheelchair users are denied fundamental access to such facilities.

158. Hence, defendants deny such users access to an unreasonable portion of their facilities.

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

159. Under §§ 19955 et seq., he seeks correction of each structural item listed in the subparagraphs of III.J.120.

160. Per Section III. F. at ¶¶ 72 through 92, supra, construction work has triggered such obligations under § 19956.

161. Such work obligated compliance with Chapter of the Government Code, §§ 4450 et seq.

162. Such work obligated compliance with the regulations of the ASA and/or the later Title 24.

163. Defendants' facilities fail to meet those obligations, as outlined within the subparagraphs of III.J.120.

164. He seeks an injunction as well as an award of reasonable attorney's fees per § 19953.

165. He seeks an award of attorney's fees and an enhancement under CCP § 1021.5.

Wherefore, he prays that this court grant this and the other relief set forth in the prayer.

III.

Disabled Rights Acts, Civil Code §§ 54 et seq.

166. Long incorporates, as if fully set forth hereafter, the factual allegations at ¶¶ 1 thru the preceding-numbered paragraph.

167. This cause of action is applicable to the named-private defendants.

168. The hotel and its businesses are each a public accommodation, per Civil Code § 54.1.

169. They each also meet the broad categorization of covered-business types listed in § 54.1.

170. Civil Code §§ 54 et seq. is referred to as the California Disabled Rights Act (CDRA).

171. The CDRA covers structural obligations imposed by other law.

172. He therefore incorporates in full the second cause of action.

173. He also seeks to remedy policy violations, i.e., if necessary to guarantee physical access.[7/]

174. Defendants' facilities fail to meet those obligations, as outlined within the subparagraphs of III.J.120.

---

[7] *Turner v. Ass'n of Am. Med. Colleges*, 167 Cal.App.4th 1401, 1412, 85 Cal.Rptr.3d 94, 104 (2008), as modified.

175. Defendants' acts and omissions outlined herein violate his rights under the CDRA.

176. Defendants' violations of the ADA also constitute violations of the CDRA, per 54.1(d).

177. Accordingly, the first cause of action hereinabove is reincorporated as if separately repled.

178. He has been denied his rights under both the CDRA and ADA as outlined herein.

179. As a result, he has suffered damages, and seeks relief, as set forth at section III., I. at ¶¶ 104 through 119.

180. He seeks additionally seeks an award of treble damages per Civil Code § 54.3.

181. He seeks an award of reasonable attorney's fees and costs per Id.

182. He also seeks an injunction as well as an award of reasonable attorney's fees per § 55.

183. He seeks an award of attorney's fees and an enhancement under §1021.5.

Wherefore, he prays that this court grant this and the other relief set forth in the prayer.

IV.

Unruh Civil Rights Acts, Civil Code §§ 51 et seq.

184. Long incorporates, as if fully set forth hereafter, the factual allegations at ¶¶ 1 thru the preceding-numbered paragraph.

185. This cause of action is applicable to the named-private defendants.

186. The Good Nite, as well as the hotel in general, each meet the broad categorization of covered-business types listed in § 51(f).

187. Civil Code §§ 51 is referred to as the Unruh Civil Rights Act (Unruh).

188. Unruh covers structural obligations imposed by other provisions of law, such as Title 24.

189. He therefore incorporates in full the second cause of action.

190. He also remedies policy breaches that are necessary to guarantee physical access.

191. Defendants' facilities fail to meet those obligations, as outlined within the subparagraphs of III.J.120.

192. Defendants' acts and omissions outlined herein violate his rights under Unruh.

193. Defendants' violations of the ADA also constitute violations of Unruh, per § 51(h).

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521–4319
(925) 588-0401

First Amended Complaint for Equitable Relief and Damages:
Case No. 19-cv-00079-RS

— 97 —

194. He has been denied his rights under both Unruh and the ADA as outlined herein.

195. Accordingly, the first cause of action hereinabove is reincorporated as if separately repled.

196. As a result, he has suffered damages, and seeks relief, as set forth at section III., I. at ¶¶ 104 through 119.

197. He seeks additionally seeks an award of treble damages per Civil Code § 52(a).

198. He seeks an award of reasonable attorney's fees and costs per Id.

199. He also seeks an injunction per common law applicable to Unruh.

200. He seeks an award of attorney's fees and an enhancement under §1021.5.

Wherefore, he prays that this court grant this and the other relief set forth in the prayer.

V.

Government Code Section 12948

201. Long incorporates, as if fully set forth hereafter, the factual allegations at ¶¶ 1 thru the preceding-numbered paragraph.

202. This cause of action is applicable to the named-private defendants.

203. A violation of the CDRA or Unruh entitles violates Government Code § 12948.

204. He therefore incorporates in full the fourth and fifth cause of action.

205. Defendants' facilities fail to meet those obligations, as outlined within the subparagraphs of III.J.120.

206. He therefore seeks alternatively under this statute:

    a.   Injunctive relief;

    b.   Statutory and compensatory damages;

    c.   Punitive damages pursuant to Civil Code § 3294; and

    d.   Attorney's fees, litigation expenses and costs.

Wherefore, he prays that the Court grant relief as requested herein below.

VI.

Negligence per se

207. Long incorporates, as if fully set forth hereafter, the factual allegations at ¶¶ 1 thru the

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

First Amended Complaint for Equitable Relief and Damages:
Case No. 19-cv-00079-RS

— 98 —

preceding-numbered paragraph.

208. This cause of action is applicable to the named-private defendants.

209. Irrespective of the statutory requirements, defendants were negligent in their actions.

210. Because this negligence violated statutory protections, it constitutes negligence per se.

211. Such negligence proximately caused injury to him, including stress, suffering, and strain.

212. The negligence was done with complete indifference of the probable result.

213. He therefore alternatively seeks:

 a.  Compensatory damages;

 b.  Punitive damages pursuant to Civil Code § 3294.

Wherefore, he prays that the court grant relief as requested herein below.

VII.

Declaratory Relief

214. Long incorporates, as if fully set forth hereafter, the factual allegations at ¶¶ 1 thru the preceding-numbered paragraph.

215. This cause of action is applicable to the named-private defendants.

216. It is also applicable to City, but strictly in relation to the claim of ¶ III.J.119.b.1 beginning on page 26 (the absence of an accessible route from the public sidewalk/transportation stops leading to the hotel's primary main entrance).

217. A present and actual controversy exists.

218. It relates to:

 a.  To establishing the respective rights and obligations between him and defendants.

 b.  Whether construction has impressed obligations upon the property.

 c.  Whether they are impressed irrespective of past or future ownership.

 d.  Whether because of past construction, each condition (within the subparagraphs of III.J.120) is an illegal non-conformance under the state and/or federal codes.

 e.  Whether the non-conformance results in facilities that are not readily accessible to and usable by plaintiff and others similarly situated.

Thimesch Law Offices
4413 Black Walnut Ct.
Concord, CA 94521-4319
(925) 588-0401

First Amended Complaint for Equitable Relief and Damages:
Case No. 19-cv-00079-RS

— 99 —

1    f.    Whether non-conformities therefore discriminate against individuals because of

2    their disabilities.

3    g.    Finally, whether the relief ordered by the court in relation to all causes of action

4    fully vindicates attendant civil rights.

5    219. He requests a judicial determination by declaration of such rights and such obligations.

6    220. Such a declaration is necessary and appropriate so that the parties may ascertain their

7    rights.

8    221. It will also prevent further harm or infringement of his civil rights.

9    Wherefore, he prays the court grant relief as requested herein below.

10    VIII.

11    Business & Professions Code § 17200 et seq.

12    222. Long incorporates, as if fully set forth hereafter, the factual allegations at ¶¶ 1 thru the

13    preceding-numbered paragraph.

14    223. This cause of action is applicable to the named-private defendants.

15    224. Section 17200 is part of the Unfair Business Practices Act.

16    225. The act defines the practices that constitute unfair business competition.

17    226. They include any "unfair," "unlawful," or "fraudulent" business act or practice.

18    227. As remedies, the Act provides for injunctive relief, restitution, and disgorgement of

19    profits.

20    228. The unlawful, unfair, and fraudulent business acts and practices are as described herein.

21    229. Such practices violate the declared legislative policies as set forth by state and federal

22    law.

23    230. Particularly, they include, but are not limited to, those detailed at within the

24    subparagraphs of III.J.120.

25    231. He and other persons similarly situated have been damaged by said practices.

26    232. He has lost money and property due to defendants' conduct.

27    233. He seeks relief §§ 17200 and 17203.

28    Wherefore, he prays the court grant relief as requested herein below.

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

First Amended Complaint for Equitable Relief and Damages:
Case No. 19-cv-00079-RS

— 100 —

IX.

Fraud

234. Long incorporates, as if fully set forth hereafter, the factual allegations at ¶¶ 1 thru the preceding-numbered paragraph.

235. This cause of action is applicable to the named-private defendants.

236. The events and allegations against defendants above described, including but not limited to the misrepresentations and facts described above in paragraph 94, constituted a fraud committed against Long who patronized the hotel and its facilities as a result of reliance on defendants' representations.

237. He did not know defendants' misrepresentations were false and could not have discovered with reasonable diligence or other means that they were false.

238. He suffered denial of his Civil Rights, and personal physical, mental and emotional distress as above alleged and described, as a proximate result of this fraud.

239. He seeks recovery of all special and general damages, all attorneys' fees incurred as a result of defendants' fraud, and recovery of punitive damages pursuant to Section 3294 Civil Code, for the fraudulent, oppressive, and malicious acts of defendants, according to proof.

Wherefore, he prays the court grant relief as requested herein below.

X.

Title II of the Americans with Disabilities Act

240. Long incorporates, as if fully set forth hereafter, the factual allegations at ¶¶ 1 thru the preceding-numbered paragraph.

241. This cause of action is applicable to City, and relates strictly to the claim at Section III., J., ¶ 119.b.1 beginning on page 26  (the absence of an accessible route from the public sidewalk/transportation stops leading to the hotel's primary main entrance).

242. On information and belief, the City owns or controls the portion of the apron-portion of the parcel relating to the main driveway entrance, or to some other driveway entrance serving the hotel, and leases or conveyed some similar interest or easement to the named-private defendants for using this portion of the property for pedestrian and vehicular aggress.

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

243. Plaintiff is entitled to the protections of the "Public Services" provisions of Title II of the Americans With Disabilities Act of 1990 (hereinafter referred to alternatively as the "ADA").

244. Pursuant to 42 U.S.C. section 12132, section 202 of Title II, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity.

245. City is a public entity or agent who implemented the services for such agencies.

246. Under Title II, governmental entities were required by the compliance deadline of January 26, 1992 to perform a self-evaluation and implement a "transition plan," either bringing their facilities into compliance with the ADA accessibility guidelines or altering their programs to compensate for the accessibility deficiencies discovered in the ADA self-evaluation process.

247. The failure to have or implement a full transition plan taking into account this facility as a government service is an evidentiary factor that the Court may evaluate in determining whether Governmental Entity Defendants have met their Title II obligations.

248. For trial and/or appellate purposes in this case, plaintiff intends to challenge various district court precedents finding disabled citizens lack a cause of action against the failure of a government entity to have or implement a transition plan.

249. Removal of barriers and provision of access is further required under section 504 of the Rehabilitation Act of 1973 for all recipients of federal financial assistance used to fund the operations of the City and its other facilities, and under section 11135 Government Code for the receipt of similar state funding.

250. The City has failed, in violation of Title II, to ensure that individuals with physical disabilities, such as Plaintiff, are not excluded from services, programs and activities related to aggress from the hotel as set forth in ¶ 119.b.1.

251. As a result of such discrimination, in violation of section 202 of the ADA, plaintiff Long is entitled to the remedies, procedures and rights set forth in section 505 of the Rehabilitation Act of 1973 (29 U.S.C. §794a), as provided by section 203 of the ADA, including injunctive

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

First Amended Complaint for Equitable Relief and Damages:
Case No. 19-cv-00079-RS                                                          — 102 —

1    relief and damages for violation of their Civil Rights, as previously plead.

2        252. On information and belief, to the date of filing of the original complaint, the City has

3    failed to make any of their facilities complained of and described herein properly accessible to and

4    usable by physically disabled persons, as required by law.

5        253. Plaintiff Long requests appropriate damages according to proof for his complained of

6    experience during his stay at the hotel when using the non-compliant pedestrian routes for

7    aggress, as well as for litigation expenses and costs, and reasonable attorneys' fees as provided by

8    law.

9        254. Long is further informed and believes that the City has failed to rectify this pedestrian

10   path as a matter of deliberate indifference.

11       255. Plaintiff requests that an injunction be ordered City to make these routes accessible to

12   and usable by individuals with disabilities.

13       Wherefore, he prays the court grant relief as requested herein below.

14                                             XI.

15           Section 504 of the Rehabilitation Act of 1973 & Govt. Code § 11135

16       256. Long repleads and incorporates by reference, as if fully set forth again herein, the

17   factual allegations contained in paragraphs 1 through the preceding-numbered paragraph of this

18   complaint and incorporate them herein as if separately repled.

19       257. This cause of action is applicable to City, and relates strictly to the claim at Section III.,

20   J., at ¶ 119.b.1.

21       258. Long is informed and believes and therefore alleges that at all relevant times, City is a

22   recipient of federal financial assistance and state funding.

23       259. By its actions and/or inactions in denying disabled accessible on the subject route

24   serving the public right of way, City has violated Long's rights under section 504 of the

25   Rehabilitation Act of 1973, 29 U.S.C. §794, and the regulations promulgated thereunder, the

26   Uniform Federal Accessibility Standards ("UFAS").

27       260. Long seeks damages related to the dates of his visit and use of these pedestrian routes.

28       261. He seeks injunctive relief ordering City to correct this access deficiency.

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

First Amended Complaint for Equitable Relief and Damages:
Case No. 19-cv-00079-RS
— 103 —

Wherefore, Plaintiff prays that the Court grant relief as requested hereinbelow.

XII.

Violation of Government Code §§ 4450 et seq. & § 11135

262. Long repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 thru the preceding-numbered paragraph of this complaint and incorporate them herein as if separately repled.

263. This cause of action is applicable to City, and relates strictly to the claim at ¶ III.J.119.b.1 beginning on page 26.

264. He is informed and believes and therefore alleges that the facilities identified in this paragraph were built, maintained or leased with public funds, or grants, credits, and other funding measures.

265. He is further informed and believes and therefore alleges that City and their predecessors in interest have since July 1, 1968 constructed, altered, or repaired these facilities within the meaning of California Government Code sections 4450 and 4451, thereby requiring provision of access to persons with disabilities, as required by law.

266. Further, since January 1, 1982, construction or alteration at such facilities also triggered access requirements pursuant to section 4456 Government Code and Title 24 of the California Code of Regulations.

267. Long seeks injunctive relief under section 19953 Health & Safety Code (governing enforcement of actions under sections 4450ff Government Code), and recovery of reasonable attorneys' fees and costs.

268. Pursuant to recent amendments of section 11135, a civil action for injunctive relief is also available to remedy violations.

Wherefore, he prays that this Court grant relief as requested hereinbelow.

## V. __Prayer for Relief__

Long prays that this court award damages and provide relief as follows:

1. Per each of the requests made in in the subparagraphs of Section III., J., ¶ 119, grant

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

1    injunctive relief against defendants and successors-in-interest requiring:

2    (a) The renovation of the subject facilities and modifications of policies, practices and

3    procedures to provide full and equal access to:

4    (i)  The website reservation system (per the claims in the subparagraphs of III.J.119.a

5    beginning on p.25);

6    (ii) The site arrival facilities (per the claims in the subparagraphs of III.J.119.b beginning

7    on p.26);

8    (iii) The guestroom facilities (per claims in the subparagraphs of ¶ III.J.119.c beginning

9    on p.33).

10   (iv) The lobby, pool, guest laundry, circulation route, unisex, conference and other hotel

11   amenities (per claims in the subparagraphs of ¶ III.J.119. at d thru j beginning on

12   p.76).

13   (b) Retain jurisdiction:

14   (i)  Over defendants, their successors, and the subject property;

15   (ii) Over the dispositional settlement, consent decree or judgment.

16   (iii) And until satisfied all violations no longer exist and will not recur.

17   (c)  If the business closes, prohibit its reopening until all conditions are remediated.

18   2.  Per each of the requests made in in the subparagraphs under Section III., J., ¶ 119, issue a

19   declaration that:

20   (a) Defendants' actions and omissions as outlined violate law;

21   (b) Sets forth plaintiff's rights; and

22   (c) Sets forth defendants' obligations (please see ¶ 218 on p. 99).

23   3.  Awarding plaintiff:

24   (a) Statutory and "actual" damages, according to proof.

25   (b) Treble damages where permitted.

26   (c) Punitive damages as to the Fifth, Sixth and Ninth Causes of Action;

27   (d) Prejudgment interest on all compensatory damages.

28   (e) All costs of this proceeding;

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

First Amended Complaint for Equitable Relief and Damages:
Case No. 19-cv-00079-RS

— 105 —

1    (f)  Litigations expenses for the First Cause of Action;

2    (g)  Reasonable statutory attorneys' fees as outlined herein, as well as an enhancement.

3  4.   Grant such other and further relief as this court may deem just and equitable.

4

5  Dated: May 31, 2019                    THIMESCH LAW OFFICE, PLC

6

7                                         Attorneys for Plaintiff ROSS LONG

8

**Thimesch Law Offices**
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

**First Amended Complaint for Equitable Relief and Damages:**
**Case No. 19-cv-00079-RS**

— 106 —

1

PROOF OF SERVICE

2

     I am over the age of 18 years and not a party to the within action.  My address is 4413 Black Walnut Court, Concord, California.

3

4

     On May 31, 2019, at the direction of an attorney who is a member of this court, I served the following document(s) on the following parties as follows:

5

     FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
     (Long v. Good Nite Inn, Rohnert Park, et al.)

6

7

     The California Commission on Disability Access
     400 R Street, Suite 130
     Sacramento, CA  95811-6233

8

     CCDA@DGS <CCDA@ccda.ca.gov>

9

X    (By EMAIL) I utilized the Commission's email as its preferred means of transmission.

10

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this May 31, 2019 at Concord, California.

11

12

13

_____

14

TIMOTHY S. THIMESCH

15

16

17

18

19

20

21

22

23

24

25

26

27

28

First Amended Complaint for Equitable Relief and Damages:
Case No. 19-cv-00079-RS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 1
Highlighted Parcel Map re Driveway

Thimesch Law Offices
4413 BLACK WALNUT CT.
CONCORD, CA 94521-4319
(925) 588-0401

**First Amended Complaint for Equitable Relief and Damages**



CITY OF ROHNERT PARK
PARCEL MAP NO. 124

BEING THE LANDS OF DAVIS, PISENTI
AND ROGERS, RECORDED IN DOCUMENTS
2411 OR 388, 2581 OR 86 AND
DOCUMENTS NOS. 80073333, 88099864,
89002744 THRU 89002744 & 89002749
SONOMA COUNTY RECORDS

CITY OF ROHNERT PARK
COUNTY OF SONOMA, STATE OF CALIFORNIA
4 LOTS   4.97 ACRES   SCALE 1" = 50'
APN.45-056-13&15, 45-081-12,3&6

SHEET 2 OF 2

M. HUDIS + ASSOCIATES / ENGINEERS - ARCHITECTS - PLANNERS

PLAINTIFF'S
EXHIBIT
1